UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEN GAMBOA, et al.,

      Plaintiffs,                           No. 2:18-cv-10106-DPH-EAS

v.                                       HON. DENISE PAGE HOOD

FORD MOTOR COMPANY, et al.,     MAG. ELIZABETH A. STAFFORD

      Defendants.
_____/

**DEFENDANTS' MOTION TO CONSOLIDATE CASES FOR
ALL PURPOSES AND FOR ORDERED FILING OF
<u>CONSOLIDATED AMENDED COMPLAINT</u>**

Pursuant to Federal Rule of Civil Procedure 42(a), and Local Rules 7.1 and 42.1, Defendants Ford Motor Company and Robert Bosch LLC (together, the "Served Defendants"), through their undersigned counsel, move for an order consolidating cases for all purposes and ordering the filing of a consolidated amended complaint. In support, the Served Defendants rely on the attached brief and accompanying exhibits.

On July 9, 2018, pursuant to E.D. Mich. LR 7.1(a), counsel for the Served Defendants had a telephone conference with Plaintiffs' counsel Stellings during which counsel for the Served Defendants explained the nature and legal bases of the motion and requested, but did not obtain, concurrence in the relief sought.

WHEREFORE, the Served Defendants respectfully request that the Court grant their motion.

Respectfully submitted,

BUSH SEYFERTH & PAIGE PLLC
*Attorneys for Ford Motor Company*

By: /s/ Stephanie A. Douglas
Patrick G. Seyferth (P47575)
Stephanie A. Douglas (P70272)
3001 W. Big Beaver Rd., Ste. 600
Troy, MI 48084
(248) 822-7800
seyferth@bsplaw.com
douglas@bsplaw.com

WARNER NORCROSS & JUDD LLP
*Attorneys for Defendant Robert Bosch LLC*

By: /s/ William R. Jansen (with consent)
William R. Jansen (P36688)
Southfield, MI  48075-1318
(248) 784-5000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEN GAMBOA, et al.,

        Plaintiffs,                         No. 2:18-cv-10106-DPH-EAS

v.                                       HON. DENISE PAGE HOOD

FORD MOTOR COMPANY, et al.,     MAG. ELIZABETH A. STAFFORD

        Defendants.
_____/

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO CONSOLIDATE CASES FOR ALL PURPOSES AND FOR ORDERED FILING OF <u>CONSOLIDATED AMENDED COMPLAINT</u>**

## STATEMENT OF ISSUE PRESENTED

1. Should the Court exercise its broad discretion to consolidate Plaintiffs' actions under Federal Rule of Civil Procedure 42(a) where the actions involve common allegations, the risk of inconsistent adjudication of the actions outweighs any risk of prejudice or confusion, and consolidation would advance the interests of judicial economy and efficiency?

      Served Defendants answer "Yes."

      Plaintiffs presumably answer "No."

      This Court should answer "Yes."

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Fed. R. Civ. P. 42(a)

E.D. Mich. LR 42.1

*Advey v. Celotex Corp.*, 962 F.2d 1177 (6th Cir. 1992)

*Tate v. Booker*, No. 2:06-cv-13156, 2007 WL 3038026 (E.D. Mich. Oct. 18, 2007)

*Webb v. Just In Time, Inc.*, 769 F. Supp. 993 (E.D. Mich. 1991)

*Young v. Hamric*, No. 07-cv-12368, 2008 WL 2338606 (E.D. Mich. June 4, 2008)

**PROCEDURAL BACKGROUND**

In support of their motion, Defendants Ford Motor Company and Robert Bosch LLC (together, the "Served Defendants") provide the following procedural background:

1. On January 10, 2018, Plaintiffs Len Gamboa, Jeff Retmier, Nikiah Nudell, David Bates, Pete Petersen, and William Sparks (the "Gamboa Plaintiffs") commenced this action by filing a complaint captioned *Len Gamboa, et al. v. Ford Motor Company, et al.,* Case No. 2:18-cv-10106 (the "Gamboa Action"). The Gamboa Action complaint was a 265-page Class Action Complaint with 770 paragraphs, 42 exhibits, and 57 counts, including counts related to consumer protection laws in 47 states.

2. On April 6, 2018, Plaintiffs James Ruston, Vic Sparano, Andreas Alsdorf, Jeffrey Martin, Bruce Szepelak, Ken Ryan, Christopher Dieterick, Johnny Tolly, and Kohen Marzolf (the "Ruston Plaintiffs") filed a complaint captioned *James Ruston, et al. v. Ford Motor Company, et al.,* Case No. 2:18-cv-11108 (the "Ruston Action"). The Ruston Action complaint was filed by the same lawyers who filed the Gamboa complaint and was a 428-page Class Action Complaint with 1339 paragraphs, 42 exhibits, and 63 counts, including counts related to consumer protection laws in 49 states.

3. On April 20, 2018, Plaintiffs Glenn Goodroad, Jr., Richard Castro, Alan Flanders, Edward Hatten, Michael King, William McKnight, Luther "Ed" Palmer, Don Recker, Ivan Tellex, Brian Urban and Christina Bouyea, Value Additives LLC, and Michael Wilson (the "Goodroad Plaintiffs" and, together with the Gamboa Plaintiffs and Ruston Plaintiffs, "Plaintiffs") filed a complaint captioned *Glenn Goodroad, Jr. et al. v. Ford Motor Company et al.,* Case No. 5:18-cv-02403-BLF, in the United States District Court, Northern District of California, Oakland Division. The Goodroad Action complaint was a 75-page Class Action Complaint with 219 paragraphs.

4. On June 5, 2018, the Served Defendants and Goodroad Plaintiffs reached an agreement to stipulate to a transfer of the Goodroad Action to the Eastern District of Michigan. The Parties' agreement to jointly request a transfer included

> [T]he *Goodroad* Plaintiffs' intention to work with the *Gamboa* and *Ruston* Plaintiffs to file a Consolidated Amended Complaint in the Eastern District of Michigan, once the *Goodroad* case is transferred there. [Plaintiffs] also understand that the Defendants' deadline to respond to the current *Goodroad* Complaint is extended indefinitely from the current June 25, 2018 deadline, to accommodate the transfer of this case to Michigan and the filing of a Consolidated Amended Complaint in that court.

June 5, 2018 E-mail, Ex. 2.

2

5. On June 14, 2018, the Honorable Beth Labson Freeman, who was then assigned to the *Goodroad* case, signed a Stipulation and Order to Transfer the Class Action Complaint Pursuant to 28 U.S.C. § 1404(a), stating in part:

> [T]wo similar and earlier filed putative class actions are currently pending in [the Eastern District of Michigan] against several of the Defendants named here (*i.e.*, Ford, Robert Bosch GMBH, and Robert Bosch LLC); transferring this action will allow consolidation with the two earlier filed cases and allow for a single, joint course of discovery, and potentially a single trial in front of a single judge in all three cases; several key witnesses and a significant amount of documentary evidence resides in the Eastern District of Michigan and, in fact, almost all of the named Plaintiffs in this action reside closer to the Eastern District of Michigan than to the Northern District of California[.]

Stipulation and Order to Transfer, Ex. 3.

6. On June 15, 2018, the *Goodroad* case was transferred from the Northern District of California to the Eastern District of Michigan, as *Glenn Goodroad, Jr., et al. v. Ford Motor Company, et al.,* Case No. 2:18-cv-11900 (the "Goodroad Action").

7. The Goodroad Action was initially assigned to the Honorable Bernard A. Friedman and was then transferred to the Honorable Denise Page Hood on June 25, 2018.

8. The Gamboa Action, the Ruston Action, and the Goodroad Action are all currently pending before the Honorable Denise Page Hood.

3

9. The Gamboa Action, the Ruston Action, and the Goodroad Action collectively assert claims under RICO and various state laws regarding the emissions performance of Model Years 2011-2018 Ford F-250, F-350 and F-450 Super Duty vehicles with a 6.7 liter Power Stroke diesel engine.

10. The Served Defendants were served in the above-captioned actions, or waived service under Fed.R.Civ.P. 4(d).

11. Counsel for Ford sought to facilitate the consolidation and subsequent filing of an amended consolidated complaint (to which the Goodroad Plaintiffs had agreed) in an email dated June 27, 2018, attaching a draft stipulation to consolidate cases and establish a schedule for filing the amended consolidated complaint and subsequent responses. *See* June 27, 2018 Email, Ex. 4.

12. However, on July 2, 2018, Plaintiffs' counsel advised Ford's counsel that Plaintiffs no longer wanted to move forward promptly with consolidation and the filing of an amended consolidated complaint:

> Plaintiffs now have decided their position is that they will not file an amended consolidated complaint at this time, and want to finish the briefing on the Gamboa motion to dismiss and "see what the judge does." You indicated that Plaintiffs would like to use the amended consolidated complaint to make whatever changes need to be made after the court rules on the motion to dismiss the existing Gamboa complaint. You further advised that Plaintiffs would not move for consolidation at this time but would wait until after the court rules on the Gamboa motion to dismiss.

*See* July 6, 2018 Email, Ex. 5. Plaintiffs claim that "from an efficiency standpoint

4

it makes more sense to complete that process now rather than start it all over again." *Id.*

## ARGUMENT

Federal Rule of Civil Procedure 42(a) allows the Court to consolidate actions that involve "a common question of law or fact." Fed. R. Civ. P. 42. Consolidation is a matter within the Court's discretion and allows the Court to "administer [its] business with expedition and economy while providing justice to the parties." *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992); *accord Young v. Hamric*, No. CIV.07-12368, 2008 WL 2338606, at *4 (E.D. Mich. June 4, 2008) ("The court enjoys a broad discretion in determining whether or not consolidation is proper, and the exercise of that discretion is rarely overruled.").[1]

The Served Defendants submit that the Ruston Action and the Goodroad Action should be consolidated with the Gamboa Action under Fed. R. Civ. P. 42 for all purposes because the cases involve common allegations, the risk of inconsistent adjudication of the actions outweighs any risk of prejudice or confusion, and consolidation would advance the interests of judicial economy and efficiency. *See, e.g.*, *Webb v. Just In Time, Inc.*, 769 F. Supp. 993, 994 (E.D. Mich. 1991) (consolidating actions with "issues of fact and law [that] are nearly identical" and the "same evidence will be involved in either supporting or refuting

---

[1] Internal quotation marks, alterations, and citations are omitted throughout.

5

the parties' allegations"); *Young*, 2008 WL 2338606, at *4 (consolidating three cases with the same overriding issue); *Tate v. Booker*, No. 2:06-CV-13156, 2007 WL 3038026, at *1 (E.D. Mich. Oct. 18, 2007) ("[W]hen the scope of consolidation is broad and the issues and parties are virtually identical, more leniency is permitted in treating the cases as one.").

The positive effect of consolidation on judicial economy and efficiency is shown by a review of the current posture of the cases. Currently, in the Gamboa Action, the Served Defendants filed Motions to Dismiss on April 9, 2018; the Gamboa Plaintiffs filed Opposition briefs to each motion on June 15, 2018; and the Served Defendants Reply Briefs are due July 18, 2018. This Court has scheduled a hearing on these motions in the Gamboa Action for August 1, 2018.

If the Gamboa Action, the Ruston Action, and the Goodroad Action are not consolidated prior to the Court's consideration of the Gamboa motions to dismiss, any action by the Court will be binding on only the Gamboa Plaintiffs. The Court's ruling will only be advisory and non-binding as to the Ruston Plaintiffs and the Goodroad Plaintiffs because, prior to consolidation, those two groups of Plaintiffs are not parties to the Gamboa Action. Furthermore, because many arguments presented in the motions to dismiss filed in the Gamboa Action are dependent on specific factual deficiencies in the pleading of its claims, and any consolidated amended complaint will presumably incorporate additional or

different factual allegations, this Court's rulings on the motions to dismiss will not necessarily have bearing on the viability of a subsequent consolidated amended complaint. In short, there is no good reason to continue briefing on and adjudication of the motions to dismiss in the Gamboa Action when it is already contemplated that the complaint will be superseded by a later amended complaint.

In contrast, if the Court grants consolidation prior to any consideration of the motions to dismiss filed in Gamboa, and directs the Plaintiffs to file an amended consolidated complaint, all plaintiffs will be at issue in any motions to dismiss, and the Court can consider all arguments in one motion, instead of handling the Plaintiffs' claims in a piecemeal fashion. The Court's rulings as to any motions filed in response to an amended consolidated complaint will apply to all Plaintiffs and all claims in all three cases.

Plaintiffs say that "from an efficiency standpoint it makes more sense to complete that process now rather than start it all over again." *See* July 6, 2018 Email, Ex. 5. But they miss the point; it makes more sense for the Court to only have to go through the process once. Plaintiffs have already made clear that it is inevitable the process will "start all over again" because they explicitly intend to file an amended consolidated complaint, which will necessarily start the process all over again, resulting in a waste of the Court's time in addressing the Gamboa motions alone.

7

The Served Defendants submit that deferring consolidation until after the Court considers and rules upon the Gamboa Action motions to dismiss imposes extra unnecessary work on the Court, affords the Plaintiffs two chances to overcome the Served Defendants' arguments, and will require the Court to issue multiple piecemeal (in-part advisory) opinions. The most efficient procedure for handling the multiple Plaintiffs and Defendants in these actions is, instead, to consolidate the cases, and to require that all Plaintiffs file a single amended consolidated complaint, which can be briefed and argued once, and which will result in an order that binds all parties.

## CONCLUSION

For the foregoing reasons, the Served Defendants seek an Order setting a schedule for the filing of and response to a Consolidated Amended Complaint. Specifically, the Served Defendants request an Order stating:

a. Pursuant to Federal Rule of Civil Procedure 42(a), the above captioned actions are hereby consolidated for all purposes into one action.

b. The Gamboa Action, the Ruston Action, and the Goodroad Action shall be referred to herein as the "Consolidated Action." The Master Docket and Master File for the Consolidated Action shall be Civil Action No. 2:18-cv-10106-DPH-EAS.

c. The caption for the Consolidated Action shall be:

| | |
|---|---|
| IN RE SUPER DUTY DIESEL LITIGATION | No. 2:18-cv-10106-DPH-EAS |

d. All orders, pleadings, motions, and other documents shall, when filed and docketed in the Master File, be deemed filed and docketed in each individual action to the extent applicable.

e. The Plaintiffs shall file a Consolidated Amended Complaint within sixty (60) days of entry of the order of consolidation;

f. The Defendants named in the Consolidated Amended Complaint shall have sixty (60) days after the Consolidated Amended Complaint has been filed to answer, move to dismiss, or otherwise respond; provided that if Robert Bosch GmbH has not been served under the Hague Convention by the date the Consolidated Amended Complaint is filed, it shall have sixty (60) days from the date of such service to answer, move to dismiss, or otherwise respond.

g. All prior briefing schedules and response dates in the Gamboa Action, the Ruston Action, and the Goodroad Action are vacated and the outstanding motions are denied as moot without prejudice for renewal.

h. Neither the Plaintiffs nor the Served Defendants waive their rights to seek additional adjournments or extensions of the above schedule.

    i. This Order is not and shall not be construed as a waiver of any of the above-named parties' jurisdictional, substantive, or procedural rights and remedies in connection with the above-captioned proceedings, all of which are hereby expressly reserved.

Respectfully submitted,

| | |
|---|---|
| By: /s/Joel A. Dewey (with consent)<br>Joel A. Dewey<br>Jeffrey M. Yeatman<br>DLA PIPER LLP<br>The Marbury Building<br>6225 Smith Avenue<br>Baltimore, Maryland 21209<br>(410) 580-4135<br>joel.dewey@dlapiper.com<br>jeffery.yeatman@dlapiper.com | Dated: July 9, 2018 |

By: /s/Stephanie A. Douglas
Patrick G. Seyferth (P47575)
Stephanie A. Douglas (P70272)
BUSH SEYFERTH & PAIGE PLLC
3001 W. Big Beaver Rd., Ste. 600
Troy, MI 48084
(248) 822-7800
seyferth@bsplaw.com
douglas@bsplaw.com

*Attorneys for Defendant Ford Motor Company*

| | |
|---|---|
| By: /s/William R. Jansen (with consent)<br>William R. Jansen (P36688)<br>WARNER NORCROSS & JUDD LLP<br>2000 Town Center, Suite 2700<br>Southfield, MI 48075-1318<br>(248) 784-5000 | Dated: July 9, 2018 |

Carmine D. Boccuzzi, Jr.
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY  10006
(212) 2285-2000
cboccuzzi@cgsh.com

Matthew D. Slater
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2000 Pennsylvania Ave, NW
Washington, DC 20006
(202) 974-1500 (Phone)
(202) 974-1999 (Facsimile)
mslater@cgsh.com

*Attorneys for Defendant Robert Bosch LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF System, which will send notification to all ECF counsel of record.

By:  /s/Stephanie A. Douglas