UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEN GAMBOA, et al.,

        Plaintiffs,

v.

FORD MOTOR COMPANY,
ROBERT BOSCH GMBH,
ROBERT BOSCH LLC,

        Defendants.
_____/

CASE NO. 18-10106
HON. DENISE PAGE HOOD

## ORDER DENYING PLAINTIFFS' MOTION TO STRIKE [#78] AND DENYING DEFENDANTS' MOTIONS TO DISMISS [#75; #76]

### I. BACKGROUND

On January 10, 2018, Plaintiffs Len Gamboa, Jeff Retmier, Nikiah Nudell, David Bates, Pete Petersen, and William Sparks, individually, and on behalf of all other similarly situated individuals, filed a Complaint (the "Gamboa Action") against Defendants Ford Motor Company ("Ford"), Robert Bosch GmbH ("Bosch GmbH"), and Robert Bosch LLC ("Bosch LLC") (collectively, "Defendants"). (Doc # 1) Plaintiffs allege that Defendants unlawfully manufactured and sold defective vehicles that had defective emissions controls in violation of: the Racketeer

1

Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), (d) (Count 1); and various state consumer protection statutes (Counts 2-57). (*Id.*)

On April 6, 2018, Plaintiffs James Ruston, Vic Sparano, Andreas Alsdorf, Jeffrey Martin, Ken Ryan, Christopher Dieterick, Johnny Tolly, Kohen Marzolf, and Bruce Szepelak, individually, and on behalf of all other similarly situated individuals filed a Complaint (the "Ruston Action")[1] against all Defendants from the Gamboa Action. In the Ruston Action, plaintiffs alleged that in connection with Ford's vehicles, Defendants were in violation of: RICO (Count 1); and various state consumer protection statutes (Counts 2-63).

On April 20, 2018, Plaintiffs Glenn Goodroad, Jr., Richard Castro, Alan Flanders, Edward Hatten, Michael King, William McKnight, Luther "Ed" Palmer, Don Recker, Ivan Tellez, Brian Urban, Christina Bouyea, Value Additives LLC, and Michael Wilson, individually, and on behalf of all other similarly situated individuals filed a Complaint (the "Goodroad Action")[2] against all Defendants from the Gamboa Action as well as James Hackett ("Hackett"), Mark Fields ("Fields"), and Volkmar Denner in the United States District Court, Northern District of California. In the Goodroad Action, plaintiffs alleged that in connection with Ford's

---

[1] *Ruston et al. v. Ford Motor Company et al.*, Case No. 2:18-cv-11108.
[2] *Goodroad, Jr. et al. v. Ford Motor Company et al.*, Case No. 5:18-cv-02403.

vehicles, the defendants were in violation of: RICO (Count 1); and fraud by concealment (Count 2).

On June 14, 2018, the plaintiffs and defendants in the Goodroad Action agreed to stipulate to a transfer of the case to the Eastern District of Michigan. On June 14, 2018, the Honorable Beth Labson Freeman signed a Stipulation and Order to Transfer the Class Action Complaint Pursuant to 28 U.S.C. § 1404(a). On June 15, 2018, the Goodroad case was transferred from the Northern District of California to the Eastern District of Michigan.[3]

On July 31, 2018, Dina Badagliacco ("Badagliacco") individually, and on behalf of all other similarly situated individuals filed a Complaint (the "Badagliacco Action")[4] against all Defendants from the Gamboa Action. In the Badagliacco Action, Badagliacco alleges that in connection with Ford's vehicles, Defendants were in violation of: RICO (Count 1); New Jersey's Consumer Fraud Act (Count 2); and fraud by concealment under New Jersey common law (Count 3).

On March 31, 2019, the Court consolidated the Gamboa Action, the Ruston Action, the Goodroad Action, and the Badagliacco Action. (Doc # 69) The Court gave all plaintiffs (collectively, "Plaintiffs") from the four Actions the opportunity

---

[3] *Goodroad, Jr. et al. v. Ford Motor Company et al.*, Case No. 2:18-cv-11900.
[4] *Badagliacco v. Ford Motor Company et al.*, Case No. 2:18-cv-12379.

3

to file a single consolidated amended complaint ("CAC"), which Plaintiffs filed on May 1, 2019. (Doc # 73) Defendants filed separate Motions to Dismiss the CAC on May 31, 2019. (Doc # 75; Doc # 76) Responses and Replies were filed. (Doc # 80; Doc # 86; Doc # 91; Doc # 93)

On June 17, 2019, Plaintiffs filed a Motion to Strike Defendants' Motions to Dismiss. (Doc # 78) Defendants filed separate Responses to Plaintiffs' Motion to Strike on July 1, 2019. (Doc # 87; Doc # 88) On July 11, 2019, Plaintiffs filed their Reply. (Doc # 90) The Motions to Dismiss and Motion to Strike are currently before the Court and a hearing was held on July 31, 2019.

## II. ANALYSIS

### A. Motion to Strike

Plaintiffs argue that the Court should strike Defendants' Motions to Dismiss because it is Plaintiffs' belief that, in the Court's Order allowing Plaintiffs to file their CAC (Doc # 69), the Court only gave Defendants the ability to *answer* the CAC. Plaintiffs claim that the Court clearly indicated to the parties that the dismissal stage has ended, and that Defendants are not permitted to raise any defenses that were or could have been raised previously. Plaintiffs further contend that Defendants will have the chance to raise any relevant arguments in a summary judgment motion at a later date, but assert that a motion to dismiss is improper at this juncture.

Defendants claim that the Court gave them the opportunity to file an answer, and held that Defendants could file additional motions to dismiss. Defendants express that the Court declared that Defendants could revive and revisit their motions to dismiss in response to a consolidated complaint and that doing so would not unduly prejudice Plaintiffs. Defendants additionally argue that under Fed. R. Civ. P. 12(f), courts are not permitted to strike motions because they are not considered pleadings according to Fed. R. Civ. P. 7(a).

Rule 12(f) permits a federal court to "strike from a pleading…any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A court has liberal discretion to strike such filings as it deems appropriate." *Van Loo v. Cajun Operating Co.*, 64 F. Supp. 3d 1007, 1012 (E.D. Mich. 2014) (citation and internal marks omitted). While decisions regarding motions to strike are up to the discretion of the court, "[m]otions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) ). A court should strike a matter if it "can confidently conclude that the portion of the pleading to which the motion is addressed is redundant or is both irrelevant to the subject matter of the litigation *and prejudicial* to the objecting party." *Jackson v. Broughton*, No. 09–11438, 2010 WL 2993993, at *1 (E.D. Mich. July 28, 2010) (citation omitted) (emphasis in original).

The Court agrees with Defendants. A motion to strike is the incorrect vehicle for overcoming Defendants' Motions. Courts can only strike *pleadings*, which are limited to the materials listed in Fed. R. Civ. P. 7(a). *See* Fed. R. Civ. P. 7(a) (defining "pleadings" as "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim ...; a third-party complaint ... and a third-party answer ..."). Since a motion to dismiss is not considered a *pleading*, Rule 12(f) does not provide a sufficient basis for Plaintiffs to strike Defendants' Motions. Plaintiffs' request is denied.

**B. Motion to Reconsider**

Plaintiffs alternatively contend that based on the overlap between the issues raised in Defendants' Motions to Dismiss and the issues raised in their initial motions to dismiss (Doc # 28; Doc # 29) (in response to the complaint filed in the Gamboa Action), Defendants are actually requesting that the Court *reconsider* Defendants' previous arguments. Plaintiffs claim that such a request is untimely. Defendants respond by contending that they do not raise issues in their Motions to Dismiss that were already addressed and decided by the Court. Defendants further assert that they must be able to re-raise the issues brought in their initial motions to dismiss since, according to the Sixth Circuit, "[a]n amended complaint supersedes an earlier complaint for all purposes" *See In re Refrigerant Compressors Antitrust Litig.,* 731 F.3d 586, 588 (6th Cir. 2013). Defendants claim that as a result of not

being able to reassert some of their previous arguments made in their Motions to Dismiss, they would potentially waive their defenses to the CAC and the procedural prerequisites for their potential appeals.

The Court first finds that Defendants' Motions to Dismiss are motions to reconsider disguised as motions to dismiss. There are few substantive differences[5] between the initial complaint filed in the Gamboa Action and the CAC, with the main one being that the CAC includes an additional state law claim.[6] (Doc # 79) Considering that the two complaints are substantially similar, the majority of the arguments that Defendants made in their Motions to Dismiss were either already brought forward, or could have been made in their previous motions to dismiss. Consequently, the Court will review Defendants' Motions to Dismiss as motions to reconsider.

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon are permitted unless the Court orders otherwise. *Id.* at 7.1(h)(2).

Local Rule 7.1 further states:

---

[5] Defendants do not specifically address these substantive changes in their Motions to Dismiss. (Doc # 78, Pg ID 4458)
[6] The claim was brought forward under the Florida Unfair and Deceptive Trade Practices Act. (*See* Doc # 79, Pg ID 4470). The Court notes that Defendants do not raise any challenges to Plaintiffs' claim that their rights were violated pursuant to this law.

> **(3) Grounds.** Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*Id.* at 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (motions under Fed. R. Civ. P. 59(e) "are aimed at *re* consideration, not initial consideration") (citing *FDIC v. World Universal Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

Regarding the claims that Defendants raised previously, due to the timing of the relevant filings, the Court cannot reconsider those arguments at this stage. The Court's Order that addressed Defendants' initial motions to dismiss was filed on March 31, 2019. Defendants' Motions to Dismiss (that are deemed motions to reconsider) in response to the CAC were filed on May 31, 2019. The two months that it took Defendants to file their Motions exceeds the 14 days that Defendants had to file any motions for reconsideration. Since Defendants' Motions were untimely filed, the Court will not analyze and address the arguments raised in those Motions.

The only potentially viable issues that Defendants could raise now are arguments that relate to claims addressed in the CAC but not raised in the Gamboa Complaint, since these arguments would not be *re*considered. However, Defendants do not challenge the only claim that falls under that category (Count 10—based on the Florida Unfair and Deceptive Trade Practice Act) and the Court will not now give Defendants that chance. *See* Fed.R.Civ.P. 12(g) ("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.").

The Court is not persuaded by Defendants' contention that the Court must allow Defendants to re-raise certain issues because an amended complaint has been filed. While the Court recognizes that amended complaints supersede earlier complaints, since all but one of the claims raised by Plaintiffs in the CAC were alleged initially, the Court likely would not rule any differently on Defendants' objections to Plaintiffs' claims. And, Defendants have not presented any evidence to convince the Court otherwise.[7] In the interest of judicial efficiency, the Court will not address Defendants' Motions to Dismiss. Regarding Count 10 of the CAC, the Court will not permit Defendants to now assert defenses pertaining to the Florida Unfair and Deceptive Trade

---

[7] The Court notes that *In re Refrigerant Compressors Antitrust Litig.*, the case Defendants quote from that indicates that amended complaints supersede previous complaints, is factually distinguishable from the case at hand. There, the court had to address a situation involving plaintiffs filing a consolidated complaint after a multidistrict panel consolidated cases of those plaintiffs who initially filed in separate district courts. The court examined whether if after a district court issued an order that disposed of some, but not all, of the plaintiffs' claims from their consolidated amended complaint, that order would be non-appealable and non-final. The court determined that such an order would be non-appealable and non-final. Here, the issue is whether the Court is required to allow Defendants to raise arguments that were or should have been made in response to Plaintiffs' claims from their initial complaint and then raise those same arguments as to claims brought forward in Plaintiffs' CAC that are essentially identical to the claims pursued by Plaintiffs in their initial complaint. To simplify, the *In re Refrigerant Compressors Antitrust Litig.* court decided the finality and appealability of claims from a non-final order while this case involves analyzing whether the Court is required to rule on objections to claims that were already acknowledged and dismissed.

Practice Act because they failed to do so in their current Motions to Dismiss. *See* Fed.R.Civ.P. 12(g). If Defendants wish to raise additional objections to Plaintiffs' CAC, there are other methods through which they could do so, such as filing a motion for summary judgment. Regarding the appealability of the Court's Order (Doc # 69), Defendants suggest that a ruling from the Court preventing Defendants from re-raising their defenses could cause them to waive their defenses and procedural prerequisites for an appeal. However, Defendants have not provided any legal support for such a position.

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Strike (Doc # 78) is **DENIED**.

IT IS FURTHER ORDERED that Defendants' Motions to Dismiss (Doc # 75; Doc #76) are deemed motions to reconsider, and are **DENIED** for being untimely.

s/Denise Page Hood
United States District Court Judge

DATED: August 27, 2019