UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEN GAMBOA, et al.,

          Plaintiffs,             Case No. 2:18-cv-10106

v.                          HONORABLE DENISE PAGE HOOD

FORD MOTOR COMPANY, et al.,   MAGISTRATE ELIZABETH A. STAFFORD

          Defendants.        **DEMAND FOR JURY TRIAL**
_____/

## FORD MOTOR COMPANY'S ANSWERS AND DEFENSES TO CONSOLIDATED CLASS ACTION COMPLAINT

Defendant Ford Motor Company ("Ford"), pursuant to Rule 8 of the Federal Rules of Civil Procedure, by and through its undersigned counsel, hereby asserts its Answer and Defenses to Plaintiffs' Consolidated Class Action Complaint ("Complaint"), paragraph by corresponding paragraph, as follows:

## I.    ANSWER

1.    Ford denies the allegations set forth in Paragraph 1 of the Complaint. By way of further answer, to the extent these allegations refer to written materials, the contents of those materials speak for themselves and Ford denies Plaintiffs' characterization thereof.

2.    Ford denies the allegations set forth in Paragraph 2 of the Complaint.

3.      Ford lacks sufficient information to either admit or deny the allegations regarding the conduct of other vehicle manufacturers as set forth in Paragraph 3 of the Complaint.  Those allegations are therefore denied.

4.      Ford denies the allegations set forth in Paragraph 4 of the Complaint.

5.      Ford denies the allegations set forth in Paragraph 5 of the Complaint.

6.      The allegations set forth in Paragraph 6 of the Complaint are not directed to Ford, and therefore no response is required. To the extent an answer is deemed required, Ford denies the allegations of Paragraph 6.

7.      The allegations set forth in Paragraph 7 of the Complaint are not directed to Ford, and therefore no response is required. To the extent that an answer is deemed required, Ford denies the allegations of Paragraph 7.

8.      The allegations set forth in Paragraph 8 are not directed to Ford, and therefore no response is required. To the extent an answer is deemed required, Ford states that any laws of the United States and EPA regulations speak for themselves, and denies Plaintiffs' characterization of unidentified "laws," "rules," or "regulations." Ford states that it fulfilled all duties imposed on it by law. Ford denies the remaining allegations of Paragraph 8.

9.      In response to the allegations set forth in Paragraph 9 of the Complaint, Ford admits that Ford F-series trucks are the number one selling pick-up truck in the United States. Ford lacks sufficient information to either admit or deny the

remaining allegations regarding the conduct of other manufacturers as set forth in Paragraph 9 of the Complaint.  Those allegations are therefore denied.

10.    Ford lacks sufficient information to either admit or deny the allegations regarding the conduct of other manufacturers as set forth in Paragraph 10 of the Complaint.  Those allegations are therefore denied.  Ford denies any remaining allegations in Paragraph 10.

11.    Ford lacks sufficient information to either admit or deny the allegations regarding the conduct of other manufacturers as set forth in Paragraph 11 of the Complaint.  Those allegations are therefore denied.  By way of further answer, Ford admits that Plaintiffs purport to cite a document; Ford states that the document speaks for itself and denies Plaintiffs' characterization thereof. Ford denies any remaining allegations in Paragraph 11.

12.    Ford lacks sufficient information to either admit or deny the allegations regarding the conduct of other manufacturers as set forth in Paragraph 12 of the Complaint.  Those allegations are therefore denied.  To the extent the allegations set forth in Paragraph 12 are directed to Ford, Ford specifically denies that it has ever intentionally violated European emissions standards.

13.    In response to the allegations set forth in Paragraph 13 of the Complaint, Ford denies that it has published advertising and marketing materials stating that the subject vehicles are "clean" vehicles. Ford admits that, depending on

vehicle configuration, a Ford Super Duty equipped with a diesel engine may cost more than a Ford Super Duty equipped with a gasoline powered engine. Ford denies the remaining allegations of Paragraph 13.

14.    Ford denies the allegations set forth in Paragraph 14 of the Complaint.

15.    Ford denies the allegations set forth in Paragraph 15 of the Complaint.

16.    Ford denies the allegations set forth in Paragraph 16 of the Complaint.

17.    In response to the allegations set forth in Paragraph 17 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that the Super Duty models stated in Paragraph 17 are affected by any unlawful, unfair, deceptive, and otherwise defective emission controls.

18.    Ford denies the allegations set forth in Paragraph 18 of the Complaint.

19.    Ford denies the allegations set forth in Paragraph 19 of the Complaint.

20.    Ford denies the allegations set forth in Paragraph 20 of the Complaint.

21.    The allegations set forth in Paragraph 21 are not directed to Ford, and therefore no response is required. To the extent that an answer is deemed required, Ford denies the allegations of Paragraph 21. By way of further answer, Ford specifically denies that it participated in a scheme with Bosch to evade emissions requirements with respect to the subject vehicles.

22.    In response to the allegations set forth in Paragraph 22 of the

Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that it engaged in any unlawful conduct related to the design, manufacture, marketing, sale, and lease of the subject vehicles.

23. Paragraph 23 sets forth a legal conclusion to which no response is required.

24. Paragraph 24 sets forth a legal conclusion to which no response is required.

25. Paragraph 25 sets forth a legal conclusion to which no response is required.

26. Paragraph 26 sets forth a legal conclusion to which no response is required. By way of further answer, Ford specifically denies that it promoted, marketed, distributed, and sold the subject vehicles throughout the United States, as that term is defined in Paragraph 17 of the Complaint.

27. Ford lacks sufficient information to form a belief as to the truth of the allegations regarding the named plaintiff in Paragraph 27, and therefore denies those allegations. By way of further answer, Ford denies that any F-series truck is equipped with an emissions system that does not comply with applicable emissions regulations. Ford further denies that it engaged in any unlawful or deceptive conduct in the manufacturing or design of its F-series line of vehicles. Ford further denies

that it improperly manipulated vehicle emissions with respect to the subject vehicles.

28.     Ford lacks sufficient information to form a belief as to the truth of the allegations regarding the named Plaintiff in Paragraph 28, and therefore denies those allegations. By way of further answer, Ford denies that any F-series truck is equipped with an emissions system that does not comply with applicable emissions regulations. Ford further denies that it engaged in any unlawful or deceptive conduct in the manufacturing or design of its F-series line of vehicles. Ford further denies that it improperly manipulated vehicle emissions with respect to the subject vehicles.

29.     Ford lacks sufficient information to form a belief as to the truth of the allegations regarding the named Plaintiff in Paragraph 29, and therefore denies those allegations. By way of further answer, Ford denies that any F-series truck is equipped with an emissions system that does not comply with applicable emissions regulations. Ford further denies that it engaged in any unlawful or deceptive conduct in the manufacturing or design of its F-series line of vehicles. Ford further denies that it improperly manipulated vehicle emissions with respect to the subject vehicles.

30.     Ford lacks sufficient information to form a belief as to the truth of the allegations regarding the named Plaintiff in Paragraph 30, and therefore denies those allegations. By way of further answer, Ford denies that any F-series truck is equipped with an emissions system that does not comply with applicable emissions regulations. Ford further denies that it engaged in any unlawful or deceptive conduct

in the manufacturing or design of its F-series line of vehicles. Ford further denies that it improperly manipulated vehicle emissions with respect to the subject vehicles.

31.  Ford lacks sufficient information to form a belief as to the truth of the allegations regarding the named Plaintiff in Paragraph 31, and therefore denies those allegations. By way of further answer, Ford denies that any F-series truck is equipped with an emissions system that does not comply with applicable emissions regulations. Ford further denies that it engaged in any unlawful or deceptive conduct in the manufacturing or design of its F-series line of vehicles. Ford further denies that it improperly manipulated vehicle emissions with respect to the subject vehicles.

32.  Ford lacks sufficient information to form a belief as to the truth of the allegations regarding the named Plaintiff in Paragraph 32, and therefore denies those allegations. By way of further answer, Ford denies that any F-series truck is equipped with an emissions system that does not comply with applicable emissions regulations. Ford further denies that it engaged in any unlawful or deceptive conduct in the manufacturing or design of its F-series line of vehicles. Ford further denies that it improperly manipulated vehicle emissions with respect to the subject vehicles.

33.  Ford lacks sufficient information to form a belief as to the truth of the allegations regarding the named Plaintiff in Paragraph 33, and therefore denies those allegations. By way of further answer, Ford denies that any F-series truck is equipped with an emissions system that does not comply with applicable emissions

regulations.  Ford further denies that it engaged in any unlawful or deceptive conduct in the manufacturing or design of its F-series line of vehicles. Ford further denies that it improperly manipulated vehicle emissions with respect to the subject vehicles.

34.     Ford lacks sufficient information to form a belief as to the truth of the allegations regarding the named Plaintiff in Paragraph 34, and therefore denies those allegations. By way of further answer, Ford denies that any F-series truck is equipped with an emissions system that does not comply with applicable emissions regulations.  Ford further denies that it engaged in any unlawful or deceptive conduct in the manufacturing or design of its F-series line of vehicles. Ford further denies that it improperly manipulated vehicle emissions with respect to the subject vehicles.

35.     Ford lacks sufficient information to form a belief as to the truth of the allegations regarding the named Plaintiff in Paragraph 35, and therefore denies those allegations. By way of further answer, Ford denies that any F-series truck is equipped with an emissions system that does not comply with applicable emissions regulations.  Ford further denies that it engaged in any unlawful or deceptive conduct in the manufacturing or design of its F-series line of vehicles. Ford further denies that it improperly manipulated vehicle emissions with respect to the subject vehicles.

36.     Ford lacks sufficient information to form a belief as to the truth of the allegations regarding the named Plaintiff in Paragraph 36, and therefore denies those allegations. By way of further answer, Ford denies that any F-series truck is

equipped with an emissions system that does not comply with applicable emissions regulations.  Ford further denies that it engaged in any unlawful or deceptive conduct in the manufacturing or design of its F-series line of vehicles. Ford further denies that it improperly manipulated vehicle emissions with respect to the subject vehicles.

37.    Ford lacks sufficient information to form a belief as to the truth of the allegations regarding the named Plaintiff in Paragraph 37, and therefore denies those allegations. By way of further answer, Ford denies that any F-series truck is equipped with an emissions system that does not comply with applicable emissions regulations.  Ford further denies that it engaged in any unlawful or deceptive conduct in the manufacturing or design of its F-series line of vehicles. Ford further denies that it improperly manipulated vehicle emissions with respect to the subject vehicles.

38.    Ford lacks sufficient information to form a belief as to the truth of the allegations regarding the named Plaintiff in Paragraph 38, and therefore denies those allegations. By way of further answer, Ford denies that any F-series truck is equipped with an emissions system that does not comply with applicable emissions regulations.  Ford further denies that it engaged in any unlawful or deceptive conduct in the manufacturing or design of its F-series line of vehicles. Ford further denies that it improperly manipulated vehicle emissions with respect to the subject vehicles.

39.    Ford lacks sufficient information to form a belief as to the truth of the allegations regarding the named Plaintiff in Paragraph 39, and therefore denies those

allegations. By way of further answer, Ford denies that any F-series truck is equipped with an emissions system that does not comply with applicable emissions regulations. Ford further denies that it engaged in any unlawful or deceptive conduct in the manufacturing or design of its F-series line of vehicles. Ford further denies that it improperly manipulated vehicle emissions with respect to the subject vehicles.

40.     Ford lacks sufficient information to form a belief as to the truth of the allegations regarding the named Plaintiff in Paragraph 40, and therefore denies those allegations. By way of further answer, Ford denies that any F-series truck is equipped with an emissions system that does not comply with applicable emissions regulations. Ford further denies that it engaged in any unlawful or deceptive conduct in the manufacturing or design of its F-series line of vehicles. Ford further denies that it improperly manipulated vehicle emissions with respect to the subject vehicles.

41.     Ford lacks sufficient information to form a belief as to the truth of the allegations regarding the named Plaintiff in Paragraph 41, and therefore denies those allegations. By way of further answer, Ford denies that any F-series truck is equipped with an emissions system that does not comply with applicable emissions regulations. Ford further denies that it engaged in any unlawful or deceptive conduct in the manufacturing or design of its F-series line of vehicles. Ford further denies that it improperly manipulated vehicle emissions with respect to the subject vehicles.

42.     Ford lacks sufficient information to form a belief as to the truth of the

allegations regarding the named Plaintiff in Paragraph 42, and therefore denies those allegations. By way of further answer, Ford denies that any F-series truck is equipped with an emissions system that does not comply with applicable emissions regulations. Ford further denies that it engaged in any unlawful or deceptive conduct in the manufacturing or design of its F-series line of vehicles. Ford further denies that it improperly manipulated vehicle emissions with respect to the subject vehicles.

43.    Ford lacks sufficient information to form a belief as to the truth of the allegations regarding the named Plaintiff in Paragraph 43, and therefore denies those allegations. By way of further answer, Ford denies that any F-series truck is equipped with an emissions system that does not comply with applicable emissions regulations. Ford further denies that it engaged in any unlawful or deceptive conduct in the manufacturing or design of its F-series line of vehicles. Ford further denies that it improperly manipulated vehicle emissions with respect to the subject vehicles.

44.    Ford lacks sufficient information to form a belief as to the truth of the allegations regarding the named Plaintiff in Paragraph 44, and therefore denies those allegations. By way of further answer, Ford denies that any F-series truck is equipped with an emissions system that does not comply with applicable emissions regulations. Ford further denies that it engaged in any unlawful or deceptive conduct in the manufacturing or design of its F-series line of vehicles. Ford further denies that it improperly manipulated vehicle emissions with respect to the subject vehicles.

45.     Ford lacks sufficient information to form a belief as to the truth of the allegations regarding the named Plaintiff in Paragraph 45, and therefore denies those allegations. By way of further answer, Ford denies that any F-series truck is equipped with an emissions system that does not comply with applicable emissions regulations. Ford further denies that it engaged in any unlawful or deceptive conduct in the manufacturing or design of its F-series line of vehicles. Ford further denies that it improperly manipulated vehicle emissions with respect to the subject vehicles.

46.     Ford lacks sufficient information to form a belief as to the truth of the allegations regarding the named Plaintiff in Paragraph 46, and therefore denies those allegations. By way of further answer, Ford denies that any F-series truck is equipped with an emissions system that does not comply with applicable emissions regulations. Ford further denies that it engaged in any unlawful or deceptive conduct in the manufacturing or design of its F-series line of vehicles. Ford further denies that it improperly manipulated vehicle emissions with respect to the subject vehicles.

47.     Ford lacks sufficient information to form a belief as to the truth of the allegations regarding the named Plaintiff in Paragraph 47, and therefore denies those allegations. By way of further answer, Ford denies that any F-series truck is equipped with an emissions system that does not comply with applicable emissions regulations. Ford further denies that it engaged in any unlawful or deceptive conduct in the manufacturing or design of its F-series line of vehicles. Ford further denies

that it improperly manipulated vehicle emissions with respect to the subject vehicles.

48.     Ford lacks sufficient information to form a belief as to the truth of the allegations regarding the named Plaintiff in Paragraph 48, and therefore denies those allegations. By way of further answer, Ford denies that any F-series truck is equipped with an emissions system that does not comply with applicable emissions regulations. Ford further denies that it engaged in any unlawful or deceptive conduct in the manufacturing or design of its F-series line of vehicles. Ford further denies that it improperly manipulated vehicle emissions with respect to the subject vehicles.

49.     Ford lacks sufficient information to form a belief as to the truth of the allegations regarding the named Plaintiff in Paragraph 49, and therefore denies those allegations. By way of further answer, Ford denies that any F-series truck is equipped with an emissions system that does not comply with applicable emissions regulations. Ford further denies that it engaged in any unlawful or deceptive conduct in the manufacturing or design of its F-series line of vehicles. Ford further denies that it improperly manipulated vehicle emissions with respect to the subject vehicles.

50.     Ford lacks sufficient information to form a belief as to the truth of the allegations regarding the named Plaintiff in Paragraph 50, and therefore denies those allegations. By way of further answer, Ford denies that any F-series truck is equipped with an emissions system that does not comply with applicable emissions regulations. Ford further denies that it engaged in any unlawful or deceptive conduct

in the manufacturing or design of its F-series line of vehicles. Ford further denies that it improperly manipulated vehicle emissions with respect to the subject vehicles.

51.     Ford lacks sufficient information to form a belief as to the truth of the allegations regarding the named Plaintiff in Paragraph 51, and therefore denies those allegations. By way of further answer, Ford denies that any F-series truck is equipped with an emissions system that does not comply with applicable emissions regulations. Ford further denies that it engaged in any unlawful or deceptive conduct in the manufacturing or design of its F-series line of vehicles. Ford further denies that it improperly manipulated vehicle emissions with respect to the subject vehicles.

52.     Ford lacks sufficient information to form a belief as to the truth of the allegations regarding the named Plaintiff in Paragraph 52, and therefore denies those allegations. By way of further answer, Ford denies that any F-series truck is equipped with an emissions system that does not comply with applicable emissions regulations. Ford further denies that it engaged in any unlawful or deceptive conduct in the manufacturing or design of its F-series line of vehicles. Ford further denies that it improperly manipulated vehicle emissions with respect to the subject vehicles.

53.     Ford lacks sufficient information to form a belief as to the truth of the allegations regarding the named Plaintiff in Paragraph 53, and therefore denies those allegations. By way of further answer, Ford denies that any F-series truck is equipped with an emissions system that does not comply with applicable emissions

regulations.  Ford further denies that it engaged in any unlawful or deceptive conduct in the manufacturing or design of its F-series line of vehicles. Ford further denies that it improperly manipulated vehicle emissions with respect to the subject vehicles.

54.     In response to the allegations set forth in paragraph 54, Ford lacks sufficient information to form a belief as to the truth of the allegations regarding what Plaintiffs were told. Those allegations are therefore denied.  By way of further answer, Ford denies that its advertising is false. Ford further denies that it improperly manipulated emissions through vehicle software, that it concealed any such manipulation, or that it unlawfully sold the subject vehicles.

55.     The allegations set forth in Paragraph 55 are directed to parties other than Ford, and therefore no response is required. To the extent these allegations are directed to Ford, they are denied.

56.     Admitted.

57.     In response to the allegations set forth in Paragraph 56 of the Complaint, Ford denies that it has manufactured, sold, marketed, advertised, designed, installed, or warranted "polluted" vehicles throughout the United States, as that term is defined in Paragraph 17 of the Complaint. Ford admits that it designs, in part, and manufactures, in part, Ford F-Series vehicles and sells those vehicles to independent Ford dealerships.  Ford admits that it provides a New Vehicle Limited Warranty with its vehicles, and that it creates promotional materials that it provides

to independent Ford dealerships.  Ford denies the remaining allegations of Paragraph 57.

58.    In response to the allegations set forth in Paragraph 58 of the Complaint, Ford admits that it issued an announcement on April 26, 2019.  That announcement speaks for itself, and Ford denies any characterization of it.

59.    Ford lacks sufficient information to either admit or deny the allegations regarding the conduct of other manufacturers as set forth in Paragraph 59 of the Complaint.  Those allegations are therefore denied.   By way of further answer, Ford specifically denies that it participated in a scheme to evade US emissions requirements.

60.    Ford lacks sufficient information to either admit or deny the allegations regarding the conduct of other manufacturers as set forth in Paragraph 60 of the Complaint.  Those allegations are therefore denied.  Ford denies that the identified vehicles in Paragraph 60 are equipped with software that evades applicable emissions standards. Ford denies any remaining allegations of Paragraph 60.

61.    Ford lacks sufficient information to either admit or deny the allegations regarding the allegations set forth in Paragraph 61 of the Complaint because they relate to Bosch, not Ford.  Those allegations are therefore denied.  By way of further answer, Ford specifically denies that it participated in a scheme to evade US emissions requirements.

62.     Ford lacks sufficient information to either admit or deny the allegations regarding the allegations set forth in Paragraph 62 of the Complaint because they relate to Bosch, not Ford.  Those allegations are therefore denied.  To the extent the allegations set forth in Paragraph 62 are directed to Ford, Ford denies that the subject vehicles contain defeat devices as that phrase is defined under federal law.  Ford further denies that it collaborated in emissions schemes with respect to the subject vehicles.

63.     Ford lacks sufficient information to either admit or deny the allegations regarding the allegations set forth in Paragraph 63 of the Complaint because they relate to Bosch, not Ford.  Those allegations are therefore denied.  To the extent the allegations set forth in Paragraph 63 are directed to Ford, Ford denies that the subject vehicles contain defeat devices as that phrase is defined under federal law.

64.     Ford lacks sufficient information to either admit or deny the allegations regarding the allegations set forth in Paragraph 64 of the Complaint because they relate to Bosch, not Ford.  Those allegations are therefore denied.  By way of further answer, Ford denies that it participated in a RICO enterprise or RICO conspiracy.

65.     Ford lacks sufficient information to either admit or deny the allegations regarding the allegations set forth in Paragraph 65 of the Complaint because they relate to Bosch, not Ford.  Those allegations are therefore denied.

66.     Ford lacks sufficient information to either admit or deny the allegations

regarding the allegations set forth in Paragraph 66 of the Complaint because they relate to Bosch, not Ford.  Those allegations are therefore denied.

67.    Ford lacks sufficient information to either admit or deny the allegations regarding the allegations set forth in Paragraph 67 of the Complaint because they relate to Bosch, not Ford.  Those allegations are therefore denied.

68.    Ford lacks sufficient information to either admit or deny the allegations regarding the allegations set forth in Paragraph 68 of the Complaint because they relate to Bosch, not Ford.  Those allegations are therefore denied.

69.    Ford lacks sufficient information to either admit or deny the allegations regarding the allegations set forth in Paragraph 69 of the Complaint because they relate to Bosch, not Ford.  Those allegations are therefore denied.  By way of further answer, Ford specifically denies that the subject vehicles are equipped with a defeat device and that it participated in an unlawful scheme with respect to the subject vehicles.

70.    Ford lacks sufficient information to either admit or deny the allegations regarding the allegations set forth in Paragraph 70 of the Complaint because they relate to Bosch and other manufactures, not Ford.  Those allegations are therefore denied.  To the extent the allegations set forth in Paragraph 70 are directed to Ford, Ford denies that the subject vehicles are equipped with a defeat device and that it participated in an unlawful scheme with respect to the subject vehicles.

71.     The allegations in Paragraph 71 state legal conclusions to which no response is required. By way of further answer, Ford states that any laws of the United States and the EPA speak for themselves, and denies Plaintiffs' characterization thereof. Ford denies the remaining allegations in Paragraph 71.

72.     Paragraph 72 states legal conclusions to which no response is required. By way of further answer, Ford states that the Clean Air Act and any laws of the United States and the EPA speak for themselves, and denies Plaintiffs' characterizations thereof. Ford admits that the subject vehicles must be covered by an EPA-issued certificate of conformity before they can be sold to consumers. Ford denies the remaining allegations in Paragraph 72.

73.     The allegations set forth in Paragraph 73 are not directed to Ford, and therefore no response is required. To the extent that the allegations are directed to Ford, Ford states that the unidentified World Health Organization declarations speak for themselves, and therefore denies Plaintiffs' characterizations thereof.

74.     Ford denies the allegations set forth in Paragraph 74 of the Complaint.

75.     In response to the allegations set forth in Paragraph 75 of the Complaint, Ford admits that gasoline engines use spark plugs to combust fuel and diesel engines use pressure to combust fuel, and that diesel engines often have greater engine torque than gasoline vehicles. Ford otherwise denies the allegations set forth in Paragraph 75 of the Complaint.

76.     In response to the allegations set forth in Paragraph 76 of the Complaint, Ford admits that diesel engines often have a higher compression ratio than other types of engines and that diesel fuel often contains more energy than other types of fuel.  Ford denies the remaining allegations set forth in Paragraph 76 of the Complaint.

77.     In response to the allegations set forth in Paragraph 77, Ford admits that NOx can be a by-product of diesel combustion under certain circumstances.  Ford otherwise denies the remaining allegations.

78.     Ford lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint because they do not sufficiently identify the context or source of the cited statements, and therefore Ford denies the allegations.

79.     In response to the allegations set forth in Paragraph 79 of the Complaint, Ford admits that diesel engines can be "more efficient." Ford further admits that there are a variety of ways to reduce NOx and PM emissions. Ford lacks sufficient information to form a belief as to the truth of remaining allegations in Paragraph 79 because they do not sufficiently identify the context or the source of the cited statements, and therefore Ford denies the allegations.

80.     In response to the allegations set forth in Paragraph 80, Ford states that the laws and regulations of the EPA and CARB speak for themselves, and denies

Plaintiffs' characterization of them. By way of further answer, Ford denies that it introduced "polluted" vehicles in the US stream of commerce, as that term is defined in paragraph 17 of the Complaint. Ford denies the remaining allegations in Paragraph 80.

81.   In response to the allegations set forth in Paragraph 81 of the Complaint, Ford states that any laws of the United States and the EPA speak for themselves, and denies Plaintiffs' characterization thereof. Ford denies the remaining allegations in Paragraph 81.

82.   In response to the allegations set forth in Paragraph 82 of the Complaint, Ford states that any laws of the United States and the EPA speak for themselves, and denies Plaintiffs' characterization thereof. Ford denies the remaining allegations in Paragraph 82.

83.   In response to the allegations set forth in Paragraph 83 of the Complaint, Ford states that any laws of the United States and the EPA speak for themselves, and denies Plaintiffs' characterization thereof. Ford denies the remaining allegations in Paragraph 83.

84.   In response to the allegations set forth in Paragraph 84 of the Complaint, Ford states that any laws of the United States and the EPA speak for themselves, and denies Plaintiffs' characterization thereof. Ford denies the remaining allegations in Paragraph 84.

85.   In response to the allegations set forth in Paragraph 85 of the Complaint, Ford states that any laws of the United States and the EPA speak for themselves, and denies Plaintiffs' characterization thereof. Ford denies the remaining allegations in Paragraph 85.

86.   In response to the allegations set forth in Paragraph 86 of the Complaint, Ford admits that its truck business, like all of its businesses, are important to Ford. Due to the lack of specificity in the remaining allegations of Paragraph 86—at least as to time period and geography—Ford is unable to admit or deny whether it sells an average of 2,453 F-series trucks on a daily basis.

87.   In response to the allegations set forth in Paragraph 87 of the Complaint, Ford admits that its Super Duty vehicles appeal to some customers who want a working truck.  Ford is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 87.  Those allegations are therefore denied.

88.   In response to the allegations set forth in Paragraph 88 of the Complaint, Ford admits that that it introduced a 6.7 liter power stroke diesel for models F-250, F-350, and F-450. Ford further admits that, at all relevant times, these vehicles complied with applicable emissions requirements. Ford denies the remaining allegations in Paragraph 88.

89.   The allegations set forth in the first sentence of Paragraph 89 of the

Complaint are not directed to Ford and, therefore, no response is required. As to the remaining allegations, due to lack of specificity, Ford is unable to admit or deny these allegations. Therefore, these allegations are denied.

90.     In response to the allegations set forth in Paragraph 90 of the Complaint, Ford denies that the subject vehicles are equipped with "typical 'clean diesel' NOx control strategies." Ford admits that the subject vehicles are equipped with EGR, DOC, DPR, and SCR as those terms are defined in Paragraph 90. Ford further admits that the subject vehicles' engines are equipped with a Bosch EDC 17. Ford denies the remaining allegations in Paragraph 90.

91.     The allegations set forth in Paragraph 91 of the Complaint are not directed to Ford and, therefore, no response is required. To the extent that a response is deemed to be required, Ford denies the allegations in Paragraph 91.

92.     Ford denies that the allegations contained in Paragraph 92 of the Complaint present a complete, fair, and accurate description of the engine design and emissions performance of the subject vehicles. Ford therefore denies those allegations as stated.

93.     Ford denies that the allegations contained in Paragraph 93 of the Complaint present a complete, fair, and accurate description of the engine design and emissions performance of the subject vehicles. Ford therefore denies those allegations as stated.

94.     Ford denies that the allegations contained in Paragraph 94 of the Complaint present a complete, fair, and accurate description of the engine design and emissions performance of the subject vehicles. Ford therefore denies those allegations as stated.

95.     Ford denies that the allegations contained in Paragraph 95 of the Complaint present a complete, fair, and accurate description of the engine design and emissions performance of the subject vehicles. Ford therefore denies those allegations as stated.

96.     Ford denies that the allegations contained in Paragraph 96 of the Complaint present a complete, fair, and accurate description of the engine design and emissions performance of the subject vehicles. Ford therefore denies those allegations as stated.

97.     Ford denies that the allegations contained in Paragraph 97 of the Complaint present a complete, fair, and accurate description of the engine design and emissions performance of the subject vehicles. Ford therefore denies those allegations as stated.

98.     Ford denies that the allegations contained in Paragraph 98 of the Complaint present a complete, fair, and accurate description of the engine design and emissions performance of the subject vehicles. Ford therefore denies those allegations as stated.

99.   Ford denies that the allegations contained in Paragraph 99 of the Complaint present a complete, fair, and accurate description of the engine design and emissions performance of the subject vehicles. Ford therefore denies those allegations as stated.

100.   In response to the allegations set forth in Paragraph 100, Ford admits that there are different configuration options for the location of the SCR.  Ford denies that there is a "normal" configuration. Ford denies the remaining allegations of Paragraph 100.

101.   Ford denies that the allegations contained in Paragraph 101 of the Complaint present a complete, fair, and accurate description of the engine design and emissions performance of the subject vehicles. Ford therefore denies those allegations as stated.

102.   In response to the allegations set forth in Paragraph 102, Ford denies that there is a "common configuration" for the location of the DPF.  Ford admits that some of its powertrains utilize an SCR prior to the DPF.  Ford denies that the remaining allegations contained in Paragraph 102 of the Complaint present a complete, fair, and accurate description of the engine design and emissions performance of the subject vehicles. Ford therefore denies those allegations as stated.

103.   In response to the allegations set forth in Paragraph 103 of the

Complaint, Ford admits that the DPF is downstream of the SCR in certain powertrain configurations.  Ford denies that the remaining allegations contained in Paragraph 103 of the Complaint.

104.   Ford denies that the allegations contained in Paragraph 104 of the Complaint present a complete, fair, and accurate description of the engine design and emissions performance of the subject vehicles. Ford therefore denies those allegations as stated.

105.   Ford denies that the allegations contained in Paragraph 105 of the Complaint present a complete, fair, and accurate description of the engine design and emissions performance of the subject vehicles. Ford therefore denies those allegations as stated.

106.   Ford denies that the allegations contained in Paragraph 106 of the Complaint present a complete, fair, and accurate description of the engine design and emissions performance of the subject vehicles. Ford therefore denies those allegations as stated.

107.   Ford denies that the allegations contained in Paragraph 107 of the Complaint present a complete, fair, and accurate description of the engine design and emissions performance of the subject vehicles. Ford therefore denies those allegations as stated.

108.   Ford denies that the allegations contained in Paragraph 108 of the

Complaint present a complete, fair, and accurate description of the engine design and emissions performance of the subject vehicles. Ford therefore denies those allegations as stated.

109.   The allegations set forth in Paragraph 109 are not directed to Ford and, therefore, no response is required. To the extent the allegations are directed to Ford, Ford states that the Clean Air Act and the regulations promulgated thereunder provide a complete and accurate description of the Federal Test Procedure, and Ford denies any characterization of the Federal Test Procedure or the Clean Air Act set forth in the Complaint.

110.   The allegations set forth in Paragraph 110 are not directed to Ford and, therefore, no response is required. To the extent the allegations are directed to Ford, Ford states that the Clean Air Act and the regulations promulgated thereunder provide a complete and accurate description of the Federal Test Procedure.  Ford further states that CARB's emissions standards speak for themselves.  Ford denies any characterization of the Federal Test Procedure, the Clean Air Act, or CARB's standards set forth in the Complaint.

111.   The allegations set forth in Paragraph 111 are not directed to Ford and, therefore, no response is required. To the extent the allegations are directed to Ford, Ford states that the Clean Air Act and the regulations promulgated thereunder provide a complete and accurate description of the Federal Test Procedure, and Ford

denies any characterization of the Federal Test Procedure or the Clean Air Act set forth in the Complaint.

112.   The allegations set forth in Paragraph 112 are not directed to Ford and, therefore, no response is required. To the extent the allegations are directed to Ford, Ford states that the Clean Air Act and the regulations promulgated thereunder provide a complete and accurate description of the Federal Test Procedure, and Ford denies any characterization of the Federal Test Procedure or the Clean Air Act set forth in the Complaint.

113.   Ford denies the allegations set forth in Paragraph 113 of the Complaint. By way of further answer, to the extent the allegations in Paragraph 113 rely on any "press releases, owner's manuals, and brochures," these documents speak for themselves and Ford denies Plaintiffs' characterizations thereof.

114.   In response to the allegations set forth in Paragraph 114 of the Complaint, Ford admits that fuel economy and towing capacity are characteristics that may be material to certain purchasers.  Ford denies the remaining allegations set forth in Paragraph 114 of the Complaint.

115.   Paragraph 115 sets forth no allegations to which a response is required.

116.   In response to the allegations set forth in Paragraph 116 of the Complaint, Ford admits that Plaintiffs purport to display and quote a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and

the conclusions drawn therefrom.

117.   In response to the allegations set forth in Paragraph 117 of the Complaint, Ford admits that Plaintiffs purport to display and quote a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

118.   In response to the allegations set forth in Paragraph 118 of the Complaint, Ford admits that Plaintiffs purport to display and quote a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

119.   Ford denies the allegations set forth in Paragraph 119 of the Complaint.

120.   In response to the allegations set forth in Paragraph 120 of the Amended Complaint, Ford admits that Plaintiffs purport to display and quote a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

121.   In response to the allegations set forth in Paragraph 121 of the Complaint, Ford admits that Plaintiffs purport to display and quote a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

122.   In response to the allegations set forth in Paragraph 122 of the Complaint, Ford admits that Plaintiffs purport to display and quote a document. Ford

states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

123.   Ford denies the allegations set forth in Paragraph 123 of the Complaint.

124.   In response to the allegations set forth in Paragraph 124 of the Complaint, Ford admits that Plaintiffs purport to display and quote a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

125.   Ford denies the allegations set forth in Paragraph 125 of the Complaint.

126.   In response to the allegations set forth in Paragraph 126 of the Complaint, Ford admits that Plaintiffs purport to display and quote a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

127.   In response to the allegations set forth in Paragraph 127 of the Complaint, Ford admits that Plaintiffs purport to display and quote a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

128.   In response to the allegations set forth in Paragraph 128 of the Complaint, Ford admits that Plaintiffs purport to display and quote a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

129.    Ford denies the allegations set forth in Paragraph 129 of the Complaint.

130.    In response to the allegations set forth in Paragraph 130 of the Complaint, Ford admits that Plaintiffs purport to display and quote a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

131.    In response to the allegations set forth in Paragraph 131 of the Complaint, Ford admits that Plaintiffs purport to display and quote a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

132.    In response to the allegations set forth in Paragraph 132 of the Complaint, Ford admits that Plaintiffs purport to display and quote a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

133.    Ford denies the allegations set forth in Paragraph 133 of the Complaint.

134.    In response to the allegations set forth in Paragraph 134 of the Complaint, Ford admits that Plaintiffs purport to display and quote a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

135.    In response to the allegations set forth in Paragraph 135 of the Amended Complaint, Ford admits that Plaintiffs purport to display and quote a document. Ford

states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

136.  Ford denies the allegations set forth in Paragraph 136 of the Complaint.

137.  In response to the allegations set forth in Paragraph 137 of the Complaint, Ford admits that Plaintiffs purport to cite a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.  Ford denies any remaining allegations in Paragraph 137.

138.  In response to the allegations set forth in Paragraph 138 of the Complaint, Ford admits that Plaintiffs purport to display and quote a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.  Ford denies any further allegations set forth in Paragraph 138.

139.  In response to the allegations set forth in Paragraph 139 of the Complaint, Ford admits that Plaintiffs purport to display and quote a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

140.  In response to the allegations set forth in Paragraph 140 of the Complaint, Ford admits that Plaintiffs purport to display and quote a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and

the conclusions drawn therefrom.

141.   Ford denies the allegations set forth in Paragraph 141 of the Complaint.

142.   In response to the allegations set forth in Paragraph 142 of the Complaint, Ford admits that Plaintiffs purport to display and quote a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

143.   In response to the allegations set forth in Paragraph 143 of the Amended Complaint, Ford admits that Plaintiffs purport to display and quote a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

144.   In response to the allegations set forth in Paragraph 144 of the Complaint, Ford denies Plaintiffs' contention that "real-world emissions performance" can accurately be disclosed by a manufacturer. By way of further answer, emissions performance depends on a variety of factors, including, but not limited to, driving habits and the condition under which the vehicle is operated.

145.   In response to the allegations set forth in Paragraph 145 of the Amended Complaint, Ford admits that Plaintiffs purport to display and quote a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization of the advertisement.

146.   In response to the allegations set forth in Paragraph 146 of the

Complaint, Ford admits that Plaintiffs purport to display and quote a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization of the advertisement.

147.   In response to the allegations set forth in Paragraph 147 of the Amended Complaint, Ford admits that the identified 2017 brochure was published after September 16, 2015. As to the remaining allegations, Ford states that the document speaks for itself and denies Plaintiffs' characterization of the advertisement and the emissions system in the subject vehicles.

148.   Ford lacks information sufficient to form a belief as to the truth of allegations in Paragraph 148 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

149.   Ford lacks information sufficient to form a belief as to the truth of allegations in Paragraph 149 of the Complaint regarding unspecified testing. Those allegations are therefore denied.  Ford further denies that testing on any one vehicle can be deemed representative of testing for all 2011-2017 F-250 and F-350 vehicles. Ford denies any further allegations set forth in Paragraph 149.

150.   Ford lacks information sufficient to form a belief as to the truth of allegations in Paragraph 150 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

151.   Ford lacks information sufficient to form a belief as to the truth of

allegations in Paragraph 151 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

152. Ford lacks information sufficient to form a belief as to the truth of allegations in Paragraph 152 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

153. Ford lacks information sufficient to form a belief as to the truth of allegations in Paragraph 153 of the Complaint regarding unspecified testing. Those allegations are therefore denied. By way of further answer, PEMS testing, as described by Plaintiffs, is not a generally accepted method for certifying regulatory compliance for vehicle emissions under federal or state law.

154. Ford lacks information sufficient to form a belief as to the truth of allegations in Paragraph 154 of the Complaint regarding unspecified testing. Those allegations are therefore denied. Ford denies any characterization of regulatory compliance standards or test protocols set forth in Paragraph 154. The applicable regulations speak for themselves. Ford denies any further allegations set forth in Paragraph 154.

155. Ford lacks information sufficient to form a belief as to the truth of allegations in Paragraph 155 of the Complaint regarding unspecified testing. Those allegations are therefore denied. The allegations set forth in Paragraph 155 regarding the use of PEMS testing are not directed to Ford, and therefore, no

response is required.  To the extent a response is deemed to be required, Ford denies the allegations set forth in Paragraph 155.

156.   The allegations set forth in Paragraph 156 are not directed to Ford and, therefore, no response is required. To the extent the allegations are directed to Ford, Ford states that the Clean Air Act and the regulations promulgated thereunder provide a complete and accurate description of the Federal Test Procedure, and Ford denies any characterization of the Federal Test Procedure or the Clean Air Act set forth in the Complaint.

157.   The allegations set forth in Paragraph 157 are not directed to Ford and, therefore, no response is required. To the extent the allegations are directed to Ford, Ford states that the Clean Air Act and the regulations promulgated thereunder provide a complete and accurate description of the Federal Test Procedure, and Ford denies any characterization of the Federal Test Procedure or the Clean Air Act set forth in the Complaint.

158.   Ford lacks information sufficient to form a belief as to the truth of allegations in Paragraph 158 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

159.   Ford lacks information sufficient to form a belief as to the truth of allegations in Paragraph 159 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

160.   Ford lacks information sufficient to form a belief as to the truth of allegations in Paragraph 160 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

161.   Ford lacks information sufficient to form a belief as to the truth of allegations in Paragraph 161 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

162.   Ford lacks information sufficient to form a belief as to the truth of allegations in Paragraph 162 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

163.   The allegations set forth in Paragraph 163 of the Complaint are not directed to Ford and, therefore, no response is required. To the extent the allegations are directed to Ford, Ford states that the Clean Air Act and the regulations promulgated thereunder provide a complete and accurate description of the Federal Test Procedure, and Ford denies any characterization of the Federal Test Procedure or the Clean Air Act set forth in the Complaint.

164.   The allegations set forth in Paragraph 164 of the Complaint are not directed to Ford and, therefore, no response is required. To the extent the allegations are directed to Ford, Ford states that the Clean Air Act and the regulations promulgated thereunder provide a complete and accurate description of the Federal Test Procedure, and Ford denies any characterization of the Federal Test Procedure

or the Clean Air Act set forth in the Complaint.

165.   Ford lacks information sufficient to form a belief as to the truth of allegations in Paragraph 165 of the Complaint regarding unspecified testing. Those allegations are therefore denied.  Ford specifically denies that any PEMS testing can "re-create any chassis dynamometer certification cycle."

166.   Ford lacks information sufficient to form a belief as to the truth of allegations in Paragraph 166 of the Complaint regarding unspecified testing. Those allegations are therefore denied.  The remaining allegations set forth in Paragraph 166 are not directed to Ford and, therefore, no response is required. To the extent the allegations are directed to Ford, Ford states that the Clean Air Act and the regulations promulgated thereunder provide a complete and accurate description of the Federal Test Procedure, and Ford denies any characterization of the Federal Test Procedure or the Clean Air Act set forth in the Complaint.

167.   In response to the allegations set forth in Paragraph 167 of the Complaint regarding dynamometer testing,  Ford states that the allegations do not present an accurate description of dynamometer testing. Those allegations are therefore denied. Ford lacks sufficient information to either admit or deny the remaining allegations regarding the conduct of other vehicle manufacturers as set forth in Paragraph 167 of the Complaint.  Those allegations are therefore denied.

168.   In response to the allegations set forth in Paragraph 168 of the

Complaint regarding dynamometer testing, Ford states that the allegations do not present an accurate description of dynamometer testing. Those allegations are therefore denied. Ford lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 168 regarding unspecified testing.

169.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 169 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

170.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 170 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

171.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 171 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

172.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 172 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

173.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 173 of the Complaint regarding unspecified testing. Those allegations are therefore denied. Ford specifically denies that any software allows a "test vehicle to be driven on the FTP-75 test cycle over the road."

174.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 174 of the Complaint regarding unspecified testing.  Those allegations are therefore denied.

175.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 175 of the Complaint regarding unspecified testing.  Those allegations are therefore denied.

176.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 176 of the Complaint regarding unspecified testing.  Those allegations are therefore denied.

177.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 177 of the Complaint regarding unspecified testing.  Those allegations are therefore denied.

178.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 178 of the Complaint regarding unspecified testing.  Those allegations are therefore denied.

179.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 179 of the Complaint regarding unspecified testing.  Those allegations are therefore denied.

180.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 180 of the Complaint regarding unspecified testing.  Those

allegations are therefore denied.

181.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 181 of the Complaint regarding unspecified testing.  Those allegations are therefore denied.

182.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 182 of the Complaint regarding unspecified testing.  Those allegations are therefore denied.

183.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 183 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

184.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 184 of the Complaint regarding unspecified testing.  Those allegations are therefore denied.

185.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 185 of the Complaint regarding unspecified testing.  Those allegations are therefore denied.

186.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 186 of the Complaint regarding unspecified testing.  Those allegations are therefore denied.

187.   Ford lacks information sufficient to form a belief as to the truth of the

allegations in Paragraph 187 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

188.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 188 of the Complaint regarding unspecified testing.  Those allegations are therefore denied.

189.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 189 of the Complaint regarding unspecified testing.  Those allegations are therefore denied.

190.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 190 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

191.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 191 of the Complaint regarding unspecified testing.  Those allegations are therefore denied.

192.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 192 of the Complaint regarding unspecified testing.  Those allegations are therefore denied.

193.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 193 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

194.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 194 of the Complaint regarding unspecified testing.  Those allegations are therefore denied.

195.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 195 of the Complaint regarding unspecified testing.  Those allegations are therefore denied.

196.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 196 of the Complaint regarding unspecified testing.  Those allegations are therefore denied.

197.   The allegations set forth in Paragraph 197 of the Complaint are not directed to Ford and, therefore, no response is required. To the extent the allegations are directed to Ford, Ford states that the Clean Air Act and the regulations promulgated thereunder provide a complete and accurate description of the Federal Test Procedure, and Ford denies any characterization of the Federal Test Procedure or the Clean Air Act set forth in the Complaint.  Ford denies any remaining allegations in Paragraph 197.

198.   The allegations set forth in Paragraph 198 of the Complaint are not directed to Ford and, therefore, no response is required. To the extent the allegations are directed to Ford, Ford states that the Clean Air Act and the regulations promulgated thereunder provide a complete and accurate description of the Federal

Test Procedure, and Ford denies any characterization of the Federal Test Procedure or the Clean Air Act set forth in the Complaint.

199.   Ford lack sufficient information to form a belief as to the truth of the allegations in Paragraph 199 regarding unspecified testing.  Those allegations are therefore denied.  Ford further states that the Clean Air Act and the regulations promulgated thereunder provide a complete and accurate description of the Federal Test Procedure, and Ford denies any characterization of the Federal Test Procedure or the Clean Air Act set forth in the Complaint.

200.   In response to the allegations set forth in Paragraph 200 of the Complaint, Ford denies that it "tuned" the engines in the subject vehicles to evade emissions standards. Ford lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 200 regarding unspecified testing. Those allegations are therefore denied.

201.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 201 regarding unspecified testing. Those allegations are therefore denied.

202.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 202 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

203.   Ford lacks information sufficient to form a belief as to the truth of the

allegations in Paragraph 203 of the Complaint regarding unspecified testing. Those allegations are therefore denied. By way of further answer, Ford admits that Plaintiffs purport to cite to a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

204.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 204 of the Complaint regarding unspecified testing. Those allegations are therefore denied. By way of further answer, Ford admits that Plaintiffs cite to a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

205.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 205 of the Complaint regarding unspecified testing. Those allegations are therefore denied. By way of further answer, Ford admits that Plaintiffs cite to a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

206.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 206 of the Complaint to the extent they are based upon Plaintiffs' unspecified testing of the subject vehicles. Those allegations are therefore denied. By way of further answer, Ford denies that the subject vehicles violate any applicable emissions standards in the United States.

207.   Paragraph 207 of the Complaint sets forth a legal conclusion to which

no response is required.  To the extent that a response is deemed to be required, Ford admits that the term defeat device is defined exclusively by federal regulation.

208.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 208 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

209.   To the extent the allegations set forth in Paragraph 209 of the Complaint are based upon advertisements by Ford, Ford states that the advertisements speak for themselves and denies Plaintiffs' characterizations thereof. Ford lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 209 regarding unspecified testing. Those allegations are therefore denied.

210.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 210 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

211.   The allegations set forth in Paragraph 211 of the Complaint are not directed to Ford and, therefore, no response is required. To the extent the allegations are directed to Ford, Ford states that the Clean Air Act and the regulations promulgated thereunder provide a complete and accurate description of the Federal Test Procedure, and Ford denies any characterization of the Federal Test Procedure or the Clean Air Act set forth in the Complaint.

212.   Ford denies the allegations set forth in Paragraph 212 of the Complaint.

213.   In response to the allegations set forth in Paragraph 213 of the Complaint, Ford states that Plaintiffs' complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that the vehicles identified in Paragraph 213 are affected by any unlawful, unfair, deceptive, or otherwise defective emissions controls.

214.   Ford denies the allegations set forth in Paragraph 214 of the Complaint.

215.   In response to the allegations set forth in Paragraph 215 of the Complaint, Ford admits that EPA and CARB regulations direct manufacturers to group vehicles into test groups.  Ford admits that EPA and CARB certified the Super Duty engines, consistent with their regulations.   Ford denies the remaining allegations set forth in Paragraph 215.

216.   In response to the allegations set forth in Paragraph 216 of the Complaint, Ford denies Plaintiffs' characterization that all variants of the Super Duty sold in the United States are represented. The remaining allegations are denied.

217.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 217 of the Complaint regarding what Plaintiffs' experts researched and the validity of their conclusions. Ford denies their conclusions with respect to the subject vehicles.

218.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 218 of the Complaint regarding unspecified testing. Those

allegations are therefore denied.

219.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 219 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

220.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 220 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

221.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 221 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

222.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 222 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

223.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 223 of the Complaint regarding unspecified testing. Those allegations are therefore denied. By way of further answer, Ford specifically denies that the subject vehicles contain defeat devices.  Ford also specifically denies that testing of two F-350 vehicles is representative of all 2011-2018 F-350 vehicles.

224.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 224 of the Complaint regarding unspecified testing. Those

allegations are therefore denied.

225.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 225 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

226.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 226 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

227.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 227 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

228.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 228 of the Complaint regarding unspecified testing. Those allegations are therefore denied. By way of further answer, Ford specifically denies that the subject vehicles are equipped with defeat devices.

229.   In response to the allegations set forth in Paragraph 229 of the Complaint, Ford admits that the emissions performance of the subject vehicles was certified under applicable law. In response to the remaining allegations set forth in Paragraph 229, Ford states that the Clean Air Act and the regulations promulgated thereunder provide a complete and accurate description of the Federal Test Procedure, and Ford denies any characterization of the Federal Test Procedure or the

Clean Air Act set forth in the Complaint.

230.   In response to the allegations set forth in Paragraph 230 of the Complaint, Ford admits that the emissions performance of the subject vehicles was certified under applicable law. Ford denies the remaining allegations.

231.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 231 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

232.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 232 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

233.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 233 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

234.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 234 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

235.   In response to the allegations set forth in Paragraph 235 of the Complaint, Ford specifically denies any allegation or inference that the subject vehicles violate emissions standards and are equipped with a defeat device. Ford lacks information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 235 regarding unspecified testing. Those allegations are therefore denied.

236.   In response to the allegations set forth in Paragraph 236 of the Complaint, Ford specifically denies any allegation or inference that the subject vehicles violate emissions standards and are equipped with a defeat device. Ford lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 236 regarding unspecified testing. Those allegations are therefore denied.

237.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 237 of the Complaint regarding unspecified testing. Those allegations are therefore denied.

238.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 238 of the Complaint regarding unspecified testing. Those allegations are therefore denied. By way of further answer, Ford denies that its diesel trucks are unhealthy and unlawful.

239.   Ford lacks information to form a belief as to the truth of the allegations about "all modern engines" and the EDC systems used by other vehicle manufactures as set forth in Paragraph 239 of the Complaint. Those allegations are therefore denied. By way of further answer, Ford admits that Plaintiffs purport to display and quote a document. Ford states that the document speaks for itself and

denies Plaintiffs' characterization and the conclusions drawn therefrom. Ford denies any remaining allegations in Paragraph 239.

240.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 240 of the Complaint with respect to "each vehicle manufacturer." Those allegations are therefore denied, along with the remaining allegations in this paragraph.

241.   In response to the allegations set forth in Paragraph 241 of the Complaint, Ford admits that the Bosch EDU Unit 17 controller is capable of being utilized to control various parameters relevant to engine emissions.  Ford denies any remaining allegations set forth in Paragraph 241.

242.   Ford lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 242 of the Complaint, which involve allegations regarding "all Bosch ECUs" and leave undefined terms such as "typically locked, "near total," "highly proprietary," "close collaboration," and "signature change." Those allegations are therefore denied.  Ford denies any remaining allegations set forth in Paragraph 242 of the Complaint.

243.   Ford denies the allegations set forth in Paragraph 243 of the Complaint.

244.   Ford denies the allegations set forth in Paragraph 244 of the Complaint.

245.   Ford denies the allegations set forth in Paragraph 245 of the Complaint.

246.   Ford denies the allegations set forth in Paragraph 246 of the Complaint.

247.   Ford denies the allegations set forth in Paragraph 247 of the Complaint.

248.   Ford denies the allegations set forth in Paragraph 248 of the Complaint.

249.   Ford denies the allegations set forth in Paragraph 249 of the Complaint.

250.   Ford denies the allegations set forth in Paragraph 250 of the Complaint.

251.   Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 251 of the Complaint. Those allegations are therefore denied.

252.   Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 252 of the Complaint. Those allegations are therefore denied. By way of further answer, Ford admits that Plaintiffs purport to quote a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

253.   Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 253 of the Complaint. Those allegations are therefore denied.  Ford admits that it worked with Bosch personnel to incorporate the Bosch EDC 17 controller into Ford's powertrain and exhaust designs.  Ford denies any remaining allegations set forth in Paragraph 253.

254.   Ford lacks information sufficient to form a belief as to the truth of the

allegations in Paragraph 254, which involve allegations regarding "all Bosch ECUs" an leave undefined terms such as "typically locked, "near total," "highly proprietary," "close collaboration," and "signature change." Those allegations are therefore denied.  Ford denies any remaining allegations set forth in Paragraph 254.

255.   Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 255 of the Complaint. Those allegations are therefore denied. By way of further answer, Ford admits that Plaintiffs purport to cite a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

256.   Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 256 of the Complaint. Those allegations are therefore denied. By way of further answer, Ford admits that Plaintiffs purport to quote a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

257.   Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 257 of the Complaint. Those allegations are therefore denied.

258.   Ford lacks information sufficient to form a belief as to the truth of the

allegations regarding other vehicle manufacturers as set forth in Paragraph 258 of the Complaint. Those allegations are therefore denied. By way of further answer, Ford admits that Plaintiffs purport to cite to documents. Ford states that the documents speak for themselves and denies Plaintiffs' characterization and the conclusions drawn therefrom.

259.    Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 259 of the Complaint. Those allegations are therefore denied. By way of further answer, Ford admits that Plaintiffs purport to quote a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

260.    Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 260 of the Complaint. Those allegations are therefore denied. By way of further answer, Ford admits that Plaintiffs purport to cite a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

261.    Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 261 of the Complaint. Those allegations are therefore denied.

262.   Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 262 of the Complaint. Those allegations are therefore denied.

263.   Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 263 of the Complaint. Those allegations are therefore denied. By way of further answer, Ford admits that Plaintiffs purport to quote a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

264.   Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 264 of the Complaint. Those allegations are therefore denied. By way of further answer, Ford denies the allegations in the second sentence of Paragraph 264 as they relate to Ford.

265.   Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 265 of the Complaint. Those allegations are therefore denied. By way of further answer, Ford denies that the subject vehicles are non-compliant with emissions standards and that Ford attempted to mislead regulators.

266.   Ford lacks information sufficient to form a belief as to the truth of the

allegations regarding other vehicle manufacturers as set forth in Paragraph 266 of the Complaint. Those allegations are therefore denied. By way of further answer, Ford denies that the subject vehicles are non-compliant with emissions standards and that Ford attempted to mislead regulators.

267.    Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 267 of the Complaint. Those allegations are therefore denied. By way of further answer, Ford denies that the subject vehicles are non-compliant with emissions standards. Ford denies any remaining allegations set forth in Paragraph 267.

268.    Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 268 of the Complaint. Those allegations are therefore denied. By way of further answer, Ford admits that Plaintiffs purport to cite a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

269.    Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 269 of the Complaint. Those allegations are therefore denied. By way of further answer, Ford admits that Plaintiffs purport to cite a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn

therefrom.

270.   Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 270 of the Complaint. Those allegations are therefore denied. By way of further answer, Ford denies that the subject vehicles are "polluted," as that term is defined in Paragraph 17 of the Complaint.

271.   Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 271 of the Complaint. Those allegations are therefore denied. By way of further answer, Ford admits that Plaintiffs purport to cite a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

272.   Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 272 of the Complaint. Those allegations are therefore denied. By way of further answer, Ford admits that Plaintiffs purport to cite a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

273.   Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 273 of

the Complaint. Those allegations are therefore denied. By way of further answer, Ford admits that Plaintiffs purport to cite a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

274.   Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 274 of the Complaint. Those allegations are therefore denied. By way of further answer, Ford admits that Plaintiffs purport to cite a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

275.   Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 275 of the Complaint. Those allegations are therefore denied. By way of further answer, Ford admits that Plaintiffs purport to cite a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

276.   Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 276 of the Complaint. Those allegations are therefore denied.

277.   Ford lacks information sufficient to form a belief as to the truth of the

allegations regarding other vehicle manufacturers as set forth in Paragraph 277 of the Complaint. Those allegations are therefore denied. By way of further answer, Ford admits that Plaintiffs purport to cite a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom. Ford denies that the EPA issued a notice of violation against FCA due to a purported problem with Ford vehicles. Ford further denies that the subject vehicles were sold in violation of EPA emission standards.

278.   Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 278 of the Complaint. Those allegations are therefore denied. By way of further answer, Ford admits that Plaintiffs purport to cite a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

279.   Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 279 of the Complaint. Those allegations are therefore denied.

280.   Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 280 of the Complaint. Those allegations are therefore denied.

281.   Ford lacks information sufficient to form a belief as to the truth of the

allegations regarding other vehicle manufacturers as set forth in Paragraph 281 of the Complaint. Those allegations are therefore denied.

282.   In response to the allegations set forth in Paragraph 282 of the Complaint, Ford admits the subject vehicles compete with trucks made by GM and Chevrolet. Ford lacks information sufficient to form a belief as to the truth of the remaining allegations regarding other vehicle manufacturers as set forth in Paragraph 282 of the Complaint. Those allegations are therefore denied.

283.   In response to the allegations set forth in Paragraph 283, Ford lacks sufficient information to admit or deny any allegations relating to other manufacturers.  Those allegations are therefore denied.  Ford denies the remaining allegations set forth in Paragraph 283 of the Complaint, and Ford specifically denies that Ford vehicles are equipped with a defeat device.

284.   Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 284 of the Complaint. Those allegations are therefore denied.

285.   Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 285 of the Complaint. Those allegations are therefore denied. By way of further answer, Ford admits that Plaintiffs purport to cite a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn

therefrom.

286.   Ford admits that the quoted language in Paragraph 286 appears on the EPA's website. Ford states that the website speaks for itself, and denies Plaintiffs' characterization of it. To the extent any remaining allegations are directed to Ford, they are denied.

287.   The allegations set forth in Paragraph 287 are not directed to Ford, and no response from Ford is required.  To the extent that a response is deemed required, Ford lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 287 of the Complaint, including whether such graphics and quoted language depicted in Paragraph 287 appears on the EPA's website, and therefore denies those allegations. Ford states that the website speaks for itself, and denies Plaintiffs' characterization of it. Ford denies any remaining allegations in Paragraph 287.

288.   The allegations set forth in Paragraph 288 are not directed to Ford, and no response from Ford is required.  To the extent that a response is deemed required, Ford lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 288 of the Complaint, which do not refer to a specific study or source. Those allegations are therefore denied.

289.   Ford denies the allegations set forth in Paragraph 289 of the Complaint.

290.   Ford lacks information sufficient to form a belief as to the truth of the

allegations regarding other vehicle manufacturers as set forth in Paragraph 290 of the Complaint. Those allegations are therefore denied.  Ford denies any remaining allegations set forth in Paragraph 290.

291.   Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 291 of the Complaint. Those allegations are therefore denied.  Ford denies any remaining allegations set forth in Paragraph 291.

292.   Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 292 of the Complaint. Those allegations are therefore denied. By way of further answer, Ford admits that Plaintiffs purport to cite a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.  Ford denies any remaining allegations set forth in Paragraph 292.

293.   In response to the allegations set forth in Paragraph 293 of the Complaint, Ford admits that Plaintiffs purport to cite a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom. Ford denies Plaintiffs' allegation that "[t]he lack of any 'effective reduction of NOx emissions' is a complete contradiction of Ford's claim that its vehicles are clean."

294.   Ford lacks information sufficient to form a belief as to the truth of the

allegations regarding other vehicle manufacturers or other organizations as set forth in Paragraph 294 of the Complaint. Those allegations are therefore denied. By way of further answer, Ford admits that Plaintiffs purport to cite a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

295.   Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 295 of the Complaint. Those allegations are therefore denied. By way of further answer, Ford admits that Plaintiffs purport to cite a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

296.   Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers as set forth in Paragraph 296 of the Complaint. Those allegations are therefore denied. By way of further answer, Ford admits that Plaintiffs purport to cite a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

297.   Ford lacks information sufficient to form a belief as to the truth of the allegations regarding other vehicle manufacturers or organizations as set forth in Paragraph 297 of the Complaint. Those allegations are therefore denied. By way of

further answer, Ford admits that Plaintiffs purport to cite a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

298.    Ford lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 298 of the Complaint. Those allegations are therefore denied. By way of further answer, Ford specifically denies that its vehicles violate any emissions standards or contain a "thermal window and hot restart defect [*sic*] devices." Ford admits that Plaintiffs purport to cite a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom.

299.    Ford denies the allegations set forth in Paragraph 299 of the Complaint.

300.    Ford denies the allegations set forth in Paragraph 300 of the Complaint.

301.    Ford denies the allegations set forth in Paragraph 301 of the Complaint.

302.    Paragraph 302 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

303.    Paragraph 303 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

304.    Ford denies the allegations set forth in Paragraph 304 of the Complaint.

305.   Paragraph 305 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

306.   Ford denies the allegations set forth in Paragraph 306 of the Complaint.

307.   Paragraph 307 sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

308.   In response to the allegations set forth in Paragraph 308 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

309.   In response to the allegations set forth in Paragraph 309 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

310.   Paragraph 310 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations, and Ford denies that a class action can be certified appropriately.

311.   Paragraph 311 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies

these allegations.

312.   Paragraph 312 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

313.   Paragraph 313 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations, and denies that the questions presented are common or capable of being resolved on a classwide basis.

314.   Paragraph 314 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

315.   Paragraph 315 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

316.   Paragraph 316 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

317.   Paragraph 317 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to "each preceding and succeeding paragraph

as though fully set forth herein".

318.    In response to the allegations set forth in Paragraph 318 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

319.    Paragraph 319 of the Complaint sets forth a legal conclusion to which no response is required.

320.    Paragraph 320 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

321.    Ford denies the allegations set forth in Paragraph 321 of the Complaint.

322.    Ford denies the allegations set forth in Paragraph 322 of the Complaint.

323.    In response to the allegations set forth in Paragraph 323 of the Complaint, Ford admits that it purchased an ECM, also known as an electronic diesel control unit 17, as modified for use specifically by Ford, from Bosch. Ford denies the remaining allegations set forth in Paragraph 323.

324.    In response to the allegations set forth in Paragraph 324 of the Complaint, Ford denies that Bosch supplied a defeat device for use in the subject vehicles. Ford lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 324 as they relate to Bosch, not Ford, and

therefore Ford denies those allegations.

325.   Ford denies the allegations set forth in Paragraph 325 of the Complaint.

326.   Ford denies the allegations set forth in Paragraph 326 of the Complaint.

327.   Ford denies the allegations set forth in Paragraph 327 of the Complaint.

328.   In response to the allegations set forth in Paragraph 328 of the Complaint, Ford admits that it purchased an ECM, also known as an electronic diesel control unit 17, as modified for use specifically for Ford, from Bosch, and that Bosch provided supporting documentation with that ECM. Ford denies the remaining allegations set forth in Paragraph 328 of the Complaint.

329.   Ford lacks sufficient information to form a belief as to the truth of the allegations in the first sentence of Paragraph 329 of the Complaint, and therefore denies those allegations. By way of further answer, Ford admits that Plaintiffs cite a document in the first sentence of Paragraph 329. Ford states that the document speaks for itself and denies Plaintiffs' characterization thereof. Ford denies the remaining allegations in Paragraph 329.

330.   In response to the allegations set forth in Paragraph 330 of the Complaint, Ford admits that it purchased an ECM, also known as an electronic diesel control unit 17, as modified for use specifically for Ford, from Bosch, and that Bosch provided supporting documentation with that ECM. Ford denies the remaining allegations set forth in Paragraph 330 of the Complaint.

331.   Paragraph 331 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

332.   Paragraph 332 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

333.   Paragraph 333 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations. By way of further answer, all of Ford's products are legitimate and do not contain defeat devices or software allowing manipulation of emissions to evade emissions standards.

334.   Ford denies the allegations set forth in Paragraph 334 of the Complaint.

335.   Ford denies the allegations set forth in Paragraph 335 of the Complaint.

336.   Ford denies the allegations set forth in Paragraph 336 of the Complaint.

337.   Ford denies the allegations set forth in Paragraph 337 of the Complaint.

338.   Ford denies the allegations set forth in Paragraph 338 of the Complaint, and all of its subparts directed to Ford.

339.   Ford denies the allegations set forth in Paragraph 339 of the Complaint.

340.   Ford denies the allegations set forth in Paragraph 340 of the Complaint.

341.   Ford denies the allegations set forth in Paragraph 341 of the Complaint.

342.   Ford denies the allegations set forth in Paragraph 342 of the Complaint.

343.   Ford denies the allegations set forth in Paragraph 343 of the Complaint.

344.   In response to the allegations set forth in Paragraph 344 of the Amended Complaint, Ford admits that Plaintiffs purport to quote a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom. Ford denies the remaining allegations set forth in paragraph 344.

345.   Ford denies the allegations set forth in Paragraph 345 of the Complaint.

346.   Ford denies the allegations set forth in Paragraph 346 of the Complaint.

347.   Ford denies the allegations set forth in Paragraph 347 of the Complaint, and all of its subparts directed to Ford.

348.   Ford denies the allegations set forth in Paragraph 348 of the Complaint.

349.   Ford denies the allegations set forth in Paragraph 349 of the Complaint.

350.   Ford denies the allegations set forth in Paragraph 350 of the Complaint.

351.   Ford denies the allegations set forth in Paragraph 351 of the Complaint.

352.   Ford denies the allegations set forth in Paragraph 352 of the Complaint.

353.   Ford denies the allegations set forth in Paragraph 353 of the Complaint.

354.   Ford denies the allegations set forth in Paragraph 354 of the Complaint.

355.   Ford denies the allegations set forth in Paragraph 355 of the Complaint.

356.   Ford denies the allegations set forth in Paragraph 356 of the Complaint.

357.   Ford denies the allegations set forth in Paragraph 357 of the Complaint.

358.   Ford denies the allegations set forth in Paragraph 358 of the Complaint.

359.   Ford denies the allegations set forth in Paragraph 359 of the Complaint.

360.   Ford denies the allegations set forth in Paragraph 360 of the Complaint.

361.   Ford denies the allegations set forth in Paragraph 361 of the Complaint.

362.   Ford denies the allegations set forth in Paragraph 362 of the Complaint.

363.   Ford denies the allegations set forth in Paragraph 363 of the Complaint.

364.   Ford denies the allegations set forth in Paragraph 364 of the Complaint.

365.   Ford denies the allegations set forth in Paragraph 365 of the Complaint, and all of its subparts directed to Ford.

366.   Ford denies the allegations set forth in Paragraph 366 of the Complaint.

367.   Paragraph 367 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

368.   Ford lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 368 of the Complaint regarding Plaintiffs' intentions, and therefore denies the allegations. Ford denies that Plaintiffs can maintain a class action.

369.   Paragraph 369 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies

these allegations.

370. Paragraph 370 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

371. Paragraph 371 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

372. Paragraph 372 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

373. Ford lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 373 of the Complaint regarding Plaintiffs' intentions, and therefore denies the allegations. The remaining allegations set forth in Paragraph 373 set forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

374. Ford lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 374 of the Complaint regarding Plaintiffs' intentions, and therefore denies the allegations. The remaining allegations set forth in Paragraph 374 set forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

Ford further denies that it engaged in any unlawful conduct within the requisite period.

375. Ford lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 375 of the Complaint regarding Plaintiffs' intentions, and therefore denies the allegations. The remaining allegations set forth in Paragraph 375 set forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief. Ford further denies that it engaged in any unlawful conduct within the requisite period.

376. Paragraph 376 of the Complaint is an incorporation paragraph to which no response is required. To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

377. Ford lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 377 of the Complaint regarding Plaintiffs' intentions, and therefore denies the allegations. Ford denies that Plaintiffs can maintain a class action.

378. Paragraph 378 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

379. Ford lacks sufficient information to form a belief as to the truth of the

allegations in Paragraph 379 of the Complaint regarding Plaintiffs' intentions, and therefore denies the allegations. The remaining allegations set forth in Paragraph 379 set forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

380.    Ford lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 380 of the Complaint regarding Plaintiffs' intentions, and therefore denies the allegations. The remaining allegations set forth in Paragraph 380 set forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

381.    Paragraph 381 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

382.    Paragraph 382 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

383.    In response to the allegations set forth in Paragraph 383 of the Complaint, Ford states that Plaintiffs' complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

384.    Paragraph 384 of the Complaint sets forth a legal conclusion to which

no response is required. By way of further response, Ford states that the Arizona CFA speaks for itself, and denies Plaintiffs' characterization thereof.

385.   Paragraph 385 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

386.   Paragraph 386 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

387.   Ford denies the allegations set forth in Paragraph 387 of the Complaint.

388.   Paragraph 388 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief. Ford specifically denies that it engaged in "aggravated and outrageous conduct with an evil mind."

389.   In response to the allegations set forth in Paragraph 389 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that Plaintiffs are entitled to such relief.

390.   Paragraph 390 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

391.   In response to the allegations set forth in Paragraph 391 of the Complaint, Ford states that Plaintiffs' complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

392.   Paragraph 392 of the Complaint sets forth a legal conclusion to which no response is required. By way of further response, Ford states that the Arkansas DTPA speaks for itself, and denies Plaintiffs' characterization thereof. Ford specifically denies that the subject vehicles unlawfully turn off or down emissions systems, manipulate emissions standards, or that the subject vehicles' emissions and fuel economy were far worse than a reasonable consumer would expect.  Ford denies any remaining allegations set forth in Paragraph 392.

393.   Paragraph 393 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

394.   Paragraph 394 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

395.   In response to the allegations set forth in Paragraph 395 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof.  Ford specifically denies that it has acted

wantonly, with conscious indifference to consequences, or that malice may be inferred.

396.   In response to the allegations set forth in Paragraph 396 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that Plaintiffs are entitled to such relief.

397.   Paragraph 397 is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

398.   In response to the allegations set forth in Paragraph 398 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

399.   Paragraph 399 of the Complaint sets forth a legal conclusion to which no response is required. By way of further response, Ford states that the UCL speaks for itself, and denies Plaintiffs' characterization thereof.

400.   Ford denies the allegations set forth in Paragraph 400 of the Complaint and all of its subparts.

401.   Ford denies the allegations set forth in Paragraph 401 of the Complaint.

402.   Ford denies the allegations set forth in Paragraph 402 of the Complaint.

403. Ford denies the allegations set forth in Paragraph 403 of the Complaint.

404. Ford denies the allegations set forth in Paragraph 404 of the Complaint.

405. The allegations in Paragraph 405 of the Complaint state legal conclusions to which no response is required. To the extent that a response is deemed required, Ford denies the allegations set forth in Paragraph 405. Ford further states that the California UCL speaks for itself, and denies Plaintiffs' characterizations thereof.

406. Ford denies the allegations set forth in Paragraph 406 of the Complaint, and all of its subparts.

407. Ford denies the allegations set forth in Paragraph 407 of the Complaint. Ford specifically denies that the subject vehicles unlawfully turn off or down emissions systems, manipulate emissions standards, and that the subject vehicles' emissions exceeded those expected by a reasonable consumer.

408. Ford denies the allegations set forth in Paragraph 408 of the Complaint.

409. Ford denies the allegations set forth in Paragraph 409 of the Complaint.

410. Ford denies the allegations set forth in Paragraph 410 of the Complaint.

411. Ford denies the allegations set forth in Paragraph 411 of the Complaint.

412. Ford denies the allegations set forth in Paragraph 412 of the Complaint.

413. In response to the allegations set forth in Paragraph 413 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies

Plaintiffs' characterization thereof. By way of further answer, Ford denies that Plaintiffs are entitled to such relief.

414.    Paragraph 414 of the Complaint is an incorporation paragraph to which no response is required. To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

415.    In response to the allegations set forth in Paragraph 415 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

416.    Paragraph 416 of the Complaint sets forth a legal conclusion to which no response is required. By way of further response, Ford states that the Cal. Bus. & Prof. Code speaks for itself, and denies Plaintiffs' characterization thereof. Ford specifically denies that the subject vehicles unlawfully turn off or down emissions systems, manipulate emissions standards, are non-compliant with applicable emissions standards, and that the subject vehicles' emissions and fuel economy were far worse than a reasonable consumer would expect.

417.    Ford denies the allegations set forth in Paragraph 417 of the Complaint.

418.    Ford denies the allegations set forth in Paragraph 418 of the Complaint.

419.    Ford denies the allegations set forth in Paragraph 419 of the Complaint.

420.    Ford denies the allegations set forth in Paragraph 420 of the Complaint.

421.   Ford denies the allegations set forth in Paragraph 421 of the Complaint.

422.   In response to the allegations set forth in Paragraph 422 of the Complaint, Ford admits that it is in receipt of a letter from certain Plaintiffs, transmitted on January 5, 2018, which references the statute cited in Paragraph 422. Ford states that the letter speaks for itself, and denies Plaintiffs' characterization thereof. Ford denies the remaining allegations.

423.   Ford denies the allegations set forth in Paragraph 423 of the Complaint.

424.   Ford denies the allegations set forth in Paragraph 424 of the Complaint.

425.   In response to the allegations set forth in Paragraph 425 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that Plaintiffs are entitled to such relief.

426.   Paragraph 426 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

427.   In response to the allegations set forth in Paragraph 427 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

428.   Ford denies the allegations set forth in Paragraph 428 of the Complaint.

81

429.   Ford denies the allegations set forth in Paragraph 429 of the Complaint.

430.   Ford denies the allegations set forth in Paragraph 430 of the Complaint. Ford specifically denies that Plaintiffs are entitled to such relief.

431.   Paragraph 431 is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

432.   In response to the allegations set forth in Paragraph 432 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

433.   Ford denies the allegations set forth in Paragraph 433 of the Complaint.

434.   Ford denies the allegations set forth in Paragraph 434 of the Complaint.

435.   Ford denies the allegations set forth in Paragraph 435 of the Complaint.

436.   Ford denies the allegations set forth in Paragraph 436 of the Complaint.

437.   Ford denies the allegations set forth in Paragraph 437 of the Complaint.

438.   In response to the allegations set forth in Paragraph 438, Ford admits that its vehicles have at all times been compliant with EPA regulations.  Ford denies the remaining allegations set forth in Paragraph 438 of the Complaint.

439.   Ford denies the allegations set forth in Paragraph 439 of the Complaint. Ford specifically denies that the subject vehicles are equipped with defective

emission controls or a defeat device.

440.    Ford denies the allegations set forth in Paragraph 440 of the Complaint.

441.    Ford denies the allegations set forth in Paragraph 441 of the Complaint.

442.    Ford denies the allegations set forth in Paragraph 442 of the Complaint.

443.    Ford denies the allegations set forth in Paragraph 443 of the Complaint. Ford specifically denies that the subject vehicles are equipped with defective emission controls.

444.    Ford denies the allegations set forth in Paragraph 444 of the Complaint. Ford specifically denies that the subject vehicles do not comply with applicable emissions standards.

445.    Ford denies the allegations set forth in Paragraph 445 of the Complaint.

446.    Ford denies the allegations set forth in Paragraph 446 of the Complaint.

447.    Ford denies the allegations set forth in Paragraph 447 of the Complaint. Ford specifically denies that the subject vehicles are defective.

448.    Ford denies the allegations set forth in Paragraph 448 of the Complaint. Ford specifically denies that the subject vehicles are equipped with defective emission controls.

449.    Ford denies the allegations set forth in Paragraph 449 of the Complaint. Ford specifically denies that Plaintiffs are entitled to such relief.

450.    Ford denies the allegations set forth in Paragraph 450 of the Complaint.

Ford specifically denies that Plaintiffs are entitled to such relief.

451.   Paragraph 451 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

452.   In response to the allegations set forth in Paragraph 452 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

453.   Paragraph 453 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

454.   Paragraph 454 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

455.   Paragraph 455 of the Complaint sets forth a legal conclusion to which no response is required. By way of further response, Ford states that the FDUTPA speaks for itself, and denies Plaintiffs' characterization thereof. Ford specifically denies that the subject vehicles turn off or down emissions systems, manipulate emissions standards, are non-compliant with applicable emissions standards, and that the subject vehicles' emissions were far worse than a reasonable consumer

would expect.

456.   Paragraph 456 of the Complaint sets forth a legal conclusion to which no response is required. By way of further response, Ford specifically denies that the subject vehicles turn off or down emissions systems, manipulate emissions standards, are non-compliant with applicable emissions standards, and that the subject vehicles' emissions were far worse than a reasonable consumer would expect.

457.   Ford denies the allegations set forth in Paragraph 457 of the Complaint. By way of further response, Ford specifically denies that the subject vehicles unlawfully turn off or down emissions systems, manipulate emissions standards, are non-compliant with applicable emissions standards, and that the subject vehicles' emissions were far worse than a reasonable consumer would expect.

458.   Ford denies the allegations set forth in Paragraph 458 of the Complaint.

459.   Ford denies the allegations set forth in Paragraph 459 of the Complaint.

460.   Ford denies the allegations set forth in Paragraph 460 of the Complaint.

461.   Ford denies the allegations set forth in Paragraph 461 of the Complaint.

462.   Paragraph 462 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Ford denies these allegations.

463.   Ford denies the allegations set forth in Paragraph 463 of the Complaint,

and all of its subparts. By way of further response, Ford specifically denies that the subject vehicles unlawfully turn off or down emissions systems, manipulate emissions standards, are non-compliant with applicable emissions standards, and that the subject vehicles' emissions were far worse than a reasonable consumer would expect.

464.   Ford denies the allegations set forth in Paragraph 464 of the Complaint. By way of further response, Ford specifically denies that the subject vehicles are equipped with a defeat device, unlawfully turn off or down emissions systems, manipulate emissions standards, and are non-compliant with applicable emissions standards.

465.   Ford denies the allegations set forth in Paragraph 465 of the Complaint.

466.   Ford denies the allegations set forth in Paragraph 466 of the Complaint.

467.   Ford denies the allegations set forth in Paragraph 467 of the Complaint.

468.   Ford denies the allegations set forth in Paragraph 468 of the Complaint. Ford specifically denies that Plaintiffs are entitled to such relief.

469.   Paragraph 469 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

470.   Ford lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 470 of the Complaint regarding Plaintiffs' intentions, and

therefore denies the allegations. Ford denies that Plaintiffs can maintain a class action.

471.   Paragraph 471 of the Complaint sets forth a legal conclusion to which no response is required. By way of further response, Ford states that the Georgia FBPA speaks for itself, and denies Plaintiffs' characterization thereof.

472.   Paragraph 472 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

473.   Paragraph 473 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

474.   Ford lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 474 of the Complaint regarding Plaintiffs' intentions, and therefore denies the allegations. The remaining allegations set forth in Paragraph 474 set forth a legal conclusion to which no response is required.

475.   Ford lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 475 of the Complaint regarding Plaintiffs' intentions, and therefore denies the allegations. The remaining allegations set forth in Paragraph 475 set forth a legal conclusion to which no response is required.

476.   In response to the allegations set forth in Paragraph 476 of the

Complaint, Ford admits that it received a letter dated January 5, 2018 from certain Plaintiffs. Ford denies the remaining allegations of Paragraph 476 of the Complaint as it sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

477. Paragraph 477 of the Complaint is an incorporation paragraph to which no response is required. To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

478. In response to the allegations set forth in Paragraph 478 of the Complaint, Ford states that Plaintiffs' complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

479. Paragraph 479 of the Complaint sets forth a legal conclusion to which no response is required. By way of further response, Ford states that the Georgia UDTPA speaks for itself, and denies Plaintiffs' characterization thereof.

480. Paragraph 480 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

481. Paragraph 481 of the Complaint contains no allegations to respond to. To the extent a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

482.    Paragraph 482 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

483.    In response to the allegations set forth in Paragraph 483 of the Complaint, Ford states that Plaintiffs' complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

484.    Paragraph 484 of the Complaint contains no allegations to respond to. To the extent a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

485.    Paragraph 485 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

486.    Paragraph 486 of the Complaint sets forth a legal conclusion to which no response is required. By way of further response, Ford states that the Illinois CFA speaks for itself, and denies Plaintiffs' characterization thereof.

487.    Ford denies the allegations set forth in Paragraph 487 of the Complaint. By way of further response, Ford specifically denies that the subject vehicles unlawfully turn off or down emissions systems, manipulate emissions standards, and do not comply with applicable emissions standards.

488.   Ford denies the allegations set forth in Paragraph 488 of the Complaint. By way of further answer, Ford specifically denies that the subject vehicles turn off or down emissions systems, manipulate emissions standards, are defective, and do not comply with applicable emissions standards.

489.   Ford denies the allegations set forth in Paragraph 489 of the Complaint.

490.   Ford denies the allegations set forth in Paragraph 490 of the Complaint.

491.   Ford denies the allegations set forth in Paragraph 491 of the Complaint.

492.   Ford denies the allegations set forth in Paragraph 492 of the Complaint.

493.   Paragraph 493 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

494.   Ford denies the allegations set forth in Paragraph 494 of the Complaint, including all of its subparts. By way of further answer, Ford specifically denies that the subject vehicles manipulate emissions standards.

495.   Ford denies the allegations set forth in Paragraph 495 of the Complaint. By way of further answer, Ford specifically denies that the subject vehicles unlawfully turn off or down emissions systems, are equipped with a defeat device, manipulate emissions standards, are defective, and do not comply with applicable emissions standards.

496.   Ford denies the allegations set forth in Paragraph 496 of the Complaint.

497.    Ford denies the allegations set forth in Paragraph 497 of the Complaint.

498.    Ford denies the allegations set forth in Paragraph 498 of the Complaint.

499.    Paragraph 499 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

500.    Paragraph 500 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

501.    Paragraph 501 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

502.    In response to the allegations set forth in Paragraph 502 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

503.    Ford denies the allegations set forth in Paragraph 503 of the Complaint. Ford specifically denies that the subject vehicles are defective.

504.    Ford denies the allegations set forth in Paragraph 504 of the Complaint.

505.    Ford denies the allegations set forth in Paragraph 505 of the Complaint. Ford specifically denies that Plaintiffs are entitled to such relief.

506.   Paragraph 506 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

507.   In response to the allegations set forth in Paragraph 507 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

508.   Ford denies the allegations set forth in Paragraph 508 of the Complaint. Ford specifically denies that the subject vehicles are defective, unlawfully turn off or down emissions systems, manipulate emissions standards, and do not comply with applicable emissions standards.

509.   Ford denies the allegations set forth in Paragraph 509 of the Complaint.

510.   Ford denies the allegations set forth in Paragraph 510 of the Complaint.

511.   Ford denies the allegations set forth in Paragraph 511 of the Complaint.

512.   Ford denies the allegations set forth in Paragraph 512 of the Complaint. Ford specifically denies that the subject vehicles are defective, unlawfully turn off or down emissions systems, manipulate emissions standards, are equipped with a defeat device, and do not comply with applicable emissions standards.

513.   Ford denies the allegations set forth in Paragraph 513 of the Complaint.

514.   Ford denies the allegations set forth in Paragraph 514 of the Complaint.

Ford specifically denies that the subject vehicles are equipped with a defeat device, manipulate emissions standards, are defective, and do not comply with applicable emissions standards.

515. Ford denies the allegations set forth in Paragraph 515 of the Complaint.

516. Ford denies the allegations set forth in Paragraph 516 of the Complaint.

517. Ford denies the allegations set forth in Paragraph 517 of the Complaint.

518. Ford denies the allegations set forth in Paragraph 518 of the Complaint. Ford specifically denies that the subject vehicles are defective, manipulate emissions standards, are defective, and do not comply with applicable emissions standards.

519. Ford denies the allegations set forth in Paragraph 519 of the Complaint.

520. Ford denies the allegations set forth in Paragraph 520 of the Complaint.

521. Ford denies the allegations set forth in Paragraph 521 of the Complaint.

522. Ford denies the allegations set forth in Paragraph 522 of the Complaint.

523. Ford denies the allegations set forth in Paragraph 523 of the Complaint.

524. Ford denies the allegations set forth in Paragraph 524 of the Complaint. Ford specifically denies that Plaintiffs are entitled to such relief.

525. Ford denies the allegations set forth in Paragraph 525 of the Complaint. Ford specifically denies that Plaintiffs are entitled to such relief.

526. Paragraph 526 of the Complaint is an incorporation paragraph to which no response is required. To the extent that a response is deemed required, Ford

incorporates by reference its responses to the preceding paragraphs of the Complaint.

527.   In response to the allegations set forth in Paragraph 527 of the Complaint, Ford admits that it received a letter dated January 5, 2018 from certain Plaintiffs.  The remaining allegation set forth in Paragraph 527 sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies this allegation.

528.   Paragraph 528 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

529.   In response to the allegations set forth in Paragraph 529 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

530.   Paragraph 530 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the New Jersey CFA speaks for itself, and denies Plaintiffs' characterization thereof. Ford specifically denies that the subject vehicles unlawfully turn off or down emissions systems, manipulate emissions standards, do not comply with applicable emissions standards, and that the subject vehicles' emissions were far worse than a reasonable consumer would expect.

531.   Paragraph 531 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

532.   Paragraph 532 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

533.   Paragraph 533 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

534.   Paragraph 534 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

535.   In response to the allegations set forth in Paragraph 535 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

536.   Ford denies the allegations set forth in Paragraph 536 of the Complaint.

537.   Ford denies the allegations set forth in Paragraph 537 of the Complaint.

538.   Ford denies the allegations set forth in Paragraph 538 of the Complaint.

539.   Ford denies the allegations set forth in Paragraph 539 of the Complaint.

540.   Ford denies the allegations set forth in Paragraph 540 of the Complaint.

541.   Ford denies the allegations set forth in Paragraph 541 of the Complaint.

542.   Ford denies the allegations set forth in Paragraph 542 of the Complaint.

543.   Ford denies the allegations set forth in Paragraph 543 of the Complaint.

544.   Ford denies the allegations set forth in Paragraph 544 of the Complaint.

545.   Ford denies the allegations set forth in Paragraph 545 of the Complaint.

546.   Ford denies the allegations set forth in Paragraph 546 of the Complaint. Ford specifically denies that Plaintiffs are entitled to such relief.

547.   Ford denies the allegations set forth in Paragraph 547 of the Complaint. Ford specifically denies that Plaintiffs are entitled to such relief.

548.   Paragraph 548 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

549.   In response to the allegations set forth in Paragraph 549 of the Complaint, Ford states that Plaintiffs' complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

550.   Paragraph 550 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the New York GBL speaks for itself, and denies Plaintiffs' characterization thereof.

551.   Paragraph 551 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

552.   Paragraph 552 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

553.   Ford denies the allegations set forth in Paragraph 553 of the Complaint.

554.   Ford denies the allegations set forth in Paragraph 554 of the Complaint. Ford specifically denies that Plaintiffs are entitled to such relief.

555.   Paragraph 555 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

556.   In response to the allegations set forth in Paragraph 556 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

557.   Paragraph 557 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Oklahoma CPA speaks for itself, and denies Plaintiffs' characterization thereof.

558.   Paragraph 558 of the Complaint sets forth a legal conclusion to which

no response is required. To the extent that a response is deemed required, Ford denies these allegations.

559.   Paragraph 559 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

560.   Paragraph 560 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

561.   Ford denies the allegations set forth in Paragraph 561 of the Complaint. Ford specifically denies that Plaintiffs are entitled to such relief.

562.   Ford denies the allegations set forth in Paragraph 562 of the Complaint.

563.   Ford denies the allegations set forth in Paragraph 563 of the Complaint. Ford specifically denies that Plaintiffs are entitled to such relief.

564.   Paragraph 564 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

565.   In response to the allegations set forth in Paragraph 565 of the Complaint, Ford states that Plaintiffs' complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

566.    Paragraph 566 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Pennsylvania CPL speaks for itself, and denies Plaintiffs' characterization thereof.

567.    Paragraph 567 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

568.    Paragraph 568 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

569.    Paragraph 569 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

570.    Paragraph 570 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

571.    Paragraph 571 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

572.    In response to the allegations set forth in Paragraph 572 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies

Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

573.   Paragraph 573 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the South Carolina UTPA speaks for itself, and denies Plaintiffs' characterization thereof.

574.   Paragraph 574 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

575.   Paragraph 575 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

576.   Ford denies the allegations set forth in Paragraph 576 of the Complaint. Ford specifically denies that Plaintiffs are entitled to such relief.

577.   In response to the allegations set forth in Paragraph 577 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that Plaintiffs are entitled to such relief.

578.   Paragraph 578 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

579. In response to the allegations set forth in Paragraph 579 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

580. Paragraph 580 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Texas DTPA speaks for itself, and denies Plaintiffs' characterization thereof.

581. Paragraph 581 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Texas DTPA speaks for itself, and denies Plaintiffs' characterization thereof.

582. Ford denies the allegations set forth in Paragraph 582 of the Complaint.

583. Ford denies the allegations set forth in Paragraph 583 of the Complaint.

584. Ford denies the allegations set forth in Paragraph 584 of the Complaint.

585. Ford denies the allegations set forth in Paragraph 585 of the Complaint.

586. Ford denies the allegations set forth in Paragraph 586 of the Complaint, and all of its subparts.

587. Ford denies the allegations set forth in Paragraph 587 of the Complaint.

588. Ford denies the allegations set forth in Paragraph 588 of the Complaint.

589. Ford denies the allegations set forth in Paragraph 589 of the Complaint.

590. Ford denies the allegations set forth in Paragraph 590 of the Complaint.

591.   Ford denies the allegations set forth in Paragraph 591 of the Complaint.

592.   Ford denies the allegations set forth in Paragraph 592 of the Complaint.

593.   In response to the allegations set forth in Paragraph 593 of the Complaint, Ford admits that it is in receipt of a letter from certain Plaintiffs, dated January 5, 2018, which references the statute cited in Paragraph 593. Ford states that the letter speaks for itself, and denies Plaintiffs' characterization thereof. Ford denies the remaining allegations.

594.   Paragraph 594 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

595.   Paragraph 595 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

596.   Paragraph 596 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

597.   In response to the allegations set forth in Paragraph 597 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

598.    Paragraph 598 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Utah CSPA speaks for itself, and denies Plaintiffs' characterization thereof.

599.    Paragraph 599 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.  By way of further answer, Ford denies any defect in its emissions systems.

600.    Paragraph 600 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

601.    Paragraph 601 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

602.    Ford lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 602 of the Complaint regarding Plaintiffs' intentions, and therefore denies the allegations. Ford further denies that Plaintiffs can maintain a class action.

603.    Paragraph 603 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

604.    Paragraph 604 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

605.    Paragraph 605 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

606.    Paragraph 606 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the West Virginia CCPA speaks for itself, and denies Plaintiffs' characterization thereof.

607.    Ford lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 607 of the Complaint regarding Plaintiffs' intentions, and therefore denies the allegations. The remaining allegations set forth in Paragraph 607 set forth a legal conclusion to which no response is required.

608.    Ford lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 608 of the Complaint regarding Plaintiffs' intentions, and therefore denies the allegations. The remaining allegations set forth in Paragraph 608 set forth a legal conclusion to which no response is required. By way of further response, Ford denies that Plaintiffs are entitled to punitive damages.

609.    Paragraph 609 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies

that Plaintiffs are entitled to such relief.

610.   Paragraph 610 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford admits that it is in receipt of a letter from certain Plaintiffs, dated January 5, 2018, which references the statute cited in Paragraph 610. Ford states that the letter speaks for itself, and denies Plaintiffs' characterization thereof. Ford lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 610 regarding Plaintiffs' intentions, and therefore denies the allegations. Ford further denies that Plaintiffs can maintain a class action.

611.   Paragraph 611 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

612.   In response to the allegations set forth in Paragraph 612 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

613.   Paragraph 613 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Colorado CPA speaks for itself, and denies Plaintiffs' characterization thereof.

614.   Paragraph 614 of the Complaint sets forth a legal conclusion to which

no response is required. To the extent that a response is deemed required, Ford denies these allegations.

615. Paragraph 615 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

616. Paragraph 616 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

617. Paragraph 617 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

618. Paragraph 618 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

619. Paragraph 619 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

620. In response to the allegations set forth in Paragraph 620 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a

class action can be maintained.

621.   Paragraph 621 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Connecticut UTPA speaks for itself, and denies Plaintiffs' characterization thereof.

622.   Paragraph 622 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

623.   Paragraph 623 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

624.   Paragraph 624 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

625.   Ford denies the allegations set forth in Paragraph 625 of the Complaint. Ford specifically denies that Plaintiffs are entitled to such relief.

626.   Paragraph 626 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

627.   In response to the allegations set forth in Paragraph 627 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies

Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

628. Paragraph 628 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Delaware CFA speaks for itself, and denies Plaintiffs' characterization thereof.

629. Paragraph 629 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

630. Ford denies the allegations set forth in Paragraph 630 of the Complaint.

631. Paragraph 631 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

632. Ford denies the allegations set forth in Paragraph 632 of the Complaint.

633. Paragraph 633 is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

634. In response to the allegations set forth in Paragraph 634 of the Complaint, Ford states that Plaintiffs' complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

635.   Paragraph 635 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Hawaii Rev. Stat. speaks for itself, and denies Plaintiffs' characterization thereof.

636.   Paragraph 636 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

637.   Paragraph 637 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

638.   Paragraph 638 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

639.   Paragraph 639 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

640.   Paragraph 640 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

641.   In response to the allegations set forth in Paragraph 641 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies

Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

642. Paragraph 642 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Idaho CPA speaks for itself, and denies Plaintiffs' characterization thereof.

643. Paragraph 643 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

644. Paragraph 644 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

645. Paragraph 645 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

646. Paragraph 646 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

647. Ford denies the allegations set forth in Paragraph 647 of the Complaint. Ford specifically denies that Plaintiffs are entitled to such relief.

648. Paragraph 648 of the Complaint is an incorporation paragraph to which

no response is required. To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

649. Ford lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 649 of the Complaint regarding Plaintiffs' intentions, and therefore denies the allegations. Ford denies that Plaintiffs can maintain a class action.

650. Paragraph 650 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Indiana DCSA speaks for itself, and denies Plaintiffs' characterization thereof.

651. Paragraph 651 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

652. Paragraph 652 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

653. Ford lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 653 of the Complaint regarding Plaintiffs' intentions, and therefore denies the allegations. Ford specifically denies that Plaintiffs are entitled to such relief

654. Ford lacks sufficient information to form a belief as to the truth of the

allegations in Paragraph 654 of the Complaint regarding Plaintiffs' intentions, and therefore denies the allegations. Ford specifically denies that Plaintiffs are entitled to such relief.

655.   Paragraph 655 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford admits that it is in receipt of a letter from certain Plaintiffs, dated January 5, 2018, which references the statute cited in Paragraph 655. Ford states that the letter speaks for itself, and denies Plaintiffs' characterization thereof.

656.   Paragraph 656 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

657.   In response to the allegations set forth in Paragraph 657 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

658.   Paragraph 658 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Iowa CFA speaks for itself, and denies Plaintiffs' characterization thereof.

659.   Paragraph 659 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies

these allegations.

660.   Paragraph 660 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

661.   Paragraph 661 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

662.   Paragraph 662 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

663.   In response to the allegations set forth in Paragraph 663 of the Complaint, Ford states that Plaintiffs' complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

664.   Paragraph 664 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Kansas CPA speaks for itself, and denies Plaintiffs' characterization thereof.

665.   Paragraph 665 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

666.    Paragraph 666 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

667.    Paragraph 667 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

668.    Paragraph 668 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

669.    Paragraph 669 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

670.    In response to the allegations set forth in Paragraph 670 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

671.    Paragraph 671 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

672.    Paragraph 672 of the Complaint sets forth a legal conclusion to which

no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

673.   Paragraph 673 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Kentucky CPA speaks for itself, and denies Plaintiffs' characterization thereof.

674.   Ford denies the allegations set forth in Paragraph 674 of the Complaint. By way of further answer, Ford denies that the subject vehicles unlawfully turn off or limit emissions, are defective, and do not comply with applicable emissions standards.

675.   Ford denies the allegations set forth in Paragraph 675 of the Complaint.

676.   Ford denies the allegations set forth in Paragraph 676 of the Complaint.

677.   Ford denies the allegations set forth in Paragraph 677 of the Complaint.

678.   Ford denies the allegations set forth in Paragraph 678 of the Complaint.

679.   Paragraph 679 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

680.   Ford denies the allegations set forth in Paragraph 680 of the Complaint, and all of its subparts. By way of further answer, Ford denies that the subject vehicles unlawfully manipulate emissions.

681.   Ford denies the allegations set forth in Paragraph 681 of the Complaint.

By way of further answer, Ford denies that the subject vehicles unlawfully turn off or limit emissions, are defective, are equipped with a defeat device, and do not comply with applicable emissions standards.

682.   Ford denies the allegations set forth in Paragraph 682 of the Complaint.

683.   Ford denies the allegations set forth in Paragraph 683 of the Complaint.

684.   Ford denies the allegations set forth in Paragraph 684 of the Complaint.

685.   Paragraph 685 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

686.   Paragraph 686 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

687.   In response to the allegations set forth in Paragraph 687 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

688.   Paragraph 688 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

689.   Paragraph 689 of the Complaint sets forth a legal conclusion to which

no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

690.   Paragraph 690 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

691.   Paragraph 691 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Louisiana CPL speaks for itself, and denies Plaintiffs' characterization thereof.

692.   Ford denies the allegations set forth in Paragraph 692 of the Complaint.

693.   Ford denies the allegations set forth in Paragraph 693 of the Complaint.

694.   Ford denies the allegations set forth in Paragraph 694 of the Complaint.

695.   Paragraph 695 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

696.   Ford denies the allegations set forth in Paragraph 696 of the Complaint, and all of its subparts.

697.   Ford denies the allegations set forth in Paragraph 697 of the Complaint. By way of further answer, Ford denies that the subject vehicles unlawfully manipulate emissions.

698.   Ford denies the allegations set forth in Paragraph 698 of the Complaint.

699.   Paragraph 699 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

700.   Paragraph 700 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

701.   In response to the allegations set forth in Paragraph 701 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

702.   Ford denies the allegations set forth in Paragraph 702 of the Complaint.

703.   Ford denies the allegations set forth in Paragraph 703 of the Complaint.

704.   Paragraph 704 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

705.   In response to the allegations set forth in Paragraph 705 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

706.   Paragraph 706 of the Complaint sets forth a legal conclusion to which

no response is required. By way of further answer, Ford states that the Maine UTPA speaks for itself, and denies Plaintiffs' characterization thereof.

707.    Paragraph 707 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

708.    Paragraph 708 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

709.    Paragraph 709 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

710.    Paragraph 710 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford admits that it is in receipt of a letter from certain Plaintiffs, dated January 5, 2018, which references the statute cited in Paragraph 710. Ford states that the letter speaks for itself, and denies Plaintiffs' characterization thereof. Ford lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 710 regarding Plaintiffs' intentions, and therefore denies the allegations. Ford further denies that Plaintiffs can maintain a class action.

711.    Paragraph 711 of the Complaint is an incorporation paragraph to which

no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

712.   In response to the allegations set forth in Paragraph 712 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

713.   Paragraph 713 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Maryland CPA speaks for itself, and denies Plaintiffs' characterization thereof.

714.   Paragraph 714 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

715.   Paragraph 715 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

716.   Paragraph 716 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

717.   In response to the allegations set forth in Paragraph 717 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies

Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

718.   Paragraph 718 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Michigan CPA speaks for itself, and denies Plaintiffs' characterization thereof. Ford specifically denies that the subject vehicles unlawfully turn off or down emissions systems, manipulate emissions standards, do not comply with applicable emissions standards, and that the subject vehicles' emissions were far worse than a reasonable consumer would expect.

719.   Paragraph 719 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

720.   Paragraph 720 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

721.   Paragraph 721 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

722.   Paragraph 722 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies

that Plaintiffs are entitled to such relief.

723.   Paragraph 723 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

724.   In response to the allegations set forth in Paragraph 724 of the Complaint, Ford states that Plaintiffs' complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

725.   Paragraph 725 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Minnesota CFA speaks for itself, and denies Plaintiffs' characterization thereof.

726.   Paragraph 726 of the Complain sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

727.   Paragraph 727 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

728.   Paragraph 728 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

729.   Paragraph 729 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

730.   In response to the allegations set forth in Paragraph 730 of the Complaint, Ford states that Plaintiffs' complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

731.   Paragraph 731 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Minnesota DTPA speaks for itself, and denies Plaintiffs' characterization thereof.

732.   Paragraph 732 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

733.   Paragraph 733 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

734.   Paragraph 734 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

735.   In response to the allegations set forth in Paragraph 735 of the

Complaint, Ford states that Plaintiffs' complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

736. Paragraph 736 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Mississippi CPA speaks for itself, and denies Plaintiffs' characterization thereof.

737. Paragraph 737 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

738. Paragraph 738 of the Complaint is an incorporation paragraph to which no response is required. To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

739. In response to the allegations set forth in Paragraph 739 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

740. Paragraph 740 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Montana CPA speaks for itself, and denies Plaintiffs' characterization thereof.

741. Paragraph 741 of the Complaint sets forth a legal conclusion to which

no response is required. To the extent that a response is deemed required, Ford denies these allegations.

742.   Paragraph 742 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

743.   Paragraph 743 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

744.   Paragraph 744 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

745.   Paragraph 745 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

746.   Paragraph 746 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

747.   In response to the allegations set forth in Paragraph 747 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a

class action can be maintained.

748.   Paragraph 748 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Nebraska CPA speaks for itself, and denies Plaintiffs' characterization thereof.

749.   Paragraph 749 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

750.   Paragraph 750 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

751.   Paragraph 751 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

752.   Paragraph 752 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

753.   In response to the allegations set forth in Paragraph 753 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

754.   Paragraph 754 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Nevada DTPA speaks for itself, and denies Plaintiffs' characterization thereof. Ford specifically denies that the subject vehicles unlawfully turn off or down emissions systems, manipulate emissions standards, do not comply with applicable emissions standards, and that the subject vehicles' emissions were far worse than a reasonable consumer would expect.

755.   Paragraph 755 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

756.   Paragraph 756 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

757.   In response to the allegations set forth in Paragraph 757 of the Complaint, Ford states that Plaintiffs' complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

758.   Paragraph 758 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the New Hampshire CPA speaks for itself, and denies Plaintiffs' characterization thereof.

759.   Paragraph 759 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

760.   Paragraph 760 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

761.   Paragraph 761 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

762.   Paragraph 762 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

763.   In response to the allegations set forth in Paragraph 763 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

764.   Paragraph 764 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the New Mexico UTPA speaks for itself, and denies Plaintiffs' characterization thereof. Ford specifically denies that the subject vehicles unlawfully turn off or down emissions

systems, manipulate emissions standards, do not comply with applicable emissions standards, and that the subject vehicles' emissions were far worse than a reasonable consumer would expect.

765.   Paragraph 765 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

766.   Paragraph 766 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

767.   Paragraph 767 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

768.   Paragraph 768 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

769.   In response to the allegations set forth in Paragraph 769 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

770.   Paragraph 770 of the Complaint sets forth a legal conclusion to which

no response is required. By way of further answer, Ford states that the North Carolina Act speaks for itself, and denies Plaintiffs' characterization thereof.

771. Paragraph 771 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

772. Paragraph 772 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

773. Paragraph 773 of the Complaint is an incorporation paragraph to which no response is required. To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

774. In response to the allegations set forth in Paragraph 774 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

775. Paragraph 775 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the North Dakota CFA speaks for itself, and denies Plaintiffs' characterization thereof.

776. Paragraph 776 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies

these allegations.

777.    Paragraph 777 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

778.    Paragraph 778 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

779.    Paragraph 779 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

780.    In response to the allegations set forth in Paragraph 780 of the Complaint, Ford states that Plaintiffs' complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

781.    Paragraph 781 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Ohio CSPA speaks for itself, and denies Plaintiffs' characterization thereof. Ford specifically denies that the subject vehicles unlawfully turn off or down emissions systems, manipulate emissions standards, do not comply with applicable emissions standards, and that the subject vehicles' emissions were far worse than a reasonable consumer

would expect.

782.   In response to the allegations set forth in Paragraph 782 of the Complaint, Ford admits that Plaintiffs purport to cite to several documents. Ford states that the documents speak for themselves and denies Plaintiffs' characterization and the conclusions drawn therefrom. Ford denies the remaining allegations set forth in paragraph 782.

783.   Paragraph 783 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

784.   Paragraph 784 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

785.   Paragraph 785 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

786.   Paragraph 786 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

787.   In response to the allegations set forth in Paragraph 787 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies

Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

788.   Paragraph 788 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Oregon UTPA speaks for itself, and denies Plaintiffs' characterization thereof. Ford specifically denies that the subject vehicles unlawfully turn off or down emissions systems, manipulate emissions standards, do not comply with applicable emissions standards, and that the subject vehicles' emissions were far worse than a reasonable consumer would expect.

789.   Paragraph 789 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

790.   Paragraph 790 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

791.   Paragraph 791 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

792.   Paragraph 792 of the Complaint is an incorporation paragraph to which no response is required.   To the extent that a response is deemed required, Ford

incorporates by reference its responses to the preceding paragraphs of the Complaint.

793.   In response to the allegations set forth in Paragraph 793 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

794.   Paragraph 794 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Rhode Island CPA speaks for itself, and denies Plaintiffs' characterization thereof.

795.   Paragraph 795 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

796.   Paragraph 796 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

797.   Paragraph 797 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

798.   Paragraph 798 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

799.   Paragraph 799 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

800.   In response to the allegations set forth in Paragraph 800 of the Complaint, Ford states that Plaintiffs' complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

801.   Paragraph 801 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the South Dakota CPL speaks for itself, and denies Plaintiffs' characterization thereof.

802.   Paragraph 802 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

803.   Paragraph 803 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

804.   In response to the allegations set forth in Paragraph 804 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

805.   Paragraph 805 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Vermont CFA speaks for itself, and denies Plaintiffs' characterization thereof.

806.   Paragraph 806 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

807.   Paragraph 807 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

808.   Paragraph 808 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

809.   In response to the allegations set forth in Paragraph 809 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

810.   Paragraph 810 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Virginia CPA speaks for itself, and denies Plaintiffs' characterization thereof.

811.   Paragraph 811 of the Complaint sets forth a legal conclusion to which

no response is required. To the extent that a response is deemed required, Ford denies these allegations.

812.   Paragraph 812 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

813.   Paragraph 813 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

814.   Paragraph 814 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

815.   Paragraph 815 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

816.   In response to the allegations set forth in Paragraph 816 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

817.   Paragraph 817 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Washington

CPA speaks for itself, and denies Plaintiffs' characterization thereof.

818.   Paragraph 818 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

819.   Paragraph 819 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

820.   Paragraph 820 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

821.   In response to the allegations set forth in Paragraph 821 of the Complaint, Ford states that Plaintiffs' Complaint speaks for itself and Ford denies Plaintiffs' characterization thereof. By way of further answer, Ford denies that a class action can be maintained.

822.   Paragraph 822 of the Complaint sets forth a legal conclusion to which no response is required. By way of further answer, Ford states that the Wisconsin DTPA speaks for itself, and denies Plaintiffs' characterization thereof.

823.   Paragraph 823 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

824.   Paragraph 824 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies these allegations.

825.   Paragraph 825 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

826.   Paragraph 826 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford denies that Plaintiffs are entitled to such relief.

827.   Paragraph 827 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response is deemed required, Ford incorporates by reference its responses to the preceding paragraphs of the Complaint.

828.   Paragraph 828 of the Complaint sets forth no allegations which require a response. To the extent a response is deemed required, Ford denies these allegations.

829.   Ford lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 829 of the Complaint regarding Plaintiffs' intentions, and therefore denies the allegations. The remaining allegations set forth in Paragraph 829 set forth a legal conclusion to which no response is required.

830.   Paragraph 830 of the Complaint sets forth a legal conclusion to which

no response is required. To the extent that a response is deemed required, Ford admits that it is in receipt of a letter from certain Plaintiffs, dated January 5, 2018, which references the statute cited in Paragraph 830. Ford states that the letter speaks for itself, and denies Plaintiffs' characterization thereof. Ford lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 830 regarding Plaintiffs' intentions, and therefore denies the allegations. Ford further denies that Plaintiffs can maintain a class action.

831.   Paragraph 831 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed required, Ford admits that it is in receipt of a letter from certain Plaintiffs, transmitted on January 5, 2018, which references the statutes cited in Paragraph 831. Ford states that the letter speaks for itself, and denies Plaintiffs' characterization thereof.

832.   Ford denies Plaintiffs are entitled to any of the relief identified in Plaintiffs' "Request for Relief."

## II.   DEFENSES

1.   Plaintiffs' Complaint and all counts thereof fail to state a claim upon which relief can be granted.

2.   Plaintiffs' claims, and/or the claims of the putative class members, are barred, in whole or in part, based on expiration of the applicable statute of limitations

or repose.

3.      Plaintiffs' claims, and/or the claims of the putative class members, are barred, in whole or in part, by failure to mitigate damages.

4.      Plaintiffs' claims, and/or the claims of the putative class members, are barred, in whole or in part, for lack of standing to assert the causes of action set forth in the Complaint.

5.      Plaintiffs' claims, and/or the claims of the putative class members, are barred, in whole or in part, by failure to provide Ford with adequate notice of the complaints and/or an opportunity to cure the complaints before filing suit.

6.      Plaintiffs' claims, and/or the claims of the putative class members, are barred, in whole or in part, because the defect alleged is the result of a modification to the vehicle, abuse or neglect of the vehicle, failure to properly maintain the vehicle, and/or foreign objects and/or damage due to an accident that occurred after the vehicle was purchased or leased.

7.      Plaintiffs' claims, and/or the claims of the putative class members, are barred, in whole or in part, by the equitable doctrines of waiver, ratification, estopped, laches, and/or unclean hands.

8.      Plaintiffs' claims, and/or the claims of the putative class members, are barred, in whole or in part, because of the lack of privity with Ford.

9.      Plaintiffs' claims, and or the claims of the putative class members, are

barred, in whole or in part, by Ford's satisfaction of all warranty obligations.

10.     Plaintiffs' claims, and/or the claims of the putative class members, are barred, in whole or in part, by Ford's compliance with all of its disclosure obligations under applicable law.

11.     Plaintiffs' claims, and/or the claims of the putative class members, are barred or preempted, in whole or in part, by the Supremacy Clause of the United States Constitution, Article VI, Clause 2, and the law of the United States because Ford's conduct is comprehensively regulated by the Clean Air Act.

12.     Plaintiffs' claims, and/or the claims of the putative class members, may be barred, in whole or in part, under the doctrine of primary jurisdiction, in that the pertinent conduct of Ford and all its activities with respect to the subject vehicle have been and are conducted under the supervision of the EPA.

13.     Plaintiffs' claims, and/or the claims of the putative class members, are barred, in whole or in part, by the deference that the common law gives to discretionary actions by the EPA under the Clean Air Act.

14.     Plaintiffs' claims, and/or the claims of the putative class members, are barred, in whole or in part, because Plaintiffs and/or the EPA consented to or ratified the acts in questions.

15.     Plaintiffs' claims and those of members of the purported classes are barred, in whole or in part, because the allegedly undisclosed AECDs did not

unnecessarily reduce the effectiveness of the emissions control systems.

16.     Plaintiffs' claims and those of members of the purported classes are barred, in whole or in part, because Ford lacked knowledge and/or reason to know that the strategies, as calibrated, would have any effect of bypassing, defeating, or rendering inoperative any other device or element of design installed in the vehicles at issue in this suit.

17.     Plaintiffs' claims and those of members of the purported class are barred, in whole or in part, by the Commerce Clause of the United States Constitution because they purport to regulate interstate commerce and impermissibly place an undue burden on interstate commerce.

18.     Plaintiffs' claims, and/or the claims of the putative class members, are barred or released, in whole or in part, based upon an agreement with the immediate seller or lessor of the vehicle.

19.     Plaintiffs and members of the purported class received all or substantially all of the benefit from the vehicles that they hoped and intended to receive, and, to that extent, any damages and/or restitution that Plaintiffs might be entitled to recover from Ford must be correspondingly reduced.

20.     Plaintiffs' claims, and/or the claims of the putative class members, are barred, in whole or in part, by inability to prove actual damages.

21.     Plaintiffs' claims, and/or the claims of the putative class members, are

barred, in whole or in part, because the subject vehicles were used in a manner other than intended.

22.    Any damages allegedly sustained by Plaintiffs and/or the putative class members were caused or contributed to by the negligence of persons, firms corporations, municipalities, or entities other than Ford, and such negligence of third parties bars recovery or reduces the percentage of fault, if any, of Ford.

23.    Any damages allegedly sustained by Plaintiffs and/or the putative class members were directly and proximately caused by the superseding, intervening acts and/or omissions of third parties over whom Ford had no control and for whom Ford is neither responsible nor liable.

24.    Any damages allegedly sustained by Plaintiffs and/or the putative class members were legally and proximately caused or contributed to by the negligence, comparative fault, assumption of risk, consent, negligence per se, or other culpable conduct of the Plaintiffs and/or the putative class members.

25.    Plaintiffs' claims, and/or the claims of the putative class members, are barred, in whole or in part, because the subject vehicle complied with industry standards, the state of the art, and/or any applicable government codes, standards, or regulations.

26.    Plaintiffs' claims, and/or the claims of the putative class members, fail, in whole or in part, because Ford's conduct is subject to and complies with the rules

and regulations of the Federal Trade Commission and/or another department, division, commission, or agency of the United States government, including the EPA.

27.    Any failure, damage to, or malfunction of Plaintiffs' vehicle, and/or the vehicles of the members of the putative class, or any components of those vehicles, resulted from abuse and/or failure to maintain the vehicle(s).

28.    Plaintiffs' claims, and/or the claims of the members of the putative class, for damages are barred by the terms of any applicable express warranties.

29.    Any alleged nonconformities or defects in the subject vehicle and/or the vehicles of the members of the putative class, do not substantially impair the use, value and/or safety of the vehicle(s).

30.    Plaintiffs' claims, and/or the claims of the members of the putative class, are barred to the extent the vehicles were not bought or used primarily for personal, family, or household purposes.

31.    Plaintiffs' claims, and/or the claims of the members of the putative class, are barred, in whole or in part, because defendant acted in good faith at all relevant times and gave adequate warnings of all known and reasonably knowable risks associated with the use of its product.

32.    Plaintiffs' damages, and/or the damages of the members of the putative class, if any, are subject to an offset in the amount of any reimbursement received as

a result of any insurance benefit.

33.     Plaintiffs' damages, and/or the damages of the members of the putative class, if any, are speculative and unascertainable.

34.     Ford is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising under any rule of law or statute in this State and/or any other statute that may be applicable.

35.     The certification of any class would violate Ford's due process rights by allowing purported class members to assert claims without sustaining their burden of proof on the individual elements of their claims and by preventing Ford from challenging the merits of their individual claims and asserting valid individual defenses.

36.     Plaintiffs' claims, and/or the claims of the putative class members, are barred, in whole or in part, by the doctrine of accord and satisfaction.

37.     Plaintiffs' claim for punitive damages against Ford cannot stand because Michigan law does not permit the recovery of punitive damages in a case such as this.

38.     Plaintiffs' claim for punitive damages against Ford cannot be sustained because any award of punitive damages would violate Ford's due process rights under the Fourteenth Amendment to the United States Constitution as well as under the Constitution of Michigan.

39.    Plaintiffs' claim for punitive damages against Ford cannot be sustained because an award of punitive damages under Michigan law subject to no pre-determined limit (such as a maximum multiple of compensatory damages or maximum amount) on the amount of punitive damages that a jury may impose would violate Ford's due process rights guaranteed by the United States and Michigan Constitutions.

40.    An award of punitive damages under Michigan law by a jury that (1) is not provided with standards of sufficient clarity for determining the appropriateness and appropriate size of a punitive damages award, (2) is not adequately instructed on the limits of punitive damages which may be imposed to further the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth and corporate status of Ford, (4) is permitted to award punitive damages under a standard for determining liability that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to trial court or appellate court review for reasonableness and furtherance of legitimate purposes on the basis of objective standards, would violate Ford's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United

States Constitution as well as the Constitution of Michigan.

41.     Any award of punitive damages based on anything other than Ford's conduct in connection with the sale of the named Plaintiffs vehicles allegedly involved in this matter would violate the due process clause of the Fourteenth Amendment of the United States Constitution and the due process protection afforded by the Constitution of Michigan and would be improper under the common law and public policies of the State of Michigan because any other judgment for punitive damages in this case cannot protect Ford against impermissible multiple punishments for the same alleged wrong.

## III.   <u>JURY DEMAND</u>

Ford hereby demands a jury trial for all claims found to be triable.

Wherefore, Ford prays as follows:

1.     that Plaintiffs takes nothing by way of their Consolidated Class Action Complaint;

2.     that Defendant be awarded costs of suit;

3.     that Defendant be awarded reasonable attorneys' fees; and

4.     for such other and further relief as the Court deems just and proper.

Respectfully submitted,                    Respectfully submitted,

By:  /s/ Joel A. Dewey                      By:  /s/ Stephanie A. Douglas
    Joel A. Dewey                               Patrick G. Seyferth (P47575)
    Jeffrey M. Yeatman                          Stephanie A. Douglas (P70272)
    DLA PIPER LLP (US)                          BUSH SEYFERTH & PAIGE
    The Marbury Building                        PLLC
    6225 Smith Avenue                           3001 W. Big Beaver Rd., Ste. 600
    Baltimore, Maryland 21209                   Troy, MI 48084
    (410) 580-4135                              (248) 822-7800
    joel.dewey@dlapiper.com                     seyferth@bsplaw.com
    jeffrey.yeatman@dlapiper.com                douglas@bsplaw.com
    *Attorneys for Defendant Ford*              *Attorneys for Defendant Ford*
    *Motor Company*                             *Motor Company*

Dated:  September 10, 2019