UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

LEN GAMBOA, *et al.*, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

FORD MOTOR COMPANY, *et al.*,

Defendants.

No. 2:18-cv-10106-DPH-EAS

Chief Judge Denise Page Hood
Magistrate Judge Elizabeth A. Stafford

**PLAINTIFFS' OPPOSITION TO DEFENDANT FORD MOTOR COMPANY'S MOTION TO AMEND AND CERTIFY FOR INTERLOCUTORY APPEAL MARCH 31, 2019 AND AUGUST 27, 2019 ORDERS**

# TABLE OF CONTENTS

**Page**

STATEMENT OF ISSUES PRESENTED .......... v

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY .......... vi

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 2

A. Ford cannot meet its burden to establish rare and exceptional circumstances warranting certification for interlocutory review. .......... 2

B. Ford does not establish a substantial ground for difference of opinion where courts addressing the issue uniformly agree that the CAA does not preempt consumer fraud claims involving vehicle emissions. .......... 3

C. Immediate appeal would not materially advance the resolution of the litigation because plaintiffs' federal RICO claims would remain. .......... 9

III. CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Adler v. Dell, Inc.*, No. 08-CV-13170, 2009 WL 646885 (E.D. Mich. Mar. 10, 2009) ....................8

*Beshear Attorney General, ex rel. Commonwealth of Kentucky v. Volkswagen Grp. of Am., Inc.*, No. 16-CV-27 GFVT, 2016 WL 3040492 (E.D. Ky. May 25, 2016) ....................7

*Bledsoe v. FCA US, LLC*, 378 F. Supp. 3d 626 (E.D. Mich. 2019) ....................1, 4, 7

*Cerjanec v. FCA US. LLC*, No. 17-CV-10319, 2018 WL 7152556 (E.D. Mich. Sept. 4, 2018)....................10

*Chirco v. Charter Oak Homes, Inc.*, No. 01-CV-71403, 2006 WL 798955 (E.D. Mich. Mar. 29, 2006) ....................3, 6

*Chrysler Grp. LLC v. S. Holland Dodge, Inc.*, 862 F. Supp. 2d 661 (E.D. Mich. 2012) ....................4, 6

*In re Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Practices & Prod. Liab. Litig.*, 295 F. Supp. 3d 927 (N.D. Cal. 2018)....................1, 5, 7

*In re City of Memphis*, 293 F.3d 345 (6th Cir. 2002) ....................2

*Counts v. Gen. Motors, LLC*, 237 F. Supp. 3d 527 (E.D. Mich. 2017) ....................*passim*

*DRFP, LLC v. Republica Bolivariana de Venez.*, 945 F. Supp. 2d 890 (S.D. Ohio 2013)....................2, 3



010607-11/1197397 V1

*Dungan v. Chase Home Fin.*,
No. 10-CV-14549, 2011 WL 4737581
(E.D. Mich. Oct. 7, 2011) ....................................................................3, 4

*In re Duramax Diesel Litig.*,
298 F. Supp. 3d 1037 (E.D. Mich. 2018) ..........................................1, 4, 5, 7, 10

*Eberline v. Douglas J. Holdings, Inc.*,
No. 14-CV-10887, 2019 WL 989284
(E.D. Mich. Mar. 1, 2019) ....................................................................6

*Ford Motor Co. v. Thermoanalytics, Inc.*,
No. 14-cv-13992, 2016 WL 386431
(E.D. Mich. Feb. 2, 2016)....................................................................6, 9

*Gamboa v. Ford Motor Co.*,
381 F. Supp. 3d 853 (E.D. Mich. 2019) ..........................................1, 4, 5, 10

*Jackson v. Gen. Motors Corp.*,
770 F. Supp. 2d 570 (S.D.N.Y. 2011) ....................................................7

*In re Lloyd's Am. Tr. Fund Litig.*,
No. 96-CV-1262, 1997 WL 458739
(S.D.N.Y. Aug. 12, 1997)....................................................................10

*In re Mercedes-Benz Emissions Litig.*,
No. 16-CV-881, 2019 WL 2591158
(D.N.J. June 25, 2019)....................................................................5

*In re Mercedes-Benz Emissions Litig.*,
No. 16-CV-881, 2019 WL 413541
(D.N.J. Feb. 1, 2019) ....................................................................1, 5, 7

*In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*,
174 F. Supp. 2d 4 (S.D.N.Y. 2001) ....................................................6

*Motor & Equip. Mfrs. Ass'n v. EPA*,
627 F.2d 1095 (D.C. Cir. 1979)....................................................................8

*Sadlik v. Norfolk S. Ry. Co.*,
No. 08-CV-12936, 2010 WL 1524129
(E.D. Mich. Apr. 15, 2010)....................................................................9

*Serrano v. Cintas Corp.*,
No. 04-cv-40132, 2010 WL 940164
(E.D. Mich. Mar. 12, 2010) ....................................................................2, 5

*Sigma Fin. Corp. v. Am. Int'l Specialty Lines Ins. Co.*,
200 F. Supp. 2d 710 (E.D. Mich. 2002) ....................................................2, 9

*Silkwood v. Kerr-McGee Corp.*,
464 U.S. 238 (1984)..........................................................................................8

*In re Trump*,
874 F.3d 948 (6th Cir. 2017) ..................................................................3, 4, 5

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*,
349 F. Supp. 3d 881 (N.D. Cal. 2018)...................................................1, 5, 7

*U.S. ex rel. Yanity v. J & B Med. Supply Co.*,
No. 08-CV-11825, 2013 WL 607827
(E.D. Mich. Feb. 19, 2013).....................................................................6, 8

## STATEMENT OF ISSUES PRESENTED

Immediate appeal under 28 U.S.C. § 1292(b) requires a substantial ground for difference of opinion, the resolution of which must materially advance the ultimate termination of the litigation.

1. Does Ford establish a substantial ground for difference of opinion where courts addressing the issue uniformly agree that the CAA does not preempt consumer fraud claims involving vehicle emissions?

2. Does Ford establish that immediate appeal would materially advance the resolution of the litigation when plaintiffs' federal RICO claims would remain to be tried?

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Argument I** Ford does not establish a substantial ground for difference of opinion under section 1292(b) where courts addressing the issue uniformly agree that the CAA does not preempt consumer fraud claims involving vehicle emissions.

- *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 870 (E.D. Mich. 2019) (Hood, J.);
- *Bledsoe v. FCA US, LLC*, 378 F. Supp. 3d 626, 642-43 (E.D. Mich. 2019);
- *In re Duramax Diesel Litig.*, 298 F. Supp. 3d 1037, 1062 (E.D. Mich. 2018); and
- *Counts v. Gen. Motors, LLC*, 237 F. Supp. 3d 527, 591 (E.D. Mich. 2017).

**Argument II** Ford does not establish that immediate appeal would materially advance the resolution of the litigation under section 1292(b) when plaintiffs' federal RICO claims would remain to be tried.

- *Sadlik v. Norfolk S. Ry. Co*, No. 08-CV-12936, 2010 WL 1524129, at *3 (E.D. Mich. Apr. 15, 2010); and
- *Sigma Fin. Corp. v. Am. Int'l Specialty Lines Ins. Co.*, 200 F. Supp. 2d 710, 723 (E.D. Mich. 2002).

# I. INTRODUCTION

Ford seeks interlocutory certification of the Court's thorough 57-page opinion to contest just one issue: preemption under the Clean Air Act (CAA). But, as its motion makes plain, Ford cannot meet the rigorous criteria to warrant certification under 28 U.S.C. § 1292(b). Critically, there is no "substantial ground for difference of opinion" on CAA preemption in consumer emissions litigation. Instead, there is a remarkable consensus among courts addressing the same issues in the same context, concluding that the CAA does not preempt consumer fraud claims. This Court, along with Judge Ludington in *Duramax* and *Counts*—and Judge Berg in *Bledsoe*—have all concluded that the "CAA does not preempt state-law consumer fraud claims because they do not seek to set or enforce any emissions standards or obligations."[1] Rather, "[t]he true issue with regard to Plaintiffs' fraud claims is whether or not Ford materially deceived (under the various state laws) its consumers."[2] Other district courts around the country have come to the same conclusion.[3] Moreover, an immediate appeal will not "materially

[1] *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 870 (E.D. Mich. 2019) (citing *In re Duramax Diesel Litig.*, 298 F. Supp. 3d 1037, 1062 (E.D. Mich. 2018); *Counts v. Gen. Motors, LLC*, 237 F. Supp. 3d 527, 591 (E.D. Mich. 2017)); *see also Bledsoe v. FCA US, LLC,* 378 F. Supp. 3d 626, 642-43 (E.D. Mich. 2019).

Internal citations and quotations omitted and emphasis added throughout unless otherwise noted.

[2] *Gamboa*, 381 F. Supp. 3d at 871.

[3] *In re Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Practices & Prod. Liab. Litig. (EcoDiesel)*, 295 F. Supp. 3d 927, 992 (N.D. Cal. 2018); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 349 F. Supp. 3d 881, 910-12 (N.D. Cal. 2018); *In re Mercedes-Benz Emissions Litig.*, No. 16-CV-881-JLL, 2019 WL 413541, at *19 (D.N.J. Feb. 1, 2019).

advance the ultimate termination" of this action, because plaintiffs' RICO claim will go forward regardless. Ford's motion should be denied.

## II. ARGUMENT

### A. Ford cannot meet its burden to establish rare and exceptional circumstances warranting certification for interlocutory review.

"Federal law expresses a strong policy against piecemeal appeals."[4] As the Supreme Court explains it: "Restricting appellate review to final decisions prevents the debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequence, but a single controversy."[5] For these reasons, the Sixth Circuit grants review under § 1292(b) "sparingly and only in exceptional cases."[6] District court certifications under § 1292(b) are similarly disfavored.[7] "Attractive as it may be to refer difficult matters to a higher court for advance decision, such a course of action is contrary to our system of jurisprudence."[8]

To meet the high threshold for interlocutory certification, Ford must satisfy four elements: "1) the question involved must be one of law; 2) it must be controlling; 3) there must be substantial ground for difference of opinion about it;

---

[4] *Sigma Fin. Corp. v. Am. Int'l Specialty Lines Ins. Co.*, 200 F. Supp. 2d 710, 723 (E.D. Mich. 2002).

[5] *Serrano v. Cintas Corp.*, No. 04-cv-40132, 2010 WL 940164, at *2 (E.D. Mich. Mar. 12, 2010) (quoting *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 170 (1974)).

[6] *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

[7] *DRFP, LLC v. Republica Bolivariana de Venez.*, 945 F. Supp. 2d 890, 917-18 (S.D. Ohio 2013); *see also Sigma*, 200 F. Supp. 2d at 723 ("permission to appeal pursuant to section 1292(b) should only be granted in exceptional circumstances") (citing *Vitols v. Citizens Banking Co.,* 984 F.2d 168, 170 (6th Cir. 1993)).

[8] *DRFP*, 945 F. Supp. 2d at 918.

and 4) an immediate appeal must materially advance the ultimate termination of the litigation."[9] And the "burden of showing exceptional circumstances justifying an interlocutory appeal rests with the party seeking review."[10] Ford cannot meet this burden here.

First and foremost, there is remarkable consensus among the courts that have evaluated the same express and implied preemption challenges that Ford raises here and rejected them, as this Court did. So Ford cannot establish a substantial ground for difference of opinion. Separately, Ford's argument that discovery and other costly aspects of litigation could be averted by immediate appeal of this Court's preemption rulings is flat wrong, as Plaintiffs' RICO claims remain to be tried irrespective of their state consumer fraud claims. Ford's motion should be denied.

**B. Ford does not establish a substantial ground for difference of opinion where courts addressing the issue uniformly agree that the CAA does not preempt consumer fraud claims involving vehicle emissions.**

As this Court stated in *Dungan v. Chase Home Fin.*, a "substantial ground exists when: 1) the issue is difficult and of first impression; 2) a difference of opinion exists within the controlling circuit; or 3) the circuits are split on the

---

[9] *Chirco v. Charter Oak Homes, Inc.*, 2006 WL 798955, at *4 (E.D. Mich. Mar. 29, 2006) (Hood, J.) (citing *Vitols*, 984 F.2d at 170); *see also In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (whether the "allegations of the complaint stated a facially valid claim for incitement to riot" was: a "question of law" that was "controlling" because its resolution "could materially affect the outcome of the case"; novel; and potentially litigation-ending).

[10] *DRFP*, 945 F. Supp. 2d at 918; *see also In re Trump*, 874 F.3d at 952 (determining case was "exceptional in many ways" because "[a]s it stands, the President of the United States must answer for a state-law claim," and the "practical and political consequences of such a case are readily apparent").

issue."[11] Ford meets none of these. Even if Ford raises questions of first impression in the Sixth Circuit, the preemption issues are evidently not difficult ones upon which "reasonable jurists might disagree,"[12] because there has been universal agreement among the district courts addressing them.

Courts have rejected both express and implied preemption arguments in *all* cases, like this one, bringing state law claims that reasonable consumers were deceived into overpaying for polluting vehicles. In concluding that the CAA does not expressly preempt plaintiffs' claims, this Court agreed with the holding of Judge Ludington in *Duramax* and *Counts*—as did Judge Berg in *Bledsoe*—that the "CAA does not preempt state-law consumer fraud claims because they do not seek to set or enforce any emissions standards or obligations."[13] Instead, according to this Court: "The true issue with regard to Plaintiffs' fraud claims is whether or not Ford materially deceived (under the various state laws) its consumers."[14] Likewise, *Duramax* stated: "The gravamen of their state law claims is that they purchased a vehicle which polluted at levels far greater than a reasonable consumer

---

[11] 2011 WL 4737581, at *2 (E.D. Mich. Oct. 7, 2011) (Hood, J.); *see also Chrysler Grp. LLC v. S. Holland Dodge, Inc.*, 862 F. Supp. 2d 661, 688 (E.D. Mich. 2012).

[12] *In re Trump*, 874 F.3d at 952.

[13] *Gamboa*, 381 F. Supp. 3d at 870 (citing *Duramax*, 298 F. Supp. 3d at 1062; *Counts*, 237 F. Supp. 3d at 591); *see also Bledsoe,* 378 F. Supp. 3d at 642-43 (state law claims "not preempted by the CAA" because they did "not depend on proof of noncompliance with federal emissions standards" and plaintiffs were not "attempting to tighten emissions regulations or introduce separate state emissions regulation").

[14] *Gamboa*, 381 F. Supp. 3d at 871.

would expect."[15] And *Counts* stated: "Plaintiffs' claims … focus on the deceit about compliance, rather than the need to enforce compliance."[16] Other district courts around the country consistently conclude the same.[17]

As to implied preemption, this Court again agreed with *Duramax* that the defendant had not shown "that Congress intended for the CAA to regulate the scope of a vehicle manufacturer's disclosure obligations to consumers."[18] As Judge Ludington put it: "The EPA is tasked with *environmental* protection, not *consumer* protection."[19] And the same trio of vehicle emissions cases from outside this circuit came to the identical conclusion, with both *EcoDiesel* and *Volkswagen* quoting Judge Ludington's decision in *Duramax*.[20]

Such consensus establishes that the issues are not difficult ones upon which "reasonable jurists might disagree."[21] For example, in *Serrano v. Cintas Corp.*, the district court held that although the issue was one "of first impression in the Sixth Circuit," it "was not a difficult issue."[22] "Rather, it appears that the Defendant has a mere question as to the correctness of the ruling, which is insufficient for

---

[15] 298 F. Supp. 3d at 1062.

[16] 237 F. Supp. 3d at 591.

[17] *EcoDiesel*, 295 F. Supp. 3d at 992; *In re Volkswagen*, 349 F. Supp. 3d at 910-12; *In re Mercedes-Benz.*, 2019 WL 413541, at *19.

[18] *Gamboa*, 381 F. Supp. 3d at 872 (citing 298 F. Supp. 3d at 1064).

[19] *Duramax*, 298 F. Supp. 3d at 1064 (emphasis in original).

[20] *EcoDiesel*, 295 F. Supp. 3d at 1003; *In re Volkswagen*, 349 F. Supp. 3d at 913-14; *In re Mercedes-Benz*, 2019 WL 413541, at *20. *See also In re Mercedes-Benz*, 2019 WL 2591158, at *2 (D.N.J. June 25, 2019) (denying § 1292(b) motion seeking interlocutory certification only on RICO claims).

[21] *In re Trump*, 874 F.3d at 952.

[22] 2010 WL 940164, at *3 (denying § 1292(b) motion).

interlocutory review."[23] And in *In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, the district court refused to find a substantial ground for difference of opinion where, as here, the "Court's conclusion is supported by other courts, including a federal district court in this Circuit."[24] Likewise, in *Chrysler Grp.*, the defendants had "not identified a single decision, wherein *any court*" had accepted their arguments.[25] Instead, "every court that has considered the issue has agreed."[26] So too here.

As the district court stated in *Ford Motor Co. v. Thermoanalytics, Inc.*, "disagreement on the outcome of the case" is a "common phenomenon in litigation" and whether "the Plaintiff, Defendant, or the Court agree on the outcome of the case is not relevant to the finding of a substantial ground for difference of opinion."[27] Thus, this Court's determination in *Chirco* applies equally well here: "Defendants have not set forth any substantial ground for difference of opinion about the issues of law, other than their disagreement with the Court's decision."[28]

---

[23] *U.S. ex rel. Yanity v. J & B Med. Supply Co.*, No. 08-CV-11825, 2013 WL 607827, at *3 (E.D. Mich. Feb. 19, 2013) ("While this case involves a question of first impression, it does not involve particularly novel or difficult issues."); *see also Chrysler Grp.*, 862 F. Supp. 2d at 688-89 ("while these legal questions … are issues of first impression in the Sixth Circuit, they are not difficult issues").

[24] 174 F. Supp. 2d 4, 8-9 (S.D.N.Y. 2001) (denying § 1292(b) motion).

[25] 862 F. Supp. 2d at 688-89.

[26] *Id.* (denying § 1292(b) motions). *Cf. Eberline v. Douglas J. Holdings, Inc.*, No. 14-CV-10887, 2019 WL 989284, at *3 (E.D. Mich. Mar. 1, 2019) (granting § 1292(b) motion where "other courts disagree with this Court"). *See* Mot. at 9-10.

[27] No. 14-cv-13992, 2016 WL 386431, at *5 (E.D. Mich. Feb. 2, 2016) (denying § 1292(b) motion).

[28] 2006 WL 798955, at *5 (Hood, J.) (denying § 1292(b) motion).

Ford cites *Beshear Attorney General, ex rel. Commonwealth of Kentucky v. Volkswagen Grp. of Am., Inc.*, because the district court stated that the jurisdictional issue before it was "not necessarily an easy one to resolve."[29] But that is irrelevant here, because the court made only a "preliminary" assessment of federal jurisdiction on a motion to stay pending a ruling from the JPML.[30] And the court found it was "unclear at this juncture how much the claims in this case may depend more on allegations of fraud rather than on violating federal standards."[31] *Counts*, *Duramax*, *Bledsoe*, and this Court—as well as *EcoDiesel*, *In re Mercedes*, and *In re Volkswagen*—actually resolved the issue, were clear that the consumer claims depended on allegations of fraud, and agreed they were not preempted.

Ford's reliance on *Jackson v. Gen. Motors Corp.* is also misplaced.[32] First, it alleges "direct violations of EPA standards as a predicate for claims of personal injuries" and thus, as courts have recognized, is readily distinguished from the allegations here.[33] In any event, "district court cases from other circuits do not

---

[29] Mot. at 3 (citing No. 16-CV-27 GFVT, 2016 WL 3040492, at *4 (E.D. Ky. May 25, 2016)).

[30] *Beshear*, 2016 WL 3040492, at *3.

[31] *Id.* at *4.

[32] Mot. at 11 n.8 (citing 770 F. Supp. 2d 570, 577 (S.D.N.Y. 2011)).

[33] *Duramax*, 298 F. Supp. 3d at 1063.

create a difference of opinion within the Sixth Circuit."[34] And Ford cites other cases for more general propositions of law.[35]

Finally, besides the express and implied preemption arguments raised in its motion to dismiss briefing,[36] Ford contends that certification for interlocutory review is warranted because, if not impliedly preempted, plaintiffs' claims "would mandate public disclosure of proprietary, detailed, technical information concerning Auxiliary Emission Control Devices ("AECDs") that federal law expressly shields from such disclosure."[37] But plaintiffs' claims—while necessitating disclosure of the *existence* of a defeat device to avoid deceit—do not require disclosure of detailed proprietary information to the public. This is a strawman. And one Ford should have raised, if at all, in a timely motion to reconsider brought in the aftermath of the Court's ruling on the motion to dismiss.[38]

In sum, Ford fails to establish substantial grounds for difference of opinion.

---

[34] *Yanity*, 2013 WL 607827, at *3; *see also Adler v. Dell, Inc*., No. 08-CV-13170, 2009 WL 646885, at *5 (E.D. Mich. Mar. 10, 2009) ("The confusion caused by conflicting case law must lie in the home forum itself and cannot be manufactured by studying the law on a national basis.").

[35] *See, e.g.,* Mot. at 11 n.8 & 13 (citing *Morales v. Trans World Airlines, Inc*., 504 U.S. 374, 383 (1992); *Motor & Equip. Mfrs. Ass'n v. EPA*, 627 F.2d 1095, 1109 (D.C. Cir. 1979); *Silkwood v. Kerr-McGee Corp*., 464 U.S. 238, 248 (1984)).

[36] *See* ECF No. 28 at 25-27 (argument regarding implied preemption); ECF No. 42 at 13-14 (same); *cf*. ECF No. 28 at 7-8 (factual background).

[37] Mot. at 8, 14-16 (citing March 31, 2019 Order at 31).

[38] *See generally* ECF No. 98 (because argument "could have been made in their previous motions to dismiss…. the Court will review … as motions to reconsider").

**C. Immediate appeal would not materially advance the resolution of the litigation because plaintiffs' federal RICO claims would remain.**

Because plaintiffs' RICO claims would proceed to trial regardless of Ford's proposed interlocutory appeal on the state consumer fraud claims, Ford fails to meet the final criteria for certification. In *Sadlik v. Norfolk S. Ry. Co.*, the district court held that an immediate appeal would not materially advance the ultimate termination of the litigation, but would instead "likely delay resolution of the remaining claims."[39] Likewise, in *Sigma*, the district court refused to certify an issue of contract interpretation for interlocutory review when fraud and negligence claims remained.[40] The court found that the defendant had "not met its burden with regard to whether immediate appeal would materially advance the ultimate termination of the litigation," because "a trial may result on several of [the plaintiff]'s remaining claims in this action regardless of the outcome of an interlocutory appeal."[41] The same is true here.

Ford argues that courts "more freely" grant motions for interlocutory certification in "so-called 'big' cases" to potentially avoid costly discovery, motion practice, and trial.[42] But Ford's argument ignores that plaintiffs' RICO claims would be unaffected by the appeal. And this is all the more so given the same facts underlie plaintiffs' state law and RICO claims. Indeed, a case Ford cites acknowledges that a reversal there would result in dismissal of the "entire"

---

[39] No. 08-CV-12936, 2010 WL 1524129, at *3 (E.D. Mich. Apr. 15, 2010) (denying § 1292(b) motion).

[40] 200 F. Supp. 2d at 724.

[41] *Id.*; *see also Thermoanalytics*, 2016 WL 386431, at *5.

[42] Mot. at 17.

litigation—"[u]nlike other complex consolidated cases, in which a reversal of an order might result in only a partial dismissal of the overall litigation."[43] Similarly, the other case on which Ford relies (*Cerjanec*) found that reversal of the ADEA *collective action* would ultimately narrow the case "down to a few *individual* ADEA claims," which would "certainly affect" the "scope of the discovery."[44]

Lastly, Ford's argument that "federalism concerns" justify immediate review is misguided in two ways.[45] First, there are no such concerns here for the reasons this Court (and the others addressing it) have articulated: plaintiffs "do not seek to set or enforce any emissions standards or obligations."[46]

Second, a party might invoke a federalism concern in an attempt to establish "exceptional circumstances," but Ford cannot even satisfy the basic requirements for § 1292(b) certification here.

## III. CONCLUSION

There is no ground (much less a substantial one) for differences of opinion amidst the uniform consensus from courts that have evaluated the preemption issues in emissions litigation. Nor can Ford demonstrate that an appeal would advance the litigation, where the RICO claim will proceed regardless. Ford's motion should be denied.

---

[43] *In re Lloyd's Am. Tr. Fund Litig.*, No. 96-CV-1262 (RWS), 1997 WL 458739, at *5 (S.D.N.Y. Aug. 12, 1997). *See* Mot. at 17.

[44] *Cerjanec v. FCA US. LLC*, No. 17-CV-10319, 2018 WL 7152556, at * 2 (E.D. Mich. Sept. 4, 2018). *See* Mot. at 17.

[45] Mot. at 17.

[46] *Gamboa*, 381 F. Supp. 3d at 870 (citing *Counts*, 237 F. Supp. 3d at 591; *Duramax*, 298 F. Supp. 3d at 1062).

Dated: October 8, 2019

Respectfully submitted,

By: */s/ Steve W. Berman*
Steve W. Berman

E. Powell Miller
Sharon S. Almonrode
THE MILLER LAW FIRM PC
950 W. University Dr., Ste. 300
Rochester, MI 48307
Telephone: (248) 841-2200
Email: epm@millerlawpc.com
Email: ssa@millerlawpc.com

James E. Cecchi
CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
Email: JCecchi@carellabyrne.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Email: steve@hbsslaw.com

David S. Stellings
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Email: dstellings@lchb.com

*Plaintiffs' Interim Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2019, I electronically filed the foregoing document using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

*/s/ Steve W. Berman*
Steve W. Berman