UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEN GAMBOA, et al.,

    Plaintiffs,                      CASE NO. 18-10106
v.                                    HONORABLE DENISE PAGE HOOD

FORD MOTOR COMPANY, *et al.*,

    Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION [#146]

### I.    BACKGROUND

This matter is before the Court on Defendant Bosch GmbH's ("Bosch GmbH") objection [ECF No. 146] to Magistrate Judge Elizabeth A. Stafford's Order, [ECF No. 135] which granted in part and denied in part Bosch GmbH's Motion for Reconsideration of Magistrate Judge Stafford's October 25, 2019 Order. [ECF No. 127]

On August 30, 2019, Plaintiffs filed a motion for leave to serve Defendant Bosch GmbH. [ECF No. 100] That Motion requested that the court allow Plaintiffs to serve Bosch GmbH through their U.S. attorneys at Clearly Gottlieb, or by email. Alternatively, Plaintiffs asked for ninety days to attempt service under the Hague

1

Service Convention. On October 25, 2019, Magistrate Judge Stafford entered an Order granting alternative means of service under Rule 4(f)(3) and authorized Plaintiffs to serve Bosch GmBH via the email address, kontakt@bosch.de. [ECF No. 127] The October 25, 2019 Order also required that a courtesy copy be served on Cleary Gottlieb. [*Id.*] On October 28, 2019, Plaintiffs sent an email with a link to copies of the summons and complaint to the incorrect email address, kontak@bosch.de, and subsequently sent the summons and complaint to the correct email address. [ECF No. 146, Pg.ID 7190] After Bosch GmbH objected to being served via a hyperlink, Plaintiffs then sent an email with an attachment of the complaint and summons. [*Id.*]

On November 8, 2019, Bosch GmbH filed a Motion for Reconsideration of the October 25, 2019 Order allowing service of process. [ECF No. 132] Although Magistrate Judge Stafford partially denied the Motion and allowed the service of process to stand, Magistrate Judge Stafford also granted it in part. The portion of the Order that was granted modified the Order to require Plaintiffs to serve Bosch GmbH through Cleary Gottlieb. [ECF No. 135]

Bosch GmbH now claims that Magistrate Judge Stafford's previous orders have not complied with the Hague Convention. Bosch GmbH requests that this Court grant Plaintiffs the necessary time to attempt to serve Bosch GmbH under the Hague Convention.

## II. LEGAL ANALYSIS

### A. Standard of Review

A district court will only reverse a Magistrate Judge's decision on a pretrial, non-dispositive motion if the ruling is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). Factual findings are reviewed under the "clearly erroneous" standard, and legal conclusions are reviewed under the "contrary to law" standard. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D.Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. Mar.14, 1994).

"Clearly erroneous" does not mean a reviewing court may reverse a magistrate judge's finding simply because it would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Rather, the "clearly erroneous" standard is met when despite the presence of evidence to support a finding, the court, upon reviewing the entire record, "is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). If two permissible views exist, the reviewing court cannot find a decision to be "clearly erroneous." *See id.* (citations omitted); *see also United States v. Dillard*, 438 F.3d 675, 681 (6th Cir. 2006).

The district court reviews a magistrate judge's legal conclusions under the "contrary to law" standard. *Visteon Global Techs.*, 903 F. Supp. 2d at 524-25

3

(citations omitted). "A legal conclusion is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Robinson v. Allstate Ins. Co.*, No. 09-10341, 2011 WL 3111947, at *2 (E.D. Mich. July 26, 2011) (Roberts, J.) (citation omitted). The Court exercises independent judgment when reviewing a magistrate judge's legal conclusions. *Id.*

This matter involves Bosch GmbH's Objection to Magistrate Stafford's Order Granting in Part and Denying in Part, Bosch GmbH's Motion for Reconsideration. That decision involved Magistrate Judge Stafford's Order allowing alternate service of process under Federal Rule of Civil Procedure 4(f)(3). As Plaintiffs note, Bosch GmbH has only timely objected to Magistrate Judge Stafford's October 25, 2019 Order regarding Bosch GmbH's Motion for Reconsideration and not the Order allowing original service of process. Accordingly, Bosch GmbH must show that the order it is objecting to relied on a "palpable defect." L.R. 7.1(h).

After reviewing Magistrate Judge Stafford's legal conclusions, the Court finds that the October 25, 2019 Order did not contain misapplications of relevant law that would satisfy the "contrary to law" standard necessary to establish a "palpable defect."

## B. Rule 4 and the Hague Convention

Bosch GmbH argues that Magistrate Judge Stafford's Order was (1) clearly erroneous because it did not comply with the Hague Convention, and (2) service under the Hague Convention would not have been futile.

The proper starting point for the Court's analysis is Federal Rule of Civil Procedure 4(h)(2), which provides that service upon a foreign corporation "at a place not within any judicial district of the United States" may be completed in any manner prescribed under Rule 4(f). Fed. R. Civ. P. 4(h)(2). Rule 4(f) sets forth the proper manner of service upon individuals in a foreign country, and in pertinent part provides:

> Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

Fed. R. Civ. P. 4(f)(1). The Hague Convention is a multilateral treaty "intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." *Volkswagenwerk Aktiensgesell-Schaft v. Schlunk*, 486 U.S. 694, 698 (1988). As both the United States and Germany are among the many

nations that have ratified or acceded to the Convention, it governs the instant dispute. *See, e.g.*, *Rhodes v. J.P. Sauer & Sohn, Inc.*, 98 F. Supp. 2d 746, 748 (W.D. La. 2000) ("The Hague Convention is a multilateral treaty signed by both the United States and Germany . . . .").

"The primary innovation of the Convention is that it requires each state to establish a central authority to receive requests for service of documents from other countries." *Schlunk*, 486 U.S. at 698-99 (citing 20 U.S.T. 362, T.I.A.S. 6638, Art. 2). Once this central authority receives a service request, Article 5 of the Convention directs the central authority to "itself serve the document or shall arrange to have it served by an appropriate agency." 20 U.S.T. 362, T.I.A.S. 6638, Art. 5. Here, Germany has formally designated the Freiburg State Ministry of Justice to serve as its central authority for Freiburg, where Bosch GmbH's office is located. Under Article 21 of the Hague Convention, each signatory nation may retain or reject certain general provisions and enact specific requirements for valid service within that country. 20 U.S.T. 362, Art. 21.

In the past, the Freiburg court has formally noted that it will not permit Hague Convention Service when a case involves a U.S. complaint that contains claims subject to split-recovery statutes. *See* Letter from Dr. Linde-Rudolf, Vice-Pres. of the District Court, to District Court of Freiburg to the U.S. Dist. Court of NJ. (May 16, 2017) [ECF No. 152-2, Pg.ID 7410] (Exhibit 1C) ("[Hague

6

Convention] service of judicial and extrajudicial documents abroad in civil and commercial cases has to be rejected.").

Based on the aforementioned requirements, the Court finds that Plaintiffs attempts at perfecting service outside of the parameters of the Hague Convention were not deficient.

### i.    Precedent Requiring Hague Convention Service

Bosch GmbH asserts that the October 25, 2019 Order is defective because it incorrectly found that "the method of service under Rule 4(f) is within a court's discretion" and based its decision on "published opinions stating that service under Federal Rule of Civil Procedure 4(f)(3) need not be the last resort." [ECF No. 135, Pg.ID 5912] Bosch GmbH argues that Magistrate Judge Stafford's reasoning failed to address relevant Supreme Court precedent, which requires that the Hague Convention "pre-empt[] inconsistent methods of service' wherever it applies." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1507 (2017). Bosch GmbH contends that "compliance with the Convention is mandatory in all cases to which it applies." *Schlunk*, 486 U.S. at 705.

Citing this Court's prior ruling in *Plastic Molded*, Bosch GmbH argues that Germany has mandated Hague Convention compliance through its establishment of a central authority to administer Hague Convention issues. *Plastic Molded Technologies, Inc. v. Bayerische Motoren Werke Aktiengesellschaft*, No. 08-

7

cv14276, 2009 WL 10680593 (E.D. Mich. May 19, 2009); *see also Dreyer v. Exel Industries, Inc.*, No. 05-10285-BC, 2007 WL 1584205 (E.D. Mich. May 31, 2007) (explaining that the plaintiff was required to attempt service of process on the French defendant pursuant to the Hague Convention).

Bosch GmbH contends that the October 25, 2019 Order did not adhere to principles of international comity and incorrectly considered the "cost of translating [a] long complaint into German." [ECF No. 127, Pg.ID 5556] Bosch GmbH argues that Plaintiffs have already had to translate their *Duramax* Complaint into German, and since the instant case is similar, translating the instant Complaint would be simple. Plaintiffs counter that it is not as simple as Bosch GmbH asserts, and Plaintiffs have already paid $50,000 to translate the *Duramax* Complaint, which was $20,000 more expensive than originally estimated. [ECF No. 152, Pg.ID 7388]

Bosch GmbH further argues that this district has previously expressed a preference that "Rule 4(f)'s preferred method of service is service pursuant to an internationally agreed means, such as those authorized by the Hague Convention." *Global Lift Corp. v. Hiwin Corp.*, No. 14-cv-12200, 2014 WL 4536743, at *2 (E.D. Mich. Sept. 11, 2014). Bosch GmbH then indicates that the Court, in *In re Duramax*, rejected a "virtually identical" motion for alternative service, because the plaintiffs had not attempted service under the Hague Convention. *In re*

8

*Duramax Diesel Litigation*, No. 17-11661-TLL-PTM (E.D. Mich. Aug. 30, 2019), dkt entry #115 ("*Duramax*"); *see also In re Auto. Parts Antitrust Litigation*, No. 16-cv-04003, 2017 WL 10808851 (E.D. Mich. Nov. 2, 2017) (same); *see also C & F Sys., LLC v. Limpimax, S.A.*, No. 1:09-cv-858, 2010 WL 65200, at *2 (W.D. Mich. Jan. 6, 2010) ("[E]ven if other methods of obtaining service of process are technically allowed, principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant.").

Plaintiffs counter that they need not attempt to serve Bosch GmbH because the Hague Convention does not apply. Plaintiffs assert that it does not matter that they have not previously attempted service under the Hague Convention when service is "untried but likely futile." *Limpimax, S.A.*, 2010 WL 65200, at *2. Plaintiffs also assert that Bosch GmbH has actively participated in the litigation up to this point and that granting their requested relief would unnecessarily delay litigation.

The Court is cognizant of Bosch GmbH's arguments, which assert that following Magistrate Judge Stafford's ruling would contradict various other decisions in this district. Although the Court finds that Magistrate Judge Stafford's ruling is different than other intradistrict cases dealing with similar issues, it is not contrary to law if it correctly determined that Hague Convention Service would be

futile. While other courts have previously required parties to first attempt to comply with the Hague Convention, that is not required if Plaintiffs can show that such a process would be futile. Here, Magistrate Judge Stafford's finding that requiring service of process via the Hague Convention would be futile was supported and not contrary to law.

### ii.     The Futility of Hague Convention Service

After finding that alternative forms of process may satisfy with due process if complying with the Hague Convention would be futile, the Court must now determine whether Magistrate Judge Stafford's decision that Plaintiffs' compliance with the Hague Convention would have been futile was contrary to law. Plaintiffs must show that "the court's intervention will avoid further burdensome or futile attempts at service." *United States v. Alphatec Spine, Inc.*, 2016 WL 1182260, at *2 (S.D. Ohio Mar. 28, 2016) (citations omitted).

Bosch GmbH argues that the October 25, 2019 Order's finding that service under the Hague Convention would have been futile is clearly erroneous. Bosch GmbH contends that the Magistrate Judge's Order incorrectly relied on Plaintiffs' understanding of German law, which was erroneous.

To understand both parties' arguments, the Court must first review the definition of "split-recovery statutes." Split-recovery claims are claims where punitive damages may "split" between the private plaintiffs and the state. *See* Scott

Dodson, *Assessing the Practicality and Constitutionality of Alaska's Split-Recovery Punitive Damages Statute*, 49 Duke L.J. 1335, 1337 (2000) ("Split-recovery statutes attempt to reduce some of the plaintiff's windfall by allocating part of the punitive award to the state.").

Plaintiffs claim that in recent years, German courts have consistently determined that Hague Convention Service does not apply to U.S complaints that include "split-recovery" claims. Bosch GmbH counters that this argument misapplies German law. To support this argument, Bosch GmbH submitted a declaration from Professor Gerhard Wagner. Professor Wagner explains that punitive damages claims are classified as civil in nature, even when a part of the recovery is shared with the state. [ECF No. 146-3, Pg.ID 7208] (Exhibit B) ("Wagner Decl.") Bosch GmbH contends that Plaintiffs' claims are actually classified as civil claims under German law, regardless of whether the entirety of the award goes to the plaintiff or is shared with the government. Bosch GmbH cites to a German court opinion, which involved a California statute that allowed the state to keep 75% of all punitive damages. *See* Oberlandesgericht Düsseldorf [OLG Düsseldorf] [Higher Regional Court] Apr. 21, 2006, Rechtsprechung der Oberlandesgerichte Report [OLGR] 777, 2006 (Ger.), ECF No. 132-10 at ¶¶ 14, 28 ("OLG Düsseldorf Opinion"). Because the damages also involved private parties, the court determined that Hague Convention Service was appropriate. *See* OLG

11

Düsseldorf Opinion. That decision explained that Hague Convention Service was appropriate because the claim involved "a civil claim for payment" and the damages "constitute[d] a special kind of compensation between individuals." Wagner Decl. ¶ 18 (quoting OLG Düsseldorf Opinion). Since the instant case involves similar claims, Bosch GmbH claims Plaintiffs' claims do not lose their "special" character under German law simply because a portion of the recovery must be shared with the government.

In response, Plaintiffs assert that the OLG Düsseldorf Opinion does not actually discuss whether German law permits Hague Convention Service of split-recovery claims and that the OLG Düsseldorf Opinion pre-dates more recent German court decisions, such as the Freiburg Court letter. Plaintiffs also contend that the Freiburg Court Letter is more persuasive than the OLG Düsseldorf Opinion because the Freiburg court is the actual German authority that would oversee and determine whether to accept Hague Convention Service, which the Freiburg court previously rejected in a similar U.S automobile diesel case.

The instant Motion does not require the Court to determine the correct interpretation of German law, nor does the instant matter require Plaintiffs to go to German court prior to serving a German party and determine the correct interpretation of split-recovery statutes under German law. *See In re Takata*, 2017 WL 8809362 (S. D. Fla. Mar. 24, 2017), at *6, *report and recommendation*

*adopted*, 2017 WL 8809106 (S.D. Fla. Apr. 27, 2017) ("Nothing in the [HSC], as ratified in Germany, or in the text of Rule 4(f)(3), suggests that Plaintiffs are required to exhaust all available appeals in Germany before pursuing alternate methods of service . . . .").

Bosch GmbH asserts that "there is *no doubt* that the claims invoked in the Gamboa Class Action Complaint must be classified as civil remedies for purposes of the Hague Service Convention." [ECF No. 146-3, Pg.ID 7212] (emphasis added). The Court finds that this is untrue as evidenced by Magistrate Judge Stafford's conclusions and Plaintiffs' citation to the Freiburg Court's letter, which directly contradict Bosch GmbH and Professor Wagner's assertions.

The only issue before the Court is whether Magistrate Judge Stafford's decision was contrary to law. Given the competing interpretations between the Freiburg court letter and the OLG Düsseldorf Opinion, the Court finds that Magistrate Judge Stafford did not incorrectly determine that complying with the Hague Convention would have been futile. The Court also notes that "[t]he purpose of objections to a report and recommendation is to focus the attention of the district court on possible errors of law or fact contained in the report, not to present new evidence and arguments that were not presented to the magistrate [judge] in the first instance," and the Wagner Declaration should have been included in Bosch GmbH's original briefs arguing against service of process. *Jones*

13

*v. Snyder*, 2008 WL 786023, at *1 (W.D. Mich. Mar. 20, 2008) (explaining that allowing new materials in objection to a magistrate judge's opinion would result in "piecemeal presentation of evidence and unnecessary waste of judicial resources" and "gamesmanship, such as where a party strategically withholds certain evidence from the magistrate judge but presents it to the district court after an unfavorable ruling") (citation omitted).

The Court finds that Magistrate Judge Stafford's futility determination was not contrary to law. After reviewing the German court's decisions in similar cases, Magistrate Judge Stafford appropriately considered Plaintiffs' argument about split-recovery damages. Those cases explained that the German courts would not mandate service of process under the Hague Convention if the case involved split-recovery damages. Relying on those cases, Magistrate Judge Stafford found that the Freiburg Court would not mandate service of process via the Hague Convention because the instant case involves split-recovery damages.

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Bosch GmbH's Objection [ECF No. 146] to Magistrate Judge Stafford's Order, which granted in part and denied in part Bosch GmbH's Motion for Reconsideration is **DENIED**.

|  |  |
|---|---|
| DATED: November 30, 2020 | s/Denise Page Hood<br>United States District Judge |