UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEN GAMBOA, *et al.*,

    Plaintiffs,

v.

FORD MOTOR COMPANY,
ROBERT BOSCH GMBH,
ROBERT BOSCH LLC,

    Defendants.

_____/

CASE NO. 18-10106
HONORABLE DENISE PAGE HOOD

**<u>ORDER DENYING MOTION FOR RECONSIDERATION [#106] and DENYING MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL [#111]</u>**

**I.     MOTION FOR RECONSIDERATION**

This matter is before the Court on Defendants Ford Motor Company, Robert Bosch GmbH, and Robert Bosch, LLC (collectively "Defendants") Motion for Reconsideration of this Court's August 27, 2019 Order denying Defendants' Motion to Dismiss. [ECF No. 106]

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order.  E.D. Mich. LR 7.1(h)(1).  No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise.

1

E.D. Mich. LR 7.1(h)(2). Defendants' motion is timely filed. The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998) (motions under Fed. R. Civ. P. 59(e) "are aimed at *re* consideration, not initial consideration") (quoting *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)). A "palpable defect" is a defect that is obvious, clear, unmistakable, manifest or plain. *United States v. Lockett,* 328 F.Supp.2d 682, 684 (E.D. Mich. 2004). A motion for reconsideration that presents "the same issues already ruled upon by the court, either expressly or by reasonable implication" will not be granted. *Czajkowski v. Tindall & Assoc.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997);

E.D. Mich. LR 7.1(h)(3).  A court need not address every case cited by a party.  See *Alley v. Bell,* 101 F. Supp. 2d 588, 671-72 (W.D. Tenn. 2000).

Defendants' Motion for Reconsideration is another attempt to reassert arguments that this Court already ruled on in its March 31, 2019 Order denying Defendants' Motion to Dismiss. [ECF No. 69] Defendants primarily argue that the Court's decision to construe their Motion to Dismiss the Consolidated Complaint as a Motion for Reconsideration was "palpable error" and a violation of their due process rights. Defendants further assert that construing their Motion to Dismiss as a Motion for Reconsideration prevented Defendants from receiving a ruling on the merits and preserving issues for appeal.

The Court is unconvinced with Defendants' arguments. First, courts have wide latitude to rule on the substance of motions regardless of how parties title them. *See, e.g.*, *Chopra v. Physicians Med. Ctr.*, LLC, No. 16-13915, 2018 WL 4111885, at *1 (E.D. Mich. Aug. 29, 2018) (deciding that the defendant's motion was a motion to reconsider despite defendants' attempt to "cast their motion as a Motion to Dismiss"). Second, this Court disagrees with Defendants use of *In re Refrigerant Compressors Antitrust Litigation.*, 731 F.3d 586 (6th Cir. 2013). The Court's March 31, 2019 Order explained how *In re Refrigerant* differs from the instant case. *See Gamboa v.*

3

*Defendants Motor Co.*, No. 18-10106, 2019 WL 4039979, at *4 n.7) (E.D. Mich. Aug. 27, 2019) ("[T]he *In re Refrigerant Compressors Antitrust Litig.* court decided the finality and appealability of claims from a non-final order while this case involves analyzing whether the Court is required to rule on objections to claims that were already acknowledged and dismissed.").

Defendants also argue that they should have had an opportunity to respond to Plaintiffs' Consolidated Complaint to receive proper due process and preserve issues for appeal. Defendants contend[1] that amended complaints supersede original pleadings and "any subsequent motion[s] made by an opposing party should be directed at the amended pleading." *See Clark v. Johnston*, 413 F. App'x 804, 811 (6th Cir. 2011). However, Defendants failed to cite *Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601 (6th Cir. 2014), a more recent Sixth Circuit opinion that distinguishes *Johnston*. *Hayward* opined that when the district court dismisses arguments on the merits, it would be "illogical" to deny parties the opportunity to appeal claims "simply because they failed to include them in subsequent pleadings." *Hayward* reasoned that repeating claims are inefficient and "attempt[s] to reallege" claims are likely futile. *Id.*; *see also Young v. City of*

---

[1] Defendants also cited an unpublished order from the Northern District of California, *In re Google Referrer Header Privacy Litig.*, No. 5:10-cv-04809-EJD, Dkt. 51, p. 5 (N.D. Cal. Apr. 30, 2013), but did not attach a copy of the order. Therefore, the Court did not consider the case.

4

*Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001). The Second Circuit also acknowledges there is "no reason to require repleading of a claim or defense" that has been denied. *See In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (holding that the defendant's failure to replead a previously rejected affirmative defense in subsequent answers did not constitute an express waiver of the defense).

Defendants had an opportunity to assert their arguments in their original Motion to Dismiss, and they have presented no new arguments, apart from Defendants' wish to preserve arguments on appeal. Defendants' Motion for Reconsideration presents the same issues already ruled upon by the Court, either expressly or by reasonable implication. The Court **DENIES** Defendants' Motion for Reconsideration.

## II. MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL

Defendants also seek an order to certify an interlocutory appeal of the federal preemption arguments they presented in their previous motions to dismiss.

The general rule is that the court of appeals may only review final orders issued by the district court under 28 U.S.C. § 1291. Interlocutory appeals under § 1292(b) are an exception to the general policy against piecemeal appellate review set forth in § 1291. Section 1292(b) is to be used

sparingly. *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993). The express language of 28 U.S.C. § 1292(b) requires that the district court must find that an order involves a controlling question of law about which there is substantial ground for difference of opinion and that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Sixth Circuit has set forth four elements to establish certification: (1) the question involved must be one of "law", (2) it must be "controlling", (3) there must be substantial ground for "difference of opinion" about it, and, (4) an immediate appeal must materially advance the ultimate termination of the litigation. *Vitols,* 984 F.2d at 170. A "substantial ground" exists when: (1) the issue is difficult and of first impression, (2) a difference of opinion exists within the controlling circuit, or (3) the circuits are split on the issue. *West Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis,* 188 F.Supp.2d 1015, 1019 (W.D. Tenn. 2000).

As to the first two elements, the Court agrees that the question involved is purely one of "controlling law." And Defendants' Motion to Certify Order for Interlocutory Appeal would "materially affect the outcome of litigation." *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 n.8

(6th Cir. 1992). A finding in favor of a party's motion to dismiss based on preemption would materially affect the outcome of the case. *Id.*

Regarding the third element, the Court finds that any "difference of opinion" is not substantial and can be raised in a later appeal from this Court's final order. Defendants conflate traditional preemption law to characterize their argument as one in which minds may differ. Defendants' claims rehash previous assertions already made in previous motions to dismiss with no new legal arguments.

This Court agrees with two other courts in this district that have also found that suits against automobile manufacturers based on state consumer fraud laws are not preempted by the Clean Air Act. *See In Re Duramax Diesel Litig.*, 298 F. Supp. 3d 1037 (E.D. Mich. 2018); *Counts v. Gen. Motors, LLC*, 237 F. Supp. 3d 572 (E.D. Mich. 2017) ("*Counts I*"). This Court addressed both cases in its March 31, 2019 Order, agreeing that Plaintiffs' claims in these types of suits focus on compliance deception, rather than enforcing federal EPA compliance standards.

Defendants have failed to cite a supporting case about the Clean Air Act and consumer fraud to support their argument. And two of Defendants' main cases, *San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon*, 359 U.S. 236, 247 (1959) and *Wisconsin Department of*

7

*Industry, Labor & Human Relations v. Gould Inc.*, 475 U.S. 282 (1986), focus on labor law and state-law preemption. Defendants cite labor cases to establish that state laws imposing additional state remedies should be preempted. This Court finds Defendants' cited cases unpersuasive because the remedies that Plaintiffs seek are based on consumer fraud law and not "additional" state environmental remedies.

Next, Defendants attempt to frame federal disclosure requirements as essential to protecting their proprietary information to circumvent consumer expectations. First, this Court is not convinced that simply disclosing the presence of a "defeat device" runs afoul of congressional intent. *See Roce v. Norman Williams Co.*, 458 U.S. 654, 659 (1982) (finding that "hypothetical or potential conflict[s]" do not satisfy preemption arguments). And second, this Court stands by its original finding that disclosing a "defeat device" to comply with consumer expectations or to combat misrepresentation would not preempt congressional intent because the reason for disclosure is connected to consumer expectations regarding technology in their vehicle and not EPA emissions.

This Court is also persuaded by *Counts v. Gen. Motors, LLC*, No. 16-CV-12541, WL 1406938, at *3-4 (E.D. Mich. Apr. 20, 2017) ("*Counts II*"). *Counts II* explained that although it would be relevant to the plaintiffs'

8

claims to prove that the vehicles they bought contained defeat devices as defined by federal law, they could prevail without demonstrating that GM did not comply with EPA regulations because they were attempting to hold GM liable for concealing material facts, specifically the non-functionality of certain technology within the vehicles. *Id.* at 4. If Defendants' argument is to be accepted, "consumers would be unable to hold vehicle manufacturers liable for any intentionally defective technology, if the technology also impacted or concealed the vehicle's emissions levels." *Id.*

Finally, the Court finds that an immediate appeal would materially advance the litigation regarding Plaintiffs' state-law claims. However, as Plaintiffs assert, an immediate appeal would not resolve Plaintiffs' RICO claims and may unnecessarily delay litigation. Defendants have not met the elements required to file an interlocutory appeal in this case.

## III. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED that Defendants' Motion for Reconsideration [ECF No. 106, filed 09/10/2019] is **DENIED.**

Accordingly,

IT IS FURTHER ORDERED that Defendants' Motion to Certify Order for Interlocutory Appeal [ECF No. 111, filed 09/24/2019] is **DENIED.**

                                                 s/Denise Page Hood
                                                 United States District Judge

DATED: November 30, 2020