UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LEN GAMBOA, *et al.*, | Civil Action No.: 18-10106 |
| | Honorable Denise Page Hood |
| Plaintiffs, | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| FORD MOTOR COMPANY, *et al.*, | |
| Defendants. | |

_____/

**REPORT AND RECOMMENDATION TO DISMISS SOME
<u>PLAINTIFFS WITH PREJUDICE</u>**

**I.   Introduction**

In May 2021, Defendant Robert Bosch LLC moved to compel Plaintiffs Jeffrey Martin, James Ruston, William Sparks, Brian Urban, and Michael Wilson (the "outstanding discovery plaintiffs") to answer discovery requests that were served in early 2020. ECF No. 248. The Honorable Denise Page Hood referred the motion to the undersigned for a hearing and determination under 28 U.S.C. § 636(b)(1)(A). ECF No. 250.

In response to the motion, plaintiffs' counsel stated that, despite their diligent efforts to reach the outstanding discovery plaintiffs, they lost all contact with Martin, Ruston, Sparks, and Wilson and had only limited

contact with Urban. ECF No. 251. Plaintiffs asked for 30 days to determine whether they could reach the outstanding discovery plaintiffs; if they could not reach them, plaintiffs' counsel would move to withdraw. *Id.* The Court found that allowing plaintiffs' counsel to withdraw would be an inadequate solution and ordered the outstanding discovery plaintiffs to show cause why they should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). ECF No. 252.

In response to the show cause order, plaintiffs said that Urban wished to withdraw from the case and that they could not reach the other outstanding discovery plaintiffs. ECF No. 256. Plaintiffs agreed that the outstanding discovery plaintiffs should be dismissed from the case. *Id.* Bosch then moved for leave to file a response, which the Court granted. ECF No. 258; ECF No. 259. In its response, Bosch requested that the Court order the outstanding discovery plaintiffs to answer the discovery requests before they are dismissed. ECF No. 258. Plaintiffs object to this request. ECF No. 266.

For the reasons below, the Court has denied as moot Bosch's motion to compel and recommends that the outstanding discovery plaintiffs be dismissed with prejudice under Rule 41(b).

## II.   Analysis

Bosch asserts that dismissing the outstanding discovery plaintiffs without first requiring discovery production would cause it prejudice and may "create an atypical sampling of the putative class, thereby making it more difficult to show that individual issues predominate over common ones." ECF No. 258, PageID.12980, 12987 (quoting *In re Duramax Diesel Litig.*, No. 17-1161, 2020 WL 5596096, at *4 (E.D. Mich. Sept. 18, 2020)). According to Bosch, the outstanding discovery plaintiffs represent a "large percentage of Plaintiffs" and dismissal without discovery "would not fully cure the prejudice to Bosch." *Id.*, PageID.12987-12989.

Bosch made this argument before, but Chief Judge Hood rejected it in a December 2020 order dismissing three other plaintiffs without prejudice. ECF No. 219. She reasoned in part that "the case is in initial pleading stages and little to no preparations have begun to prepare for trial. No depositions have been scheduled and discovery is in its initial stages." *Id.*, PageID.218. Judge Hood also contrasted this case to *Counts v. General Motors*, in which "'at least half of the proffered class representatives' sought withdrawal. Here, 24 class representatives would remain." *Id.*, PageID.219 (citing *Counts v. General Motors LLC*, Case No. 1:16-cv-12541-TLL-PTM (E.D. Mich. Mar. 12, 2019)); *see also In re*

3

*Duramax Diesel Litig.*, No. 17-11661, 2020 WL 1685462, at *3 (E.D. Mich. Apr. 7, 2020) (requiring plaintiffs to produce discovery before being dismissed because they were "nearly half" of the plaintiffs representing the putative class).

The reasoning of Judge Hood's prior order denying Bosch's request to compel discovery before plaintiffs are dismissed applies equally now. In June 2021, when Bosch requested that the Court order the outstanding discovery plaintiffs to answer discovery, the parties were still negotiating a protocol for the plaintiffs' depositions. ECF No. 282-2, PageID.12994. The parties have still not begun to prepare for trial; a scheduling order has not yet been finalized. ECF No. 266, PageID.265-266; ECF No. 268. And 19 class representatives—well over half of the original class representatives—would remain in the case.

This case is also distinguishable from *Counts* because the plaintiff seeking dismissal did "not seek to end all involvement with this litigation," but instead wanted "to be dismissed as a class representative without prejudice," and both "preserve the right to reassert an individual action" and "potentially benefit from a class-wide resolution of the case." 16-cv-12541, ECF No. 151, PageID.12574. Here, plaintiffs' counsel does not appear to object to the outstanding discovery plaintiffs being dismissed with

4

prejudice.  See ECF No. 266, PageID.13137 (arguing, "If the Outstanding Discovery Plaintiffs are dismissed with prejudice, then they will no longer have any live claims, let alone be members of the class, and any discovery from them would not be relevant to the claims and defenses in this case.").

In her December 2020 order, Judge Hood denied Bosch's request that the plaintiffs be dismissed with prejudice.  ECF No. 219.  But as noted, plaintiffs' counsel does not appear to object to the outstanding discovery plaintiffs' being dismissed with prejudice.  And dismissal with prejudice is warranted now because the outstanding discovery plaintiffs have abandoned the case.  Morley v. Comm'r of Soc. Sec., No. 12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013) (Rule 41(b) dismissal with prejudice appropriate when plaintiff has abandoned case).

### III.   Conclusion

The Court **RECOMMENDS** that Plaintiffs Jeffrey Martin, James Ruston, William Sparks, Brian Urban, and Michael Wilson be **DISMISSED WITH PREJUDICE** for failure to prosecute.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: October 7, 2021

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 7, 2021.

                                       s/Marlena Williams
                                       MARLENA WILLIAMS
                                       Case Manager